USDC SCAN INDEX SHEET















LMH    2/7/05    10:48

3:02-CV-00870    PEREGRINE SYS INC V.

*600*

*O.*

FILED

05 FEB -4 PM 3:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PEREGRINE SYSTEMS, INC.,<br>SECURITIES LITIGATION | CASE NO. 02CV870-BEN (RBB)<br><br>**ORDER: (1) MAINTAINING REPORT UNDER SEAL; AND (2) DENYING MOTION TO INTERVENE AND MOTION TO RECONSIDER COURT'S ORDER AS MOOT (Docket Nos. 434 and 502 (1-3))** |

## I.

## <u>INTRODUCTION.</u>

This consolidated class action arises from alleged accounting improprieties at Peregrine Systems, Inc. and Peregrine Remedy, Inc. (collectively "Peregrine") between July 22, 1999 and May 3, 2002. Peregrine ultimately restated its financial results for the fiscal years 2000 and 2001, and the first three (3) reporting quarters of fiscal year 2002. In the restatements, Peregrine admitted to improperly recognizing over $500 million in revenue. Plaintiffs now seek damages based on the dramatic fall of Peregrine's stock following Peregrine's public restatement.

Peregrine is not a party to this action, but has moved to strike and /or limit disclosure of the "Latham Report."[1] Specifically, Peregrine originally moved <u>ex parte</u> for an order "(1)

---

[1] The "Latham Report" will be described more fully in Section II, <u>infra</u>.



02cv870-BEN (RBB)

temporarily enjoining Defendant John J. Moores ("Moores")[2] from filing any portion of the Latham Report other than those to which Peregrine has consented" in support of his motion to dismiss; "(2) . . . enjoining Moores from publicly filing the Latham Report in connection with this litigation, other than portions that Peregrine has agreed may be disclosed; and (3) requiring that any portion of the Latham Report must be placed under seal and subject to protective order prohibiting further disclosure, and that the materials so filed may be unsealed only upon a showing by Moores that they are admissible, unavailable from another source, and that any affected third party has received notice and an opportunity to object." (Notice of Ex Parte Application at 2:1-11.)

The Court partially ruled on the ex parte, denying Peregrine's request to enjoin Moores from filing the Latham Report altogether. The Court found that Peregrine is "not [a] party to this action . . . hence . . . unable to satisfy the standard necessary to warrant injunctive relief" and that "injunctive relief [was] unnecessary because the issue [could] be resolved with the adjudication of" whether the Latham Report should be under seal. (Order dated June 15, 2004 at 2:3-9.) The Court, however, ordered "that the Latham Report be temporarily sealed for the period of time necessary to resolve the application before the Court." (Order dated June 15, 2004 at 2:16-18.) The Court then ordered full-briefing on Peregrine's ex parte application. "After the full-briefing on the issue, the Court was to determine whether the Report, in its entirety or in part, should remain under seal." (Oder dated July 8, 2004 at 2:10-11.)

Immediately after full-briefing on the ex parte application, Peregrine moved to: (1) "intervene . . . for the limited purpose of seeking to prevent the publication" of the Latham Report; (2) strike the Latham Report from Moores' motion to dismiss Plaintiffs' First Amended Consolidated Complaint; and (3) for reconsideration of that portion of the Court's June 15, 2004 Order denying Peregrine's application for injunctive relief. (Docket No. 502.) This Motion presents the same issues as Peregrine's ex parte application. As the Court stated before, "[t]he issuance of an order . . . either permanently maintaining the Latham Report under seal or striking

---

[2] Moores served as a member of Peregrine's Board of Directors from October 1989 through the May 03, 2002, and as Chairman of its Board of Directors from March 1990 until July 2000. Moores also chaired the Compensation Committee of Peregrine's Board of Directors. Moores left the Peregrine Board in February 2003.

the document from the docket would provide Peregrine with the same relief sought in its request for an injunction." (Order dated July 8, 2004 at 6, n. 2.)  Moores opposes both the ex parte and Peregrine's Motion.  For the reasons that follow, the Latham Report will not be stricken, but will remain under seal.  Accordingly, Peregrine's Motion to intervene and Motion to reconsider the Court's denying it injunctive relief are denied as moot.

