1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 IN RE PEREGRINE SYSTEMS, INC. SECURITIES LITIGATION | Case No. 02-CV-0870-BEN (RBB) |
| 12 | **ORDER AND RULE 54(b) FINAL JUDGMENT RE DEFENDANT THOMAS G. WATROUS** |
| 13 | |
| 14 This Document Relates to: | |
| 15 ALL ACTIONS | |

16        By Stipulation and Agreement of Settlement dated as of June 21, 2006 (the

17 "Stipulation"), Lead Plaintiffs and defendant Thomas G. Watrous entered into a settlement of

18 this Class Action.  By Order dated July 31, 2006 (the "Preliminary Approval Order"), this Court

19 preliminarily approved the Settlement, certified, for settlement purposes only, the Settlement

20 Class set forth in the Stipulation, and provided for notice to the Settlement Class Members.  On

21 November 8, 2006, this Court held a final hearing to consider whether to approve the Settlement

22 under the provisions of Rule 23 of the Federal Rules of Civil Procedure.  Due and adequate

23 notice of said hearing was given to the Settlement Class Members as well as to all parties in the

24 Class Action.  The Court has considered the Stipulation, all papers filed and proceedings had

25 herein and all oral and written comments received regarding the Settlement, and has reviewed the

26 entire record in the Class Action.

27        **NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED,**

28 **ADJUDGED AND DECREED THAT:**

1.    The Court has jurisdiction over the subject matter of the Class Action, the Plaintiffs, all Settlement Class Members, and Watrous.

2.    The definitions of terms set forth in the Stipulation are adopted and incorporated herein.

3.    The Court finds that the prerequisites for a Plaintiff Settlement Class under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied as to Watrous, in that: (i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (iv) the Class Representatives have and will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby certifies this action as a class action on behalf of all Persons (including Lead Plaintiffs) who purchased or otherwise acquired Peregrine common stock from July 22, 1999 through May 3, 2002 and who were injured thereby, and two subclasses consisting of all Persons who held shares of Harbinger Corporation and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Harbinger Corporation, which was consummated on or about June 16, 2000, and who were injured thereby, and all persons who held shares of Remedy Corporation and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Remedy Corporation, which was consummated on or about August 27, 2001, and who were injured thereby. Excluded from the Settlement Class are Defendants in this Class Action, members of the immediate families (parents, siblings and children) of each of the individual Defendants, any person, firm, trust, corporation, entity in which any Defendant has a controlling interest, the officers, directors, parents, subsidiaries and affiliates of any corporate Defendant, the partners and principals of any

1  partnership defendant, and the legal representatives, heirs, successors in interest or assigns of any

2  such excluded party. Also excluded from the Settlement Class are the persons and/or entities

3  who requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto, and

4  persons and entities who have previously released Watrous in connection with Peregrine-related

5  claims.

6       5.    Notice of the pendency of this action as a class action and of the proposed

7  settlement was given to all Settlement Class Members who could be identified with reasonable

8  effort. The form and method of notifying the Settlement Class of the pendency of the action as a

9  class action and of the Settlement and its terms and conditions met the requirements of Fed. R.

10  Civ. P. 23, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(1)(7), and due process,

11  constituted the best notice practicable under the circumstances, and constituted due and sufficient

12  notice to all persons and entities entitled thereto.

13       6.    The Stipulation is approved and so ordered as fair, reasonable and adequate, and

14  the Settlement Class Members and the parties are directed to consummate the Stipulation in

15  accordance with its terms and provisions.

16       7.    The Complaint, which the Court finds was filed in good faith in accordance with

17  the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil

18  Procedure, is hereby dismissed with prejudice and without costs as against Watrous.

19       8.    Members of the Settlement Class and the successors and assigns of any of them,

20  are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either

21  directly or in any other capacity, any of the Settled Claims, including all claims, rights, demands,

22  suits, matters, issues or causes of action, whether known or unknown, against Watrous whether

23  under state or federal law, including the federal securities laws, and whether directly, indirectly,

24  representatively or in any other capacity, in connection with, based upon, arising out of, or

25  relating to any claim that has been or could be raised in the Class Action or the acts, facts or

26  events alleged in the Class Action (but excluding any claims to enforce the terms of the

27  Settlement) against Watrous. The Settled Claims are hereby compromised, settled, released,

28  discharged and dismissed as against Watrous on the merits and with prejudice by virtue of the

ORDER AND RULE 54(b) FINAL JUDGMENT RE DEFENDANT THOMAS G. WATROUS -
Case No. 02-CV-0870-BEN(RBB)                                              -3-

1 | proceedings herein and this Order and Final Judgment.

