# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PEREGRINE SYSTEMS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 02-CV-0870-BEN (RBB)<br><br>**ORDER AND RULE 54(b) FINAL JUDGMENT RE DEFENDANT WILLIAM D. SAVOY** |

By Stipulation and Agreement of Settlement dated as of June 21, 2006 (the "Stipulation"), Lead Plaintiffs and defendant William D. Savoy entered into a settlement of this Class Action. By Order Preliminarily Approving Settlements, Providing for Notice and Setting Final Approval Hearing, dated July 31, 2006 (the "Preliminary Approval Order"), this Court preliminarily approved the Settlement, certified, for settlement purposes only, the Settlement Class set forth in the Stipulation, and provided for notice to the Settlement Class Members.

On November 8, 2006, this Court held a final hearing to consider whether to approve the Settlement under the provision of Rule 23 of the Federal Rules of Civil Procedure. Due and adequate notice of said hearing was given to the Settlement Class Members as well as to all parties in the Class Action. The Court has considered the Stipulation and the exhibits thereto, the information provided to the Court before and at the Final Settlement Hearing, all papers filed and proceedings had herein and all oral and written comments received regarding the Settlement, and has reviewed the entire record in the Class Action.

**NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of the Class Action, and personal jurisdiction over the Lead Plaintiffs, all Persons in the Settlement Class, and Savoy.

2. The definitions of terms set forth in the Stipulation are adopted and incorporated herein.

3. The Court finds that the prerequisites for a Plaintiff Settlement Class under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied as to Savoy, in that: (i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Class Representatives are typical of the claims of the Settlement Class they seek to represent; (iv) the Class Representatives have and will fairly and adequately represent the interests of the Settlement; (v) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby certifies as the Settlement Class a class action on behalf of all Persons (including Lead Plaintiffs) who purchased or otherwise acquired Peregrine common stock from July 22, 1999 through May 3, 2002 and who were injured thereby, and two subclasses consisting of all Persons who held shares of Harbinger Corporation and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Harbinger Corporation, which was consummated on or about June 16, 2000, and who were injured thereby, and all persons who held shares of Remedy Corporation and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Remedy Corporation, which was consummated on or about August 27, 2001, and who were injured thereby. Excluded from the Settlement Class are Defendants in this Class Action, members of the immediate families (parents, siblings and children) of each of the individual Defendants, any person, firm, trust,

corporation, entity in which any Defendant has a controlling interest, the officers, directors, parents, subsidiaries and affiliates of any corporate Defendant, the partners and principals of any partnership defendant, and the legal representatives, heirs, successors in interest or assigns of any such excluded party. Also excluded from the Settlement Class are the persons and/or entities who requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto, and persons and entities who have previously released Savoy in connection with Peregrine-related claims.

      5.    Notice of the pendency of this action as a class action and of the proposed settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the action as a class action and of the Settlement and its terms and conditions met the requirements of Fed. R. Civ. P. 23, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(1)(7), and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

      6.    The Stipulation is approved and so ordered as fair, reasonable and adequate, and the Settlement Class Members and the parties are directed to consummate the Stipulation in accordance with its terms and provisions.

      7.    The Complaint, which the Court finds was filed in good faith in accordance with the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil Procedure, is hereby dismissed with prejudice and without costs as against Savoy.

      8.    Members of the Settlement Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any of the Settled Claims, including all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, against Savoy whether under state or federal law, including the federal securities laws, and whether directly, indirectly, representatively or in any other capacity, in connection with, based upon, arising out of, or relating any claim that has been or could be raised in the Class Action or the acts, facts or events alleged in the Class Action (but excluding any claims to enforce the terms of the Settlement)

against Savoy and the Additional Savoy Related Parties. On behalf of Lead Plaintiffs and each Settlement Class Member (other than those listed on Exhibit 1 hereto), the Settled Claims are hereby compromised, settled, released, discharged and dismissed as against Savoy on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

9. Savoy and his successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims relating to the institution or prosecution of the Class Action (the "Settled Defendant's Claims") against any of the Lead Plaintiffs, Settlement Class Members or their attorneys. The Settled Defendant's Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

10. In accordance with Section 4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u(t)(7)(A), Savoy is by virtue of the Settlement discharged from all claims for contribution that have been or may hereafter be brought by or on behalf of any Person, relating, or arising out of the Settled Claims. Accordingly, to the extent permitted by law, the Non-Settling Defendants and all other Persons are hereby permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any such claims against Savoy, however styled, whether legal or equitable, whether arising under state, federal or common law, whether for indemnification, contribution or otherwise based upon, relating to, or arising out of the Settled Claims, including, without limitation, any claim in which a Non-Settling Defendant seeks to recover from Savoy (1) any amount a Non-Settling Defendant has paid, becomes liable to pay or may become liable to pay in the Class Action, or *PLT v. Gardner* on account of matters encompassed by the Settled Claims and (2) any costs, fees, expenses or attorneys' fees that a Non-Settling Defendant incurred or may incur in defending the Class Action, or *PLT v. Gardner*. Savoy is permanently barred, enjoined and restrained from commencing, prosecuting, or asserting any claim for contribution against the Non-Settling Defendants based upon, relating to, or arising out of the Settled Claims. For purposes of this paragraph 9, "Non-Settling Defendants" shall include any person who Plaintiffs have sued or may hereafter sue on any claim based upon,

relating to, or arising out of the Settled Claims.

11. Neither this Judgment, the Stipulation, nor any of its terms and provision, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a) offered or received against Savoy or against the Plaintiffs or the Settlement Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Savoy or by any of the Plaintiffs or the Settlement Class with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Class Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Class Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Savoy;

(b) offered or received against Savoy as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by him, or against the Plaintiffs and the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

(c) offered or received against Savoy against the Plaintiffs or the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Savoy may refer to the Stipulation to effectuate the liability protection granted him thereunder;

(d) construed against Savoy or the Plaintiffs and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

(e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the

amount paid by Savoy in settlement.

12. As described in paragraph 24(e) of the Stipulation, the Settlement is expressly conditioned upon (1) the entry of an order by the Superior Court of the State of California for the County of San Diego in *Peregrine v. Gardner* finding that the Trustee-Savoy Settlement Agreement was made in good faith within the meaning of California Code of Civil Procedure Sections 877 and 877.6 (th e "Good Faith Settlement Order"), and (2) the filing by the Trustee of an executed Request for Dismissal dismissing Savoy from *Peregrine v. Gardner* with prejudice within the time prescribed in the Trustee-Savoy Settlement Agreement. In the event that the Good Faith Settlement Order is not entered or the Request for Dismissal is not filed, then either the Lead Plaintiffs or Savoy may serve a Termination Notice as provided in the Stipulation. In the event a Termination Notice is timely served, then all parties whose rights are affected by the Stipulation shall be deemed to have reverted to their respective status in the Class Action as of January 30, 2006.

13. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Exclusive jurisdiction is hereby retained over the parties to the Class Action and the Settlement Class Members (whether or not such Settlement Class Members submit a claim, become Authorized Claimants or receive a distribution from the Cash Settlement Amount) for all matters relating to this Class Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment.

15. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. There is no just reason for delay in the entry of this Order and Final Judgment. Accordingly, the Clerk of the Court is expressly directed to enter judgment immediately pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: 11/15, 2006

Roger T. Benitez
United States District Judge

# EXHIBIT 1

Joseph L. Folgore

Darin Grenz

David Hildes, as Trustee of the David and Kathleen Hildes 1999 Charitable Remainder Unitrust dated June 25, 1999

David Hildes, as an individual

Timothy C Killough

Bradley H. and Antoinette Logan

Cleon W. and Donna J. Winslow