# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| IN RE PEREGRINE SYSTEMS, INC. SECURITIES LITIGATION | Case No. 02-CV-0870-BEN (RBB) |
|---|---|
| This Document Relates to:<br>ALL ACTIONS | **ORDER AND RULE 54(b) FINAL JUDGMENT RE DEFENDANT DOUGLAS S. POWANDA** |

On the 8th day of November, 2006, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement with Defendant Douglas S. Powanda dated as of September 7, 2005, (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Settlement Class against Powanda in the First Amended Consolidated Class Action Complaint (the "Complaint") now pending in this Court under the above-referenced caption (the "Class Action"), including the release of Powanda, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of Powanda only and as against all persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or entities reasonably identifiable, who purchased or otherwise acquired Peregrine securities during the period from July 22, 1999 through May 3, 2002,

inclusive (the "Class Period"), as shown by the records of Peregrine's stock transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of <u>Investor's Business Daily</u> pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the reimbursement of expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of the Class Action, the Plaintiffs, all Settlement Class Members, and Powanda.

2. The Court finds that the prerequisites for a Plaintiff Settlement Class under Fed. R. Civ. P. 23 (a) and (b)(3) have been satisfied as to Powanda, in that: (i) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (ii) there are questions of law and fact common to the Settlement Class; (iii) the claims of the Class Representative are typical of the claims of the Settlement Class it seeks to represent; (iv) the Class Representative has and will fairly and adequately represent the interests of the Settlement Class; (v) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (vi) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, this Court hereby certifies this action as a class action on behalf of all persons and entities who purchased or otherwise acquired Peregrine securities during the period from July 22, 1999 through May 3, 2002, inclusive and who suffered damages thereby. Excluded from the Settlement Class are Defendants in this Class Action, members of the immediate families (parents, siblings and children) of each of the individual Defendants, any person, firm, trust, corporation, entity in which any Defendant has a controlling interest, the officers, directors, parents, subsidiaries and affiliates of any corporate Defendant, the partners and principals of any

1  partnership defendant, and the legal representatives, heirs, successors in interest or assigns of any
2  such excluded party. Also excluded from the Settlement Class are the persons and/or entities
3  who requested exclusion from the Settlement Class as listed on Exhibit 1 annexed hereto.

4      4.    Notice of the pendency of this action as a class action and of the proposed
5  settlement was given to all Settlement Class Members who could be identified with reasonable
6  effort. The form and method of notifying the Settlement Class of the pendency of the action as a
7  class action and of the Settlement and its terms and conditions met the requirements of Fed. R.
8  Civ. P. 23, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(1)(7), and due process,
9  constituted the best notice practicable under the circumstances, and constituted due and sufficient
10 notice to all persons and entities entitled thereto.

11     5.    The Stipulation is approved and so ordered as fair, reasonable and adequate, and
12 the Settlement Class Members and the parties are directed to consummate the Stipulation in
13 accordance with its terms and provisions.

14     6.    The Complaint, which the Court finds was filed in good faith in accordance with
15 the Private Securities Litigation Reform Act of 1995 and Rule 11 of the Federal Rules of Civil
16 Procedure, is hereby dismissed with prejudice and without costs as against Powanda.

17     7.    Members of the Settlement Class and the successors and assigns of any of them,
18 are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either
19 directly or in any other capacity, any and all claims, rights, demands, suits, matters, issues or
20 causes of action, whether known or unknown, against Powanda whether under state or federal
21 law, including the federal securities laws, and whether directly, indirectly, representatively or in
22 any other capacity, in connection with, based upon, arising out of, or relating to any claim that
23 has been or could be raised in the Class Action or the acts, facts or events alleged in the Class
24 Action (but excluding any claims to enforce the terms of the Settlement) (the "Settled Claims")
25 against Powanda. The Settled Claims are hereby compromised, settled, released, discharged and
26 dismissed as against Powanda on the merits and with prejudice by virtue of the proceedings
27 herein and this Order and Final Judgment.

28     8.    Powanda and his successors and assigns, are hereby permanently barred and

1  enjoined from instituting, commencing or prosecuting, either directly or in any other capacity,
2  any and all claims relating to the institution or prosecution of the Class Action (the "Settled
3  Defendant's Claims") against any of the Lead Plaintiff, Plaintiffs, Settlement Class Members or
4  their attorneys. The Settled Defendant's Claims are hereby compromised, settled, released,
5  discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein
6  and this Order and Final Judgment.

7  9. In accordance with Section 4(f)(7)(A) of the Private Securities Litigation Reform
8  Act of 1995, 15 U.S.C. §78u-4(t)(7)(A), Powanda is by virtue of the Settlement discharged from
9  all claims for contribution that have been or may hereafter be brought by or on behalf of any of
10 the Non-Settling Defendants, relating to, or arising out of the Settled Claims. Accordingly, to the
11 extent permitted by law, (a) the Non-Settling Defendants are hereby permanently barred,
12 enjoined and restrained from commencing, prosecuting, or asserting any such claim for
13 contribution against Powanda based upon, relating to, or arising out of the Settled Claims, and
14 (b) Powanda is permanently barred, enjoined and restrained from commencing, prosecuting, or
15 asserting any claim for contribution against the Non-Settling Defendants based upon, relating to,
16 or arising out of the Settled Claims. For purposes of this paragraph 9 , "Non-Settling
17 Defendants" shall include any person who Plaintiffs have sued or may hereafter sue on any claim
18 based upon, relating to, or arising out of the Settled Claims.

19 10. Neither this Judgment, the Stipulation, nor any of its terms and provisions, nor
20 any of the negotiations or proceedings connected with it, nor any of the documents or statements
21 referred to therein shall be:

22 (a) offered or received against Powanda or against the Plaintiffs or the Settlement
23 Class as evidence of or construed as or deemed to be evidence of any presumption, concession,
24 or admission by Powanda or by any of the Plaintiffs or the Settlement Class with respect to the
25 truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have
26 been asserted in the Class Action or in any litigation, or the deficiency of any defense that has
27 been or could have been asserted in the Class Action or in any litigation, or of any liability,
28 negligence, fault, or wrongdoing of Powanda;

  (b) offered or received against Powanda as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by him, or against the Plaintiffs and the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the Settlement Class;

  (c) offered or received against Powanda or against the Plaintiffs or the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that Powanda may refer to the Stipulation to effectuate the liability protection granted him thereunder;

  (d) construed against Powanda or the Plaintiffs and the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

  (e) construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the Settlement Class or any of them that any of their claims are without merit or that damages recoverable under the Complaint would not have exceeded the amount paid by Powanda in settlement.

11. The Court finds that all Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

12. Exclusive jurisdiction is hereby retained over the parties to the Class Action and the Settlement Class Members for all matters relating to this Class Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class.

13. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

14. There is no just reason for delay in the entry of this Order and Final

1  Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to
2  Rule 54(b) of the Federal Rules of Civil Procedure.
3      **IT IS SO ORDERED.**
4  Dated: 11/15, 2006

Roger T. Benitez
United States District Judge

# EXHIBIT 1

Joseph L. Folgore

Darin Grenz

David Hildes, as Trustee of the David and Kathleen Hildes 1999 Charitable Remainder Unitrust dated June 25, 1999

David Hildes, as an individual

Timothy C Killough

Bradley H. and Antoinette Logan

Cleon W. and Donna J. Winslow