UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PEREGRINE SYSTEMS, INC. SECURITIES LITIGATION | Master File No. 02-CV-0870-BEN (RBB)<br><br><u>CLASS ACTION</u><br><br>**JUDGMENT DISMISSING ACTION AGAINST DEFENDANTS ARTHUR ANDERSEN LLP, DANIEL STULAC, AND AWSC SOCIÉTÉ COOPÉRATIVE, EN LIQUIDATION, CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS** |
| This Document Relates to:<br><br>ALL ACTIONS. | Judge: Honorable Roger T. Benitez |

#115518

JUDGMENT DISMISSING ACTION AGAINST ARTHUR ANDERSEN LLP, STULAC, AND AWSC CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS - Case No. 02-CV-0870-BEN(RBB)

By Stipulation and Agreement of Settlement dated as of June 5, 2006 (the "Stipulation"), Lead Plaintiffs and defendant Arthur Andersen LLP entered into a settlement of this Class Action and an action in San Diego Superior Court referred to as <u>Peregrine v. Andersen</u>, as more particularly specified in the Stipulation (the "Settlement.") By Order dated July 31, 2006 (the "Preliminary Approval Order"), this Court preliminarily approved the Settlement, certified, for settlement purposes only, the Andersen Settlement Class set forth in the Stipulation, and provided for notice to the Andersen Settlement Class Members. On November 8, 2006, this Court held a final hearing to consider whether to approve the Settlement under the provisions of Rule 23 of the Federal Rules of Civil Procedure. Due and adequate notice of said hearing was given to the Andersen Settlement Class Members as well as to all parties in the Class Action and in all actions being prosecuted by the Trustee of the Peregrine Litigation Trust. The Court has considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the Settlement, and has reviewed the entire record in the Class Action.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. <u>Definitions</u>. For purposes of this Judgment, the Court adopts all defined terms set forth in the Stipulation.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Class Action, Lead Plaintiffs, and Andersen.

3. <u>Requirements of Class Action Satisfied</u>. With respect to the Andersen Settlement Class, the Court finds and concludes that: (a) the Andersen Settlement Class Members are so numerous that joinder of all Andersen Settlement Class Members in the Class Action is impracticable; (b) there are questions of law and fact common to the Andersen Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs are typical of the claims of the Andersen Settlement Class; (d) Lead Plaintiffs and Lead Plaintiffs' Counsel have, at all times, fairly and adequately represented and protected the interests of the Andersen Settlement Class Members; and (e) a class action is superior to other available

#115518

JUDGMENT DISMISSING ACTION AGAINST ARTHUR ANDERSEN LLP, STULAC, AND AWSC CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS - Case No. 02-CV-0870-BEN(RBB)             -1-

1  methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of
2  the Andersen Settlement Class Members in individually controlling the prosecution of the
3  separate actions; (ii) the extent and nature of any litigation concerning the controversy already
4  commenced by Andersen Settlement Class Members; (iii) the desirability or undesirability of
5  continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to
6  be encountered in the management of the Class Action.

7        4.      <u>Adequacy of Notice</u>.  The Court finds that the distribution of the Notice of
8  Pendency of Class Action and Hearing On Proposed Partial Settlements and the Publication of
9  Notice (as provided for in the Preliminary Approval Order) constituted the best notice practicable
10  under the circumstances to apprise all Andersen Settlement Class Members of the pendency of
11  the Class Action, the terms of the proposed Settlement, and their rights with respect to the
12  foregoing; and afforded the Andersen Settlement Class Members with an opportunity to present
13  their objections, if any, to the Stipulation.  The Court finds that the provision of notice to
14  Andersen Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules
15  of Civil Procedure, federal law, due process, the United States Constitution, and any other
16  applicable law.

17        5.      <u>Requests for Exclusion from Settlement</u>.  The Court finds that all
18  Andersen Settlement Class Members have been adequately provided with an opportunity to
19  exclude themselves from the Andersen Settlement Class by requesting exclusion in conformance
20  with the procedures set forth in the Notice. The Court further finds that the persons identified in
21  Exhibit 1 hereto ("Excluded Andersen Settlement Class Members"), and no other Persons, have
22  timely and validly requested exclusion from the Andersen Settlement Class.

23        6.      <u>Approval of Settlement</u>.  The Court approves the Settlement, including the
24  releases contained in the Stipulation, the amount of the consideration being paid by Andersen in
25  the Settlement, and all other terms of the Settlement, as fair, just, reasonable, and adequate to all
26  of the Andersen Settlement Class Members within the meaning of Federal Rules of Civil
27  Procedure, Rule 23. Lead Plaintiffs and Andersen are directed to exercise their best efforts to
28  consummate the Settlement in accordance with the terms set forth in the Stipulation.

7. <u>Dismissal of Class Action against Certain Defendants</u>. The Class Action and all claims contained therein, as well as all other Released Claims, are hereby dismissed with prejudice in favor of Andersen, Stulac, and AWSC, and against Lead Plaintiffs and all other Andersen Settlement Class Members, except Excluded Andersen Settlement Class Members. By operation of this Judgment and under the terms of the Stipulation and the releases therein, this Judgment is intended to preclude, and shall preclude, Lead Plaintiffs and all other Andersen Settlement Class Members (except Excluded Andersen Settlement Class Members) from filing or pursuing any of the Released Claims against any Andersen Released Person in federal or state court or any other forum.

8. <u>Release by Lead Plaintiffs and Andersen Settlement Class Members</u>. Effective upon the Effective Date, Lead Plaintiffs fully, finally, and forever release, relinquish and discharge, and each Andersen Settlement Class Member (except Excluded Andersen Settlement Class Members) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged, each of the Andersen Released Persons from any and all Released Claims.

9. <u>Further Releases by Recipients of Andersen Settlement Fund</u>. Only those Andersen Settlement Class Members filing valid and timely Proofs of Claim and Release in the form previously prescribed by the Court shall be entitled to receive any distribution from the Andersen Settlement Fund. The Proof of Claim and Release form to be executed by Andersen Settlement Class Members in order to receive such a distribution further releases all Released Claims against the Andersen Released Persons. All Andersen Settlement Class Members (except Excluded Andersen Settlement Class Members) shall, upon entry of this Judgment, be bound by the releases set forth in this Judgment whether or not they execute and submit a valid and timely Proof of Claim and Release form or receive a distribution of the Andersen Settlement Fund.

10. <u>Release by Andersen</u>. Effective upon the Effective Date, Andersen fully, finally, and forever releases, relinquishes and discharges each of the Lead Plaintiffs Released Persons from any and all claims that Andersen or AWSC may have, or may have had, and Stulac fully, finally, and forever releases, relinquishes and discharges each of the Lead Plaintiffs

1  Released Persons from any and all claims that Stulac may have, or may have had, that arise out
2  of, relate to, or are in connection with, the commencement, prosecution, assertion or resolution of
3  the Class Action or the Released Claims, including without limitation any claims for violation of
4  Rule 11 of the Federal Rules of Civil Procedure.  Notwithstanding the foregoing, the claims of
5  Andersen, AWSC, and Stulac being released do not include any claims for violation of the
6  Stipulation.

7     11. <u>Releases Include Unknown Claims</u>.  The Released Claims, and the claims
8  of Andersen, AWSC, and Stulac being released, upon entry of this Judgment include claims
9  which the Parties and/or the Andersen Settlement Class Members do not know or suspect to exist
10 in their favor at the time of the Stipulation which, if known by them, might have affected the
11 Settlement and the releases herein, or might have affected their decision not to object to, or not to
12 opt out of, the Settlement.  With respect to all releases set forth, or referred to, in this Judgment,
13 Lead Plaintiffs expressly waive and relinquish, and the other Andersen Settlement Class
14 Members (except Excluded Andersen Settlement Class Members) shall be deemed to have, and
15 by operation of this Judgment shall have, expressly waived and relinquished, and Andersen and
16 Stulac expressly waive and relinquish, to the fullest extent permitted by law, the provisions,
17 rights, and benefits of § 1542 of the California Civil Code, which provides:

18   **A general release does not extend to claims which the creditor**
19   **does not know or suspect to exist in his or her favor at the time**
20   **of executing the release, which if known by him or her must**
21   **have materially affected his or her settlement with the debtor.**

22 Additionally, the Parties expressly waive, and the Andersen Settlement Class Members (except
23 Excluded Andersen Settlement Class Members) shall be deemed to have waived, and by
24 operation of this Judgment shall have waived, any and all provisions, rights and benefits
25 conferred by any law of the United States or of any state or territory of the United States or of any
26 other country, whether statutory, code, or common law, which is similar, comparable or
27 equivalent to § 1542 of the California Civil Code.  The Parties and the Andersen Settlement
28 Class Members may hereafter discover facts in addition to or different from those which they

1 now know or believe to be true with respect to the subject matter of the claims released by each
2 of them, but they nonetheless settle and release, and each Andersen Settlement Class Member
3 (except Excluded Andersen Settlement Class Members) shall be deemed to have, and by
4 operation of this Judgment shall have, settled and released, all such claims, whether known or
5 unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or
6 hidden, which now exist, or heretofore have existed upon any theory of law or equity now
7 existing or coming into existence in the future, without regard to the subsequent discovery or
8 existence of such different or additional facts. The foregoing waiver was bargained for and is a
9 material term and condition of the Settlement.

    12. <u>Injunction Barring Claims by Andersen Released Persons for Indemnification or Contribution</u>.  Each of the Andersen Released Persons is permanently barred and enjoined from instituting or prosecuting against any Person in any court, state or federal, or any other tribunal, any claim, however styled, whether denominated as a claim for indemnification or contribution or otherwise denominated, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state law or federal law, by which said Andersen Released Person seeks to recover from any other Person any portion of (1) any amounts that said Andersen Released Person has paid, or in the future pays, or has become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in connection with the Class Action and/or (2) any costs, expenses, or attorneys' fees that the Andersen Released Person has incurred or may incur in defending the Class Action.  All such claims shall be extinguished, discharged, satisfied and unenforceable.

    13. <u>Injunction Barring Claims against Andersen Released Persons for Indemnification or Contribution</u>.  To the extent permitted by law, all Persons are permanently barred and enjoined from instituting or prosecuting against any Andersen Released Person in any court, state or federal, or any other tribunal, any claim, however styled, whether denominated as a claim for indemnification or contribution or otherwise denominated, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued,

whether arising under state law or federal law, by which such Person seeks to recover from any Andersen Released Person any portion of (1) any amounts that such Person has paid, or in the future pays, or has become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in connection with the Class Action and/or (2) any costs, expenses, or attorneys' fees that such Person has incurred or may incur in defending the Class Action. All such claims shall be extinguished, discharged, satisfied and unenforceable.

14. **Reduction of Judgments against Persons Whose Claims for Indemnification or Contribution against Andersen Released Persons Are Barred.** In view of the Settlement Payment made by Andersen on behalf of the Andersen Released Persons, all of whom are deemed to be covered persons who entered into a settlement with Lead Plaintiffs within the meaning of 15 U.S.C. § 78u-4(f)(7)(B), any Person against whom a final judgment is hereafter obtained, either in the Class Action or in any other action or proceeding by or on behalf of any Andersen Settlement Class Member (except an Excluded Andersen Settlement Class Member) based upon any claim asserted in the Class Action, shall be entitled in said action or proceeding to a reduction in the amount of said judgment in accordance with, or to have the amount of damages in said judgment calculated by reference to, all applicable provisions of federal statutory and common law relating to the proper amounts of judgments or damages following a settlement between a plaintiff and less than all of the parties legally liable for plaintiff's injury, including without limitation the provisions of 15 U.S.C. § 78u-4(f)(7)(B).

15. **Condition Subsequent.** The provisions of this Judgment are subject to a condition subsequent (the "Condition Subsequent"): to wit, that the Superior Court of the State of California for the County of San Diego enter an order in Peregrine v. Andersen finding that the Trustee-Andersen Settlement Agreement was made in good faith within the meaning of California Code of Civil Procedure Section 877.6 (the "Good Faith Settlement Order") and either that no Person seeks review of the Good Faith Settlement Order by petition for writ of mandate, appeal or otherwise, or, if any Person does seek such review, such review does not result in vacating, modifying, or reversing the Good Faith Settlement Order and the time for further review of the Good Faith Settlement Order expires.

16. <u>No Admission Or Evidence</u>.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in connection with, the Stipulation or the Settlement: (i) is, or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability by Andersen; (ii) is, or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of Andersen in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (iii) shall be offered in evidence by any Person for any purpose except to enforce the Stipulation.  Any Andersen Released Person may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, bar order, or judgment reduction or credit, or in support of any theory of claim preclusion or issue preclusion or similar defense or counterclaim.  Lead Plaintiffs, other Andersen Settlement Class Members, Andersen, Andersen Released Persons, and their respective counsel, may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

17. <u>Pleadings in Good Faith</u>.  The Court finds that all pleadings and other court papers filed by Lead Plaintiffs against Andersen, Stulac, and AWSC, and all pleadings and other court papers filed by Andersen, Stulac, and AWSC against Lead Plaintiffs, were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure, Section 27(c) of the Securities Act, and Section 21D(c) of the Exchange Act.

18. <u>Bear Own Costs</u>.  Lead Plaintiffs and Andersen are to bear their own costs, except as otherwise provided in the Stipulation.

19. <u>Effectiveness of Judgment Not Dependent on Certain Other Rulings</u>.  The effectiveness of this Judgment shall not be affected, in any manner, by rulings that the Court may make concerning Lead Plaintiffs' Plan of Allocation and/or Lead Plaintiffs' Counsel's application for an award of attorneys' fees or reimbursement of expenses.

20. <u>No Distribution Before Approved Plan of Allocation</u>.  There shall be no distribution of the Andersen Settlement Fund to any Andersen Settlement Class Member until a

1   plan of allocation is finally approved and is affirmed on appeal or is no longer subject to review
2   by appeal or certiorari, and the time for any petition for rehearing, appeal, or review, by certiorari
3   or otherwise, of the order approving the plan of allocation has expired.

4      21.   <u>Failure of Condition Subsequent Or Reversal on Appeal</u>.  In the event that
5   the Condition Subsequent fails to occur, or in the event that this Judgment is subsequently
6   vacated, modified, or reversed on appeal, this Judgment and any order entered by the Court in
7   accordance with the terms of the Stipulation, including without limitation any order based upon
8   the stipulated certification of the Andersen Settlement Class, shall be vacated, nunc pro tunc;
9   Lead Plaintiffs and Andersen shall be restored to their respective positions in the Class Action as
10  of October 11, 2005; the Settlement Fund shall be returned to Andersen as provided for in the
11  Stipulation; and the Class Action shall proceed as though no class had ever been certified.

12      22.   <u>Entry of Separate Judgment</u>.  The Court finds that this Judgment comes
13  within the provisions of Rule 54(b) of the Federal Rules of Civil Procedure and finds that there is
14  no just reason for delay in entering this Judgment. This Judgment disposes of all claims against
15  Andersen, Stulac, and AWSC, which claims are legally and factually severable from the claims
16  remaining in the Class Action.  Any appellate review of this Judgment will not require the
17  appellate court to address issues similar to those contained in claims still pending before this
18  Court.  Pursuant to Rule 54(b), the Court directs that this Judgment be entered forthwith in the
19  Class Action as a separate, final judgment in the Class Action.

20      23.   <u>Reservation Of Jurisdiction</u>.  The Court reserves exclusive and continuing
21  jurisdiction over the Class Action, Lead Plaintiffs, and the Andersen Settlement Class Members
22  for purposes of supervising the administration and distribution of the Andersen Settlement Fund
23  and any other related matters.

#115518

JUDGMENT DISMISSING ACTION AGAINST ARTHUR ANDERSEN LLP, STULAC, AND AWSC CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS - Case No. 02-CV-0870-BEN(RBB)  -8-

24. <u>Captions</u>. The captions in the paragraphs of this Judgment are for convenience only and are not to be used for construction of the meaning of the respective paragraphs.

**IT IS SO ORDERED.**

Dated: 11/15, 2006

_____
Roger T. Benitez
Judge of the United States District Court

Presented By:

GOLD BENNETT CERA & SIDENER LLP

By: _____
Solomon B. Cera
595 Market Street, Suite 2300
San Francisco, California 94105-2835
Telephone: (415) 777-2230
Facsimile: (415) 777-5189,

Attorneys for Section 10(b) Lead Plaintiff The Loran Group

ALSCHULER GROSSMAN STEIN & KAHAN LLP

By: _____
Scott Vick
Alschuler Grossman Stein & Kahan LLP
The Water Garden
1620 26th Street, Fourth Floor
North Tower
Santa Monica, CA 90404-4060
Telephone: (310) 907-1000
Facsimile: (310) 907-2000

Attorneys for Defendant Arthur Andersen LLP

STULL, STULL & BRODY

By: _____
Howard T. Longman
6 East 45th Street, 5th Floor
New York, New York 10017
Telephone: (212) 687-7230
Facsimile: (212) 490-2022

- and -

| | |
|---|---|
| 1 | ABRAHAM FRUCHTER |
| 2 | & TWERSKY LLP |
| 3 | By: *[signature]* |
| 4 | |
| 5 | Lawrence D. Levit |
| | One Penn Plaza, Suite 2805 |
| 6 | New York, NY 10119-0165 |
| | Telephone: (212) 714-2444 |
| 7 | Facsimile: (212) 279-3655 |
| 8 | Attorneys for Section 11 Lead Plaintiff |
| | Heywood Waga |

# EXHIBIT 1

## EXCLUDED ANDERSEN SETTLEMENT CLASS MEMBERS

Joseph L. Folgore

Darin Grenz

David Hildes, as Trustee of the David and Kathleen Hildes 1999 Charitable Remainder Unitrust dated June 25, 1999

David Hildes, as an individual

Timothy C Killough

Bradley H. and Antoinette Logan

Cleon W. and Donna J. Winslow