## II.

## FACTS.

Peregrine is a provider of "Infrastructure Management" software.  It develops and markets software that enables business customers to be more competitive by reducing infrastructure costs and increasing efficiency.  Through acquisitions, Peregrine later expanded its product menu for asset management, fleet management, facilities management, rail management and telecommunication management.

In April 2002, after learning of possible accounting and financial irregularities, the Audit Committee of Peregrine's Board of Directors commenced an internal investigation.  In that same month, Peregrine terminated Arthur Andersen LLP as Peregrine's auditors, Peregrine's then-Chief Executive Officer and Chief Financial Officer resigned, and the Audit Committee retained Latham & Watkins LLP to investigate the accounting problems.

Latham & Watkins' investigation lasted for about four months.  In that time, Latham & Watkins reviewed a massive amount of documents and interviewed close to 90 people, including Peregrine's current and former officers, directors and employees, as well as third-party witnesses.  After its investigation, Latham & Watkins issued a 237-paged report, hence the "Latham Report".  The Report contains Latham & Watkins', as well as other outside attorneys', legal analysis and advice to Peregrine.

At the direction of the Court, on June 21, 2004, Moores filed the Latham Report under seal. (Docket Nos. 450 and 451.)  On the same day, Moores moved to dismiss the First Amended Consolidated Complaint ("Complaint").  In support of his Motion, Moores refers to pages 116-123 of the Latham Report, claiming it fully exonerates him and other directors. (Mem. of P. & A. in

- 3 -

Supp. of Moores' Motion at 1, n. 1.) Only those seven pages are identified in Moores' Motion.[3] Moores asserts the Latham Report was used to prepare the Complaint, but acknowledges that the Report is neither attached to nor referenced in the Complaint. (Id. at 2:1-3.)

Peregrine acknowledges that the Complaint includes information that is contained in the Latham Report, but claims Plaintiffs do not identify the Latham Report as the source of such information. Rather, Peregrine believes, Plaintiffs had access to such information from sources other than the Latham Report. (See, Ex Parte at 8:12-16.)

Peregrine claims the Latham Report contains statements that would be harmful to potentially innocent third parties. Peregrine also asserts the Latham Report contains confidential business information, such as the identities of Peregrine's customers and reseller/partners, and detailed information regarding certain business transactions. Specifically, according to Peregrine, the Latham Report includes: (1) employee identification of Peregrine's current or former customers who worked on transactions that are or have been the subject of pending litigation or criminal indictments; (2) "culpability assessments" as to current or former Peregrine employees, some of which are critical and disparaging, including references to recommended or potential actions in personnel matters, such as letters of reprimand; (3) rumors, subjective opinions, and criticisms; and (4) other sensitive and embarrassing information.

According to Peregrine, Moores obtained a copy of the Latham Report in his capacity as a Peregrine director. Peregrine asserts that so far it has successfully guarded the confidentiality of the Latham Report. As support, Peregrine points to the Bankruptcy Court's decision to strike the Latham Report and allow only a redacted version to be submitted.

On September 22, 2002, Peregrine voluntarily filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Official Committee of Unsecured Creditors was formed on or about October 2, 2002. According to Peregrine, it then provided a number of confidential documents to the Committee,

---

[3] Peregrine does not object to the public filing of these seven pages in connection with Moores' motion to dismiss so long as "the individuals mentioned in that section (most of whom are defendants in this action) are notified of Mr. Moores' intention and given an opportunity to object." (Ex Parte Reply at 4:21-23.)

including the Latham Report. The bankruptcy court authorized the Committee to file under seal confidential documents that it obtained from Peregrine, including the Latham Report.

On December 23, 2003, Copley Press, Inc ("Copley") filed a motion to intervene and unseal the documents that had been filed under seal, including the Latham Report. See, In re Peregrine Systems, Inc., 311 B.R. 679, 683 (D.Del. 2004). The court, sua sponte, struck the Latham Report, finding it was both irrelevant and harassing:

> I have looked at the Latham Report. The Latham report I think has some contentions in it that really could be disruptive and very harmful to certain individuals who are not before this Court, may have no idea that this would be happening to them, have not had any notice that there might be some document that they don't even know about that's now filed and public record in a bankruptcy court. At best it seems to me that some of that report may very well be relevant to the motion to appoint a trustee or other matters that are pending. But that entire document is not relevant and should not have been filed without being redacted.

In re Peregrine Systems, Inc., 311 B.R. at 683. Copley then raised the matter of the Committee's pending motion in limine to determine the admissibility of the Latham Report. Copley sought access to the Latham Report, arguing that the public right of access attaches to materials offered in evidence regardless of the court's ultimate decision as to admissibility. The bankruptcy court responded:

> Oh, I agree with that, the fact that the public has the right to critique that decision, but as I said earlier, I think there are parts of this report that right now have very little to do with the motion to appoint a trustee because of the issue that may arise with respect to other individuals who are not before this Court at this time.
>
> * * * * * *
>
> Let me put in a format that I think is going to be clear. I have stricken the Latham report. I am going to return it to Mr. Bennett. When he files a motion to have its admissibility determined, I expect that I'm going to get a redacted version--or I shouldn't say redacted but I'm going to get from him the part that he expects to admit into evidence. I do not think that all of that report, and this is a preliminary view, I haven't heard any evidence yet, but from looking at the report, I do not think all [of] it is going to be relevant to the motion to appoint a trustee. So I don't think it's going to be necessary for him to submit that entire report. That's just the way I think. Now, If I'm wrong, and he submits the entire report, then he'll do it understanding that if there are privacy rights of people who are violated that he and his committee at some point in time may stand to suffer for it. That will be his burden at that point.

Id. at 684. The Bankruptcy Court's decision was later "reversed and remanded" so that it can "cause the Latham Report to be placed back into the public record, subject to the Sealing Order in the case", and the parties could have an opportunity to "justify having the Latham Report, or any

part of it, remain under seal." Id. at 692.

## III.

## THE LATHAM REPORT WILL NOT BE CONSIDERED WHEN RULING ON MOORES' MOTION TO DISMISS THE COMPLAINT.

As noted, in moving to dismiss the Complaint, Moores relies on pages 116-123 of the Latham Report, claiming it fully exonerates him and other directors. Moores further argues that he "is entitled to use the entire report in his defense, including in his motion to dismiss [the Complaint] under Rule 12(b)(6)." (Opposition at 12:6-8.) The Court disagrees.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Pelletier v. Federal Home Loan Bank of San Francisco, 968 F.2d 865, 872 (9th Cir. 1992) (Review "on a motion to dismiss is limited to the contents of the complaint."). The Court is also "required to presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party." U.S. v. LSL Biotechnologies, 379 F.3d 672, 698 (9th Cir. 2004); see also, Wright v. Oregon Metallurgical Corp., 360 F.3d 1090, 1096 (9th Cir. 2004) ("When ruling on a motion to dismiss, we accept all material allegations of a complaint and view them in the light most favorable to the plaintiff."). "Indeed, factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." Lee v. City of Los Angeles, 250 F.3d at 688.

"There are, however, two exceptions . . . ." Lee v. City of Los Angeles, 250 F.3d at 688. Incorporation by reference is one exception. See, Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998). Under that exception, "a court may consider material which is properly submitted [or attached] as part of the complaint . . . ." Id; see also, Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir.1997). "If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them." Lee v. City of Los Angeles, 250 F.3d at 688. But, "this is a narrow exception . . . . It is not intended to grant litigants license to ignore the distinction between motions to dismiss and motions for summary judgment." Levenstein v. Salafsky, 164 F.3d 345, 347 (7th Cir. 1998).

- 6 -

Then there is judicial notice; "under Fed.R.Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d at 688-89. "But a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" Id. at 689-690 (Citation omitted). For example, "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." Id. at 690.

The Latham Report can not be incorporated by reference into the Complaint. The Latham Report is not central to, or form the basis of, Plaintiffs' claims. Moreover, the Complaint does not "extensively" refer to it. Indeed, the Complaint never mentions the Latham Report, and Moores concedes as much. Nor do plaintiff's claims necessarily rely on the Latham Report. See, United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003) ("[A] document . . . may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim."); Lee v. City of Los Angeles, 250 F.3d at 688. Rather, the documents are offered as evidence that Moore did not commit securities violation. (See, Order dated July 8, 2004 at 5: 3-6: "[I]n a June 11, 2004 letter, counsel for Moores acknowledged that the purpose for filing the Latham Report is part of Moores' public relations campaign to rehabilitate his name.").

Also, considering these documents as part of the pleadings at this stage would expand the "narrow exception" and eliminate the distinction between a motion for summary judgment and a motion to dismiss. See, Levenstein v. Salafsky, 164 F.3d at 347. Put differently, relying on the Latham Report would turn the proceedings into a summary judgment motion without invoking the normal consequences. See, In re Newrok Equip. Techs., Inc. Litig.,762 F.Supp. 1359, 1369 (N.D.Cal. 1991) ("Court[s] should not . . . generate an evidentiary record and then weigh evidence . . . to dismiss [a] complaint."); Lee v. City of Los Angeles, 250 F.3d at 688-689 ("Rule 12(b)(6) expressly provides that when: matters outside the pleading are presented to and not excluded by the court, the motion **shall** be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.") (Emphasis original). Furthermore, the consideration of the Latham

Report encourages a weighing of factual disputes; a process that is improper on a motion to dismiss. See, In re Northpoint Communications Group, Inc., 221 F.Supp.2d 1090, 1095 (N.D.Cal. 2002). At this stage, the Court must resolve any ambiguities in Plaintiffs' favor. See, Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977). There is also no indication that Plaintiffs intentionally omitted the Latham Report to disguise any deficiency in their claims. See, Parrino v. FHP, Inc., 146 F.3d at 706.

Moores asserts the Latham Report was used to prepare the Complaint, citing to various paragraphs in the Complaint. (Opposition at 11:21-25.) However, as Peregrine asserts, Plaintiffs could have obtained that information from sources other than the Latham Report and there is no reason to doubt otherwise.

Similarly, the Court cannot take judicial notice of the facts asserted in the Latham Report. The Latham Report is not the type of document readily capable of judicial notice. "Courts may only take judicial notice of adjudicative facts that are not subject to reasonable dispute." United States v. Ritchie, 342 F.3d 908-09. "Facts are indisputable, and thus subject to judicial notice, only if they are either 'generally known' . . . or capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned . . . ." Id. For now, the Court will, however, take judicial notice of the existence of the Latham Report, without making any determination regarding the truth of any facts.

## IV.

## THE LATHAM REPORT WILL NOT BE STRICKEN AND WILL REMAIN UNDER SEAL.

Peregrine moves to strike the Latham Report under Fed.R.Civ.P. 12(f). Under that Rule, the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Id. "Under the express language of the rule, only pleadings are subject to motions to strike." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); see also, Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc., 209 F.R.D. 159, 161 (C.D.Cal. 2002) ("Defendants move to strike the declaration of Robert Tollison, plaintiffs' expert. At the outset, the Court notes that the present

02cv870-BEN (RBB)

Motion is not properly a motion to strike, which should be addressed to the pleadings only."); Wimberly v. Clark Controller Co., 364 F.2d 225, 227 (6th Cir.1966) (Rule 12(f) "specifically relates to matters to be stricken from pleadings but does not make provision for testing the legal sufficiency of affidavits by a motion to strike"); Dawson v. City of Kent, 682 F.Supp. 920, 922 (N.D.Ohio 1988) (Rule 12(f) "relates only to pleadings and is inapplicable to other filings"), aff'd 865 F.2d 257 (6th Cir.1988); Ernest Seidelman Corp. v. Mollison, 10 F.R.D. 426, 427 (S.D.Ohio 1950) ("Rule 12(f) is applicable only to motions to strike portions of 'pleadings.'"). But see, Mount Sinai Hospital v. Borg-Warner Corp., 527 F.Supp. 922, 926 (D.C.N.Y. 1981) ("While Federal Rule of Civil Procedure 12(f) authorizes the court on its own motion to order stricken 'any pleading' that contains 'impertinent, or scandalous matter,' the Court is of the view that it encompasses briefs, affidavits or any document submitted to the Court."). Rule 12(f), therefore, does not provide a proper basis for striking the Latham Report, which is sought to be admitted as an exhibit. To the extent Peregrine's "Motion [is] construed as an objection to evidence offered in support of" Moores' motion to dismiss the Complaint, the Court has already decided it will not consider the Latham Report in that regard. Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc., 209 F.R.D. at 161.

In any event, "[m]otions to strike are not favored and will be denied unless the allegations have no possible relation to the controversy . . . If there is any doubt whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied." Sunshine Cellular v. Vanguard Cellular Sys., 810 F.Supp. 486, 499-500 (S.D.N.Y. 1992) (citations omitted); see also, Freeman v. Alta Bates Summit Medical Center Campus, et al., 2004 WL 2326369 at *2 (N.D.Cal. 2004) (Slip Op.) ("Motions to strike are disfavored, and should not be granted unless it is clear that the matter to be stricken can have no possible bearing upon the subject matter of the litigation."); Rosales v. Citibank, Federal Sav. Bank, 133 F.Supp.2d 1177, 1180 (N.D.Cal. 2001) (Same). At this stage, it is not clear what, if any, relation the Latham Report might have to the issues presented in this case. For example, the Latham Report can be offered as evidence on a motion for summary judgment to show, or disprove, Moores' or other directors' involvement in the alleged securities fraud. At that point, the proponent of the Report must, of course, establish its admissibility and

02cv870-BEN (RBB)

specifically identify the part he or she expects to admit into evidence.

Against this backdrop, the Latham Report will remain under seal. The Court has authority to keep the Latham Report under seal. See, U.S. v. Gurolla, 333 F.3d 944, 952 (9th Cir. 2003) ("It is clear that the district court had the authority to accept Ortega's submissions under seal."); United States v. Hickey, 185 F.3d 1064 (9th Cir. 1999). The federal district courts also have authority to seal or otherwise deny public access to documents or proceedings from Rule 26(c) of the Federal Rules of Civil Procedure. Id.

At any time, any party, including the general public, may move to unseal the Latham Report, by a written motion setting forth the reasons why the Report should be unsealed. Once challenged, any decision must be construed in light of the presumption in favor of public access to the courts, for "[w]hat happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records." Union Oil Co. of California v. Leavell, 220 F.3d 562, 568 (7th Cir. 2000); see also, Brown v. Advantage Engineering, 960 F.2d 1013, 1015 (11th Cir. 1992). Thus, "even though the public may not have a right of access to a sealed document, a document filed under a blanket sealing order is still a judicial record that is at least subject to the assertion of a right of access. The public has the right to challenge the sealing of a particular document." In re Peregrine Systems, Inc., 311 B.R. at 688.

Further, although the courts recognize a common-law right of access to judicial records and documents, this right is not absolute. See, Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-98 n. 8 (1978). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Id. Examples of a court limiting access include where records contain confidential business information or could be used to promote public scandal; indeed, "courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption." Id. Congress has also enacted statutory limitations on the privilege of inspection. See, e.g., Fed.R.Civ.P. 26(c) (Authorizing protective orders to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense" in the discovery context); In re Knoxville News-Sentinel Co., Inc., 723 F.2d 470, 477-

- 10 -

78 (6th Cir. 1983) (Discussing various statutes recognizing the confidentiality of certain financial records).

## V.

## PEREGRINE'S MOTIONS TO INTERVENE AND FOR RECONSIDERATION OF THE COURT'S ORDER ARE DENIED AS MOOT.

Peregrine has moved to "intervene . . . for the limited purpose of seeking to prevent the publication" of the Latham Report. (Peregrine Notice of Motion at 2:9-10.) Peregrine's request to intervene and, for reconsideration of the Court's order denying it injunctive relief, stem from the Court's previous finding that Peregrine is "not [a] party to this action . . . hence . . . unable to satisfy the standard necessary to warrant injunctive relief." (Order dated June 15, 2004 at 2:3-4; see also, Peregrine's Notice of Motion at 3:5-10.) But, the Court also found that "injunctive relief [was] unnecessary because the issue [could] be resolved with the adjudication of" whether the Latham Report should be under seal. (Order dated June 15, 2004 at 2:4-9.) Moreover, the Court has also found that, "[t]he issuance of an order . . . either permanently maintaining the Latham Report under seal . . . would provide Peregrine with the same relief sought in its request for an injunction." (Order dated July 8, 2004 at 6, n. 2.) As explained above, the Court has ruled the Latham Report to remain under seal. Accordingly, Peregrine's Motions are denied as moot.

## VI.

## CONCLUSION.

The Court will not consider the Latham Report in ruling on Moores' pending motion to dismiss the Complaint. The Latham Report will not be stricken, but will remain under seal. Peregrine's Motions to intervene and seeking reconsideration of the Court's Order are denied as moot.

**IT IS SO ORDERED.**

DATED: _____

ROGER T. BENITEZ
United States District Judge

cc: All parties and counsel of record

- 11 -