2 |     9.    Watrous and his successors and assigns, are hereby permanently barred and

3 | enjoined from instituting, commencing or prosecuting, either directly or in any other capacity,

4 | any and all claims relating to the institution or prosecution of the Class Action (the "Settled

5 | Defendant's Claims") against any of the Lead Plaintiffs, Plaintiffs, Settlement Class Members or

6 | their attorneys. The Settled Defendant's Claims are hereby compromised, settled, released,

7 | discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein

8 | and this Order and Final Judgment.

9 |     10.    In accordance with Section 4(f)(7)(A) of the Private Securities Litigation Reform

10 | Act of 1995, 15 U.S.C. §78u-4(t)(7)(A), Watrous is by virtue of the Settlement discharged from

11 | all claims for contribution that have been or may hereafter be brought against Watrous, relating

12 | to, or arising out of the Settled Claims. Accordingly, to the extent permitted by law, (a) the

13 | Non-Settling Defendants are hereby permanently barred, enjoined and restrained from

14 | commencing, prosecuting, or asserting any such claims against Watrous based upon, relating to,

15 | or arising out of the Settled Claims, and (b) Watrous is permanently barred, enjoined and

16 | restrained from commencing, prosecuting, or asserting any claim for contribution against the

17 | Non-Settling Defendants based upon, relating to, or arising out of the Settled Claims. For

18 | purposes of this paragraph 9 , "Non-Settling Defendants" shall include any person who Plaintiffs

19 | have sued or may hereafter sue on any claim based upon, relating to, or arising out of the Settled

20 | Claims.

21 |     11.    Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor

22 | any of the negotiations or proceedings connected with it, nor any of the documents or statements

23 | referred to therein shall be:

24 |     (a)    offered or received against Watrous or against the Plaintiffs or the Settlement

25 | Class as evidence of or construed as or deemed to be evidence of any presumption, concession,

26 | or admission by Watrous or by any of the Plaintiffs or the Settlement Class with respect to the

27 | truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have

28 | been asserted in the Class Action or in any litigation, or the deficiency of any defense that has

1 | been or could have been asserted in the Class Action or in any litigation, or of any liability,

2 | negligence, fault, or wrongdoing of Watrous;

3 |            (b)     offered or received against Watrous as evidence of a presumption,

4 | concession or admission of any fault, misrepresentation or omission with respect to any

5 | statement or written document approved or made by him, or against the Plaintiffs and the

6 | Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

7 |            (c)     offered or received against Watrous or against the Plaintiffs or the

8 | Settlement Class as evidence of a presumption, concession or admission with respect to any

9 | liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as

10 | against any of the parties to the Stipulation, in any other civil, criminal or administrative action

11 | or proceeding, other than such proceedings as may be necessary to effectuate the provisions of

12 | the Stipulation; provided, however, that Watrous may refer to the Stipulation to effectuate the

13 | liability protection granted him thereunder;

14 |            (d)     construed against Watrous or the Plaintiffs and the Settlement Class as an

15 | admission or concession that the consideration to be given hereunder represents the amount

16 | which could be or would have been recovered after trial; or

17 |            (e)     construed as or received in evidence as an admission, concession or

18 | presumption against Plaintiffs or the Settlement Class or any of them that any of their claims are

19 | without merit or that damages recoverable under the Complaint would not have exceeded the

20 | amount paid by Watrous in settlement.

21 |      12.     The Court finds that all Settling Parties and their counsel have complied with each

22 | requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

23 |      13.     Exclusive jurisdiction is hereby retained over the parties to the Class Action and

24 | the Settlement Class Members for all matters relating to this Class Action, including the

25 | administration, interpretation, effectuation or enforcement of the Stipulation and this Order and

26 | Final Judgment.

27 |      14.     Without further order of the Court, the parties may agree to reasonable extensions

28 | of time to carry out any of the provisions of the Stipulation.

1       15.    There is no just reason for delay in the entry of this Order and Final

2   Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to

3   Rule 54(b) of the Federal Rules of Civil Procedure.

4       **IT IS SO ORDERED.**

5

6   Dated:____11/15____, 2006

7                      Roger T. Benitez
                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3                              **EXHIBIT 1**
4
5
6 | Joseph L. Folgore
7 | Darin Grenz
8 | David Hildes, as Trustee of the David and Kathleen Hildes 1999 Charitable Remainder Unitrust
   dated June 25, 1999
9
   David Hildes, as an individual
10
   Timothy C Killough
11
   Bradley H. and Antoinette Logan
12
   Cleon W. and Donna J. Winslow
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28