UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PEREGRINE SYSTEMS, INC. SECURITIES LITIGATION | Case No. 02-CV-0870-BEN (RBB) |
| This Document Relates to: ALL ACTIONS | |

## STIPULATION AND AGREEMENT OF SETTLEMENT WITH DEFENDANTS JOHN J. MOORES, CHARLES E. NOELL III, NORRIS VAN DEN BERG, RICHARD A. HOSLEY II, CHRISTOPHER A. COLE, AND RODNEY F. DAMMEYER

This Stipulation and Agreement of Settlement dated as of August 8, 2008 is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Capitalized terms used in this Stipulation shall have the meanings given to them in the "Definitions" section unless otherwise defined. The Settlement set forth in this Stipulation is subject to approval by the Court. This Stipulation is entered into among the Loran Group (as defined herein), Waga (as defined herein), the Class (as defined herein), and John J. Moores, Charles E. Noell III, Norris van den Berg, Richard A. Hosley II, Christopher A. Cole, and Rodney F. Dammeyer (the "Settling Defendants") and JMI Services ("JMI"), the Avery K. Moores 1994 Trust, Barry A. Moores 1993 Trust, Barry O. Moores 1991 Trust, Benjamin H. Moores 1996 Trust, Melissa K. Moores 1990 Trust, Jennifer Ann Moores Trust, John J. Moores, Jr. Trust, Anthony K. Moores 1991 Trust, Molly Moores Schulman 1991 Trust, Jason B. Schulman 1990 Trust, Rachel E. Schulman 1990 Trust, Michael & Debra Baas 1990 Trust, Rosanne E. Baas 1990 Trust, Christopher N. Baas 1990 Trust, Seth J. Baas 1990 Trust, Britton L. Baas 1990 Trust, Patrick & Rosario Baas Trust; Clare C. Toner 1992

Trust; David A. Toner 1992 Trust, and Toni L. Cruse 1994 Trust (all such Trusts referred to herein collectively with JMI, as the "Additional Released Parties").

WHEREAS:

A.      Beginning in May 2002, class action complaints alleging violations of the federal securities laws were filed in the Court against Peregrine and other defendants. The other defendants include former officers and directors of Peregrine, former business partners of Peregrine, and Peregrine's former auditor. The class actions were consolidated pursuant to an Order of the Court entered on July 23, 2002. By Order dated January 30, 2003, the Court appointed the Loran Group as the Lead Plaintiff for securities fraud claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Heywood Waga as Lead Plaintiff for claims on behalf of persons who held shares of either Harbinger Corporation ("Harbinger") or Remedy Corporation ("Remedy") and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of these companies (the "Subclasses"). The claims on behalf of the members of the Subclasses are for violation of Sections 11 and 15 of the Securities Act of 1933 ("1933 Act") and Section 14(a) of the 1934 Act. The Court further appointed the law firm of Gold Bennett Cera & Sidener LLP as Lead Counsel for the Section 10(b) claims and the law firms of Abraham Fruchter & Twersky LLP, and Stull, Stull & Brody as Lead Counsel for the claims brought on behalf of the Harbinger and Remedy Subclasses. These firms are collectively referred to herein as "Lead Counsel";

B.      On March 18, 2003, Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). Because Peregrine had filed for bankruptcy in September 2002, it was no longer named as a defendant in the Consolidated Complaint. The Consolidated Complaint generally alleged that certain defendants

disseminated a series of materially false and misleading statements in public filings, press releases, shareholder reports, audit opinions, and communications with securities analysts during the Class Period that caused Peregrine securities to trade at artificially inflated prices, thereby causing damage to purchasers of Peregrine securities. As to the Harbinger and Remedy Subclasses, the Consolidated Complaint alleged that certain defendants signed registration statements that contained false and misleading statements;

C.       The Court, in an Order dated November 21, 2003, granted in part and denied in part, motions to dismiss filed by various defendants, including certain of the Settling Defendants. Specifically, the Court dismissed the Sections 10(b), 12(a)(2), 14(a), and 20(a) claims against the Settling Defendants without prejudice and with leave to amend, and declined to dismiss the Section 11 claims against certain of the Settling Defendants;

D.       On April 5, 2004, Lead Plaintiffs filed a First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). The Complaint alleges, among other things, that certain of the Settling Defendants in connection with their roles at Peregrine violated Sections 10(b), 14(a), and 20(a) of the 1934 Act, and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, and as to the Harbinger and Remedy Subclasses, the Complaint alleges that certain defendants signed registration statements that contained false and misleading statements and violated Sections 11 and 15 of the 1933 Act, during the Class Period;

E.       The Court, in an Order dated March 30, 2005, dismissed all claims alleged under the 1934 Act against the Settling Defendants. At the Loran Group's request, the Court entered a judgment on January 6, 2006, dismissing those claims with prejudice to allow for an appeal to the Ninth Circuit Court of Appeals. The appeal was argued on November 6, 2007, but no decision

has been issued. Claims under Sections 11 of the 1933 Act against certain of the Settling Defendants were stayed pending resolution of the foregoing appeal.

F.      Lead Plaintiffs asserted claims against Peregrine in Peregrine's bankruptcy case on behalf of the Settlement Class Members. As part of the settlement agreement negotiated by Lead Plaintiffs with Peregrine, Peregrine agreed to assign, and in its plan of reorganization did assign, all of its claims for wrongdoing in connection with its financial failure, to the Peregrine Litigation Trust, with the Settlement Class Members to receive all proceeds recovered by the Peregrine Litigation Trust.

G.      The Peregrine Litigation Trust acting through a Trustee filed the lawsuit captioned *Peregrine Litigation Trust v. Moores, et al.*, San Diego County Superior Court, Case No. GIC 788659 ("the PLT Action"), against certain former officers and directors of Peregrine and other parties allegedly related to said former officers and directors' roles at Peregrine, including the Settling Defendants;

H.      The demurrers of the Settling Defendants and the Additional Related Parties in the PLT Action were sustained without leave to amend on May 3, 2007, and the demurrer ruling in the PLT Action is currently the subject of an appeal before Division One of the Fourth Appellate Division of the State of California, 4th Civil No. D051347 ("the PLT Appeal").

I.      The Settling Defendants are named as defendants in the Class Action and the PLT Action (hereinafter collectively "the Actions"). The Settling Defendants deny any wrongdoing alleged, or which could have been alleged in the Class Action and/or the PLT Action, and neither this Stipulation nor any actions taken to obtain approval of the Settlement shall be construed or deemed to be evidence of or an admission or concession on the part of the Settling Defendants with respect to any claim or of any fault or liability or wrongdoing or damage whatsoever, or any

infirmity in the defenses that the Settling Defendants have asserted. The parties to this Stipulation recognize, however, that the Class Action has been filed by Lead Plaintiffs and the PLT Action has been brought for the benefit of the Class and the Actions have been defended by the Settling Defendants in compliance with the requirements of Federal Rule of Civil Procedure 11(b). The Class Action is being voluntarily settled on the terms set forth herein after advice of counsel and based on the recommendation of the Honorable Edward A. Infante (retired), former Chief Magistrate Judge of the United States District Court for the Northern District of California acting as a mediator, and the parties hereto believe that the terms of this Settlement are fair, adequate and reasonable. This Stipulation shall not be construed or deemed to be a concession by Lead Plaintiffs of any infirmity in the claims asserted in the Class Action;

     J.     Lead Plaintiffs' Counsel have conducted an investigation relating to the claims and the underlying events and transactions alleged in the Class Action. Lead Plaintiffs' Counsel have examined the filings by Peregrine with the U.S. Securities and Exchange Commission before, during and after the Class Period which relate to the allegations in the Class Action. Lead Plaintiffs' Counsel have also inspected hundreds of thousands of documents obtained from Peregrine as a result of the settlement of Lead Plaintiffs' claims against Peregrine;

     K.     Lead Plaintiffs, by their counsel, have conducted discussions and arm's length negotiations with counsel for the Settling Defendants with respect to a compromise and settlement of the Class Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Class;

     L.     Lead Plaintiffs' Counsel analyzed the evidence adduced during their factual investigation. Lead Plaintiffs' Counsel also researched the applicable law with respect to the

claims of Lead Plaintiffs and the Class against the Settling Defendants and the potential defenses thereto;

M.     Lead Plaintiffs and the Settling Defendants realize that the continued litigation of the claims would entail substantial risk, effort and expense and Lead Plaintiffs and the Settling Defendants believe that the claims in the Class Action are best settled on the terms as set forth herein.

N.     Based upon their investigation as set forth above, Lead Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the Class, and in their best interests, and have agreed to settle the claims made in the Class Action, as against the Settling Defendants, pursuant to the terms and provisions of this Stipulation, after considering (a) the substantial benefits that Lead Plaintiffs and the members of the Class will receive from this Settlement, (b) the attendant risks of litigation, and (c) the desirability of permitting the Settlement to be consummated as provided by the terms of this Stipulation.

**NOW THEREFORE**, without any admission or concession on the part of Lead Plaintiffs of any lack of merit of the claims asserted in the Class Action whatsoever, and without any admission or concession of any liability or wrongdoing or lack of merit in the defenses asserted by the Settling Defendants,

It is hereby **STIPULATED AND AGREED**, by and among the parties to this Stipulation, through their respective attorneys, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties hereto from the Settlement, that all Released Claims as against the Settling Defendants shall be

compromised, settled, released and dismissed with prejudice, upon and subject to the following terms and conditions:

## DEFINITIONS

1.     As used in this Stipulation, the following terms shall have the following meanings:

(a)     "Actions" means the Class Action and the PLT Action collectively.

(b)     "Additional Released Parties" means JMI Services, the Avery K. Moores 1994 Trust, Barry A. Moores 1993 Trust, Barry O. Moores 1991 Trust, Benjamin H. Moores 1996 Trust, Melissa K. Moores 1990 Trust, Jennifer Ann Moores Trust, John J. Moores, Jr. Trust, Anthony K. Moores 1991 Trust, Molly Moores Schulman 1991 Trust, Jason B. Schulman 1990 Trust, Rachel E. Schulman 1990 Trust, Michael & Debra Baas 1990 Trust, Rosanne E. Baas 1990 Trust, Christopher N. Baas 1990 Trust, Seth J. Baas 1990 Trust, Britton L. Baas 1990 Trust, Patrick & Rosario Baas Trust; Clare C. Toner 1992 Trust; David A. Toner 1992 Trust, and Toni L. Cruse 1994 Trust.

(c)     "Authorized Claimant" means any Settlement Class Member whose claim for recovery is allowed by the Court.

(d)     "Class Action" means the lawsuit captioned *In re Peregrine Systems, Inc., Securities Litigation*, United States District Court for the Southern District of California, Case No. 02-CV-0870-BEN (RBB), currently stayed, with some claims asserted therein on appeal to the United States Court of Appeals for the Ninth Circuit, Docket No. 06-55197 ("the Class Action Appeal").

(e)     "Complaint" means the First Amended Consolidated Class Action Complaint for Violation of the Federal Securities Laws filed in the Class Action on or about April 4, 2004.

(f)     "Class" and "Class Members" means, for the purposes of this Stipulation only, a class consisting of all Persons (including Lead Plaintiffs) who purchased or otherwise acquired Peregrine common stock during the Class Period and who were injured thereby, and two Subclasses consisting of all Persons who held shares of Harbinger Corporation and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Harbinger Corporation, which was consummated on or about June 16, 2000, and all persons who held shares of Remedy Corporation and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Remedy Corporation, which was consummated on or about August 27, 2001.  Excluded from the Class are: defendants in the Class Action, the Additional Released Parties, members of the immediate families (parents, spouses, siblings and children) of each of the individual defendants, any person, firm, trust, corporation, or entity in which any defendant has a controlling interest, the officers, directors, parents, subsidiaries and affiliates of Peregrine, and the legal representatives, heirs, successors in interest or assigns of any such excluded party.  Also excluded from the Class are any putative Settlement Class Members who exclude themselves by filing a Request for Exclusion in accordance with the requirements set forth in the Notice or putative Settlement Class Members who have previously released the Settling Defendants in connection with Peregrine-related claims.

(g)     "Class Period" means the period of time from July 22, 1999 through May 3, 2002, inclusive.

(h)     "Court" means the United States District Court for the Southern District of California.

(i)    "Effective Date of Settlement" or "Effective Date" means the date upon which the Settlement contemplated by this Stipulation shall become effective, as set forth in paragraph 26 below.

(j)    "Lead Plaintiffs" means the group consisting of David Levy, Leighton Powell, David Schenkel, John Virden, Conrad Willemse, Bill Holman, Bob Benesko, Michael Slavitch, Richard Maheu, and Mark Rollins (hereinafter the "Loran Group") who were appointed as Lead Plaintiffs for the claims arising under Section 10(b) of the 1934 Act, and Heywood Waga (hereinafter "Waga"), who was appointed as Lead Plaintiff for the claims arising under Section 11 of the 1933 Act.

(k)    "Lead Plaintiffs' Counsel" means Lead Plaintiffs' counsel for the Loran Group, Gold Bennett Cera & Sidener LLP, and Lead Plaintiff's Counsel for Waga, Stull, Stull & Brody and Abraham Fruchter & Twersky LLP, who were appointed pursuant to the Order of the District Court dated January 30, 2003.

(l)    "Non-Settling Defendants" means KPMG LLP, BearingPoint, Inc. and Larry Rodda.

(m)    "Notice" means the Second Notice of Pendency of Class Action and Hearing on Proposed Partial Settlement, which is to be finalized by the Parties.

(n)    "Order and Final Judgment" means the proposed order to be entered approving the Settlement, which is to be finalized by the Parties.

(o)    "Parties" means Lead Plaintiffs, the Class and the Settling Defendants.

(p)    "Peregrine" or the "Company" means Peregrine Systems, Inc.

(q)    "Plaintiffs" means, collectively, Lead Plaintiffs and the Class.

(r)     "Plan of Allocation of Settlement Proceeds" or "Plan of Allocation" means the plan previously approved by the Court on November 15, 2006, for the allocation and distribution of the net settlement proceeds to Authorized Claimants.

(s)     "Preliminary Approval Order" means the proposed Order Preliminarily Approving the Settlement and Providing for Notice, which is to be finalized by the Parties.

(t)     "PLT Action" means the lawsuit captioned *Peregrine Litigation Trust v. Moores, et al.*, San Diego County Superior Court, Case No. GIC 788659 currently on appeal to Division One of the Fourth Appellate Division of the State of California, 4th Civil No. D051347 ("the PLT Appeal").

(u)     "Recognized Loss" shall have the same meaning as that term is used in Notice.

(v)     "Released Claims" means all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, fixed or contingent, foreseen or unforeseen, against the Settling Defendants and the Additional Released Parties, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, representatively, derivatively or in any other capacity, in connection with, based upon, arising out of, or relating to any claim that has been or could have been raised in the Class Action or the acts, facts or events alleged in the Actions, including the claims against the Settling Defendants and the Additional Released Parties asserted in the PLT Action. Released Claims as used herein also specifically includes claims which the Plaintiffs do not know or suspect to exist in their favor at the time of this Stipulation which, if known by them, might affect the Settlement and the releases herein, or might affect their decision not to object to, or opt out of, the Settlement. With respect to any and all claims released herein, the Parties agree that, effective upon the Effective Date, Plaintiffs

expressly waive and relinquish, shall be deemed to have, and by operation of the Order and Final

Judgment shall have, expressly waived and relinquished, and the Settling Defendants expressly

waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of

§ 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Additionally, the Parties expressly waive, upon the Effective Date and by operation of the Order

and Final Judgment shall have waived, any and all provisions, rights and benefits conferred by

any law of the United States or of any state or territory of the United States or of any other

country, whether statutory, code, or common law, which is similar, comparable or equivalent to §

1542 of the California Civil Code.  The Parties may hereafter discover facts in addition to or

different from those which they now know or believe to be true with respect to the subject matter

of the claims released herein, but hereby stipulate and agree that they do release, and shall be

deemed to have, and upon the Effective Date and by operation of the Order and Final Judgment

shall have released all claims described herein, whether known or unknown, suspected or

unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist,

or heretofore have existed, upon any theory of law or equity now existing or coming into

existence in the future, without regard to the subsequent discovery or existence of such different

or additional facts.  The Parties acknowledge that the foregoing waiver was bargained for and is a

material term and condition of the Settlement.

   (w)  "Request(s) for Exclusion" means a written request for exclusion from the

Settlement Class as described in the Notice which provides all information requested in the

Notice, is signed by the person or entity seeking exclusion or their counsel, and is made within the time period specified in the Notice.

      (x)    "Settling Defendants" means John J. Moores, Charles E. Noell III, Norris van den Berg, Richard A. Hosley II, Christopher A. Cole, and Rodney F. Dammeyer.

      (y)    "Settling Defendants' Claims" means any and all claims of the Settling Defendants relating to the institution or prosecution of the Class Action and/or the PLT Action, against any of the Lead Plaintiffs, Plaintiffs, Settlement Class Members, or their attorneys.

      (z)    "Settlement" means the settlement contemplated by this Stipulation.

      (aa)    "Settlement Class" means a class certified for settlement purposes only pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure consisting of:

> All Persons (including Lead Plaintiffs) who purchased or otherwise acquired Peregrine common stock during the Class Period and who were injured thereby, and two subclasses ("Subclasses") consisting of all Persons who held shares of Harbinger Corporation and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Harbinger Corporation, which was consummated on or about June 16, 2000, and all persons who held shares of Remedy Corporation and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Remedy Corporation, which was consummated on or about August 27, 2001. Excluded from the Class are: Defendants in the Class Action, the Additional Released Parties, members of the immediate families (parents, spouses, siblings and children) of each of the individual Defendants, any person; firm, trust, corporation, or entity in which any Defendant has a controlling interest, the officers, directors, parents, subsidiaries and affiliates of Peregrine, and the legal representatives, heirs, successors in interest or assigns of any such excluded party. Also excluded from the Class are any putative Class Members who exclude themselves by filing a Request for Exclusion in accordance with the requirements set forth in the Notice, or putative Class members who have previously released the Settling Defendants in connection with Peregrine-related claims.

      (bb)    "Settling Defendants' Counsel" means the law firms of Quinn Emanuel Urquhart Oliver & Hedges LLP, Gibbs & Bruns LLP, Bewley, Lassleben & Miller LLP, and Neal, Gerber & Eisenberg LLP.

(cc)    "Settlement Hearing" means the hearing prescribed by Rule 23(e)(2) of the Federal Rules of Civil Procedure.

(dd)    "Stipulation" means this Stipulation and Agreement of Settlement among the Lead Plaintiffs, the Settling Defendants and the Additional Released Parties.

(ee)    "1934 Act" means the Securities Exchange Act of 1934.

(ff)    "1933 Act" means the Securities Act of 1933.

## CLASS CERTIFICATION

2.      The Parties stipulate, solely for purposes of the Settlement, to certification of the Settlement Class.  This Stipulation to certification of a Class and Subclasses shall apply in the event that the judgment referenced in Paragraph 7(a)(4)(D)(v) is entered.  It is in the intent and agreement of the parties hereto that such judgment be for the benefit of the Lead Plaintiffs and the members of the Class and Subclasses which comprise the Settlement Class.

3.      The Parties further stipulate to the appointment of the Lead Plaintiffs as representatives of the Settlement Class and to the appointment of Lead Plaintiffs' Counsel as Class Counsel, such stipulations being solely for settlement purposes.

4.      If the Effective Date does not occur for any reason, each of the Settling Defendants reserves the right to contest certification of any class in the Class Action.  The execution of this Stipulation and any actions taken to secure approval thereof shall not be used by Lead Plaintiffs in any way to support their request for certification of a class other than in connection with the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

5.      The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Class Action, as against each of the Settling Defendants only, and any and all Released Claims, as well as any and all Settling Defendants' Claims.  The Class Action shall not

be dismissed or settled with respect to the Non-Settling Defendants, by operation of this Stipulation or the Settlement.

6.    (a)    Upon the Effective Date of the Settlement, Lead Plaintiffs, the Class on behalf of themselves, and their respective predecessors, successors, affiliates, heirs, executors, administrators, successors and assigns, and any persons they represent, shall, by operation of the Order and Final Judgment, with respect to each and every Released Claim, release and be deemed to release and forever discharge, and shall forever be enjoined from prosecuting, any Released Claims against the Settling Defendants including without limitation the Class Action and the PLT Action.  Such release and injunction will extend to the Settling Defendants' and the Additional Released Parties' attorneys, agents, insurers, trusts, trustees, estates, employers, employee benefit plans, representatives, heirs, marital community and assigns.

(b)    Upon the Effective Date of the Settlement, the Settling Defendants and the Additional Released Parties shall, by operation of the Order and Final Judgment, release and be deemed to release and forever discharge each and every of the Settling Defendants' Claims, and shall forever be enjoined from prosecuting the Settling Defendants' Claims.

## THE SETTLEMENT CONSIDERATION

7.    (a)    The Settling Defendants shall pay Fifty-Five Million Nine Hundred and Fifty Thousand Dollars ($55,950,000), plus interest as described below (the "Cash Settlement Amount"), into an agreed-upon escrow account (the "Cash Settlement Account") as follows:

(1)    Nine Hundred and Fifty Thousand Dollars ($950,000) shall be paid by Settling Defendant Dammeyer on August 21, 2008;

(2)     Five Million Dollars ($5,000,000) shall be paid by the

Settling Defendants other than Settling Defendant Dammeyer (the "Remaining Settling

Defendants") on October 10, 2008;

(3)     The Remaining Settling Defendants shall pay Twenty-Two

Million Five Hundred Thousand Dollars ($22,500,000) plus interest, on or before January 5, 2009.

Simple interest on this payment shall accrue starting November 3, 2008, at the six-month treasury

bill rate in effect on that date;

(4)     Twenty-Seven Million Five Hundred Thousand Dollars

($27,500,000) (the "Final Payment") shall be paid by the Remaining Settling Defendants,

pursuant to the following terms:

(A)     The Note.  On or before January 5, 2009, the

Remaining Settling Defendants shall provide a promissory note (the "Note") in a form reasonably

satisfactory to Lead Plaintiffs, signed and payable by John J. Moores and Rebecca Ann Moores

jointly as individuals and as Trustees of the John and Rebecca Ann Moores Family Trust (the

"Family Trust") in the amount of Twenty-Seven Million Five Hundred Thousand Dollars

($27,500,000) plus interest, due on October 31, 2009 or on such earlier date as provided below.

The Note may be prepaid at any time at the option of the obligors.  Lead Plaintiffs' Counsel will

be notified if the Family Trust is dissolved, no longer holds substantially all of John and Rebecca

Moores' assets, or if its trustees or beneficiaries change.

(B)     Interest.  Simple interest shall accrue on the Final

Payment starting November 3, 2008.  From November 3, 2008 through March 31, 2009, the rate

of interest shall be the six-month treasury bill rate in effect on November 3, 2008; beginning

March 31, 2009, the rate of interest shall be four percent (4%) per annum.

(C)     Security via Letter of Credit.  Up until delivery of the Note, Defendant Moores will make commercially reasonable efforts to obtain a letter of credit securing the Note.

(D)     Alternative Security and Agreements.  If no letter of credit is obtained (pursuant to the preceding sub-paragraph) prior to delivery of the Note, the following alternative terms will apply:

(i)     Defendant Moores will cause JMI Holdings LLC - Omni Project Investment Series (the "JMIH Omni Series") to grant to Lead Plaintiffs' Counsel a security interest in its economic interest (which is between 72% and 73%) in JMIR Investments LLC - Omni Hotel Investment Series (the "JMIR Omni Series"), which owns a 50% interest in the San Diego Ballpark Hotel Company (the "Hotel Company"), which owns the Omni Hotel San Diego (the "Hotel");

(ii)     Lead Plaintiffs' Counsel will be provided with (a) a written broker's valuation opinion valuing the Hotel, prepared by Holiday Fenoglio Fowler, L.P. on or before January 5, 2009, together with information reflecting the debt balance on the Hotel, (b) representations from Defendant Moores or JMIH Omni Series concerning the absence of liens or encumbrances on the interest held by JMIH Omni Series in JMIR Omni Series and the interest held by JMIR Omni Series in the Hotel Company, and (c) with information reflecting any known recent offers or purchase proposals of these interests;

(iii)     Any distributions received by JMIH Omni Series from its interest in the JMIR Omni Series shall be applied, within ten days of receipt, to prepay a portion of the outstanding balance of the Note; and

(iv)     The Note will be subject to additional mandatory prepayment obligations as follows:  Defendant Moores represents that the certain real estate and other assets, enumerated to Lead Plaintiffs' Counsel, are or will be listed or otherwise offered for sale.  Any net proceeds of sales of these assets, after satisfying existing encumbrances, taxes or debt service requirements as to the particular asset being sold, shall be used to prepay a portion of the outstanding balance of the Note within ten days of receipt.

(v)     The Remaining Settling Defendants hereby stipulate to entry of a judgment if payment default occurs and the Note remains unpaid after October 31, 2009, in a form to be reasonably agreed upon by the parties by January 5, 2009, to be entered jointly and severally against the Family Trust and its beneficiaries, John J. Moores and Rebecca Ann Moores, who are the signatories of the Note, for the full unpaid balance of the Note as of November 1, 2009.

(b)     Under no circumstances shall any of the Settling Defendants be required to pay more than their portion of the Cash Settlement Amount plus interest as specified above in consideration of the Settlement except for the costs of entering and executing the judgment referenced in the subparagraph 7(a)(4)(D)(v) above and any statutory interest thereon.  Lead Plaintiffs' Counsel shall provide wire instructions for the deposit of the Cash Settlement Amount into the Cash Settlement Account.

(c)     The effectiveness of this Stipulation is contingent upon the approval of the form of the Note described in paragraph 7(a)(4)(A) and the form of the judgment described in paragraph 7(a)(4)(D)(v) by all parties.

(d)     As of the date this agreement is signed, Lead Plaintiffs' Counsel acknowledge that there have been no defaults.

(e)      Each Settling Defendant individually represents that his portion of the Cash Settlement Amount of $55,950,000 is free and clear of any liens, judgments, or security interests that relate to him, and that no portion of the Cash Settlement Amount is encumbered in any way. Defendant Moores represents that no portion of the Cash Settlement Amount is subject to a claim by his wife, Rebecca Moores.  To the extent that anyone other than the Settling Defendants contends that they have an interest in any portion of the Cash Settlement Amount, the Settling Defendants shall take all actions reasonably necessary to resolve such claim as to their portion of the Cash Settlement Amount.

8.      (a)      The Cash Settlement Amount, net of any Taxes (as defined below) on the income thereof, shall be used to pay (i) the Notice and Administration Costs referred to in paragraph 10 hereof, (ii) the fees and expense award referred to in paragraph 11 hereof, (iii) the remaining administration expenses referred to in paragraph 12 hereof; and (iv) such amounts in the above categories (i) and (iii) not to exceed $100,000.  The balance of the Cash Settlement Amount after the above payments shall be held in escrow pending further order of the Court.  All funds comprising the Cash Settlement Amount shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to those Settling Defendants that provided the funds, pursuant to this Stipulation and/or further order of the Court.  The Parties hereto agree that the Cash Settlement Amount is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Gilardi & Co., LLC, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any Taxes owed with respect to the Settlement Fund.  Gilardi & Co., LLC is hereafter referred to as the "Claims Administrator."

Settling Defendants' Counsel agree to provide promptly to the Claims Administrator the statement described in Treasury Regulation § 1.468B-3(e).

(b)     All (i) taxes on the income of the Cash Settlement Amount and (ii) expenses and costs incurred in connection with the taxation of the Cash Settlement Amount (including, without limitation, expenses of tax attorneys and accountants) (collectively "Taxes") shall be paid out of the Cash Settlement Account, shall be considered to be a cost of administration of the Settlement and shall be timely paid from the Cash Settlement Account without prior order of the Court.

## ADMINISTRATION

9.     The Settling Defendants shall have no responsibility for the administration of the Settlement and shall have no liability to the Lead Plaintiffs or the Class in connection with such administration. The Settling Defendants shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

10.     Lead Plaintiffs' Counsel may expend from the Cash Settlement Account, without further approval from the Settling Defendants or the Court, up to the sum of $100,000 to pay the reasonable costs and expenses associated with the administration of the Settlement, including without limitation, the costs of identifying members of the Class and effecting mailed Notice and Publication Notice. Such amounts shall include, without limitation, the actual costs of publication, printing and mailing the Notice, reimbursements to nominee owners for forwarding notice to their beneficial owners, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice (collectively "Notice and Administrative Costs"). If the Settlement is not consummated, a refund will be made to those Settling Defendants that provided the funds of remaining non-expended amounts of the $100,000

allocated for Notice and Administrative Costs less amounts that were incurred but not yet expended.

## ATTORNEYS' FEES AND EXPENSES

11.    (a)    Lead Plaintiffs' Counsel intend to apply to the Court for an award from the Cash Settlement Amount of attorneys' fees, and will also request reimbursement of expenses, plus interest thereon, from the proceeds of this Settlement at the same time as final approval of the Settlement is requested. The Settling Defendants will take no position on Lead Plaintiffs' Counsel's prospective fee application or request for reimbursement of expenses. Such attorneys' fees, expenses, and interest as are awarded by the Court shall only be paid from the Cash Settlement Account to Lead Plaintiffs' Counsel after the occurrence of the Effective Date as provided in paragraph 26 hereof.

(b)    Any order or proceedings relating to the fee and expense applications or any appeal from any order relating thereto or reversal or modification thereof shall not operate to terminate or cancel this Stipulation or the Settlement or affect the finality of any final judgment approving the Stipulation or the Settlement of the Class Action.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

12.    In connection with the distribution of the settlement funds generated by this Settlement, the Claims Administrator shall determine each Settlement Class Member's share of the settlement funds based upon the Plan of Allocation.

13.    (a)    Each Authorized Claimant shall be allocated a pro rata share of the cash portion of the settlement funds based on his or her Recognized Loss compared to the total Recognized Loss of all Authorized Claimants and consistent with the Plan of Allocation. This is not a claims-made settlement. The Settling Defendants shall not be entitled to get back any of the

settlement consideration once the Settlement becomes Final. The Settling Defendants shall have no involvement in reviewing or challenging claims.

(b)     Any order or proceedings relating to the Plan of Allocation or any appeal from any order relating thereto or modification thereof shall not operate to terminate or cancel this Stipulation or the Settlement or affect the entry of any final judgment approving the Stipulation or the Settlement of the Class Action except as set forth in the Supplemental Agreement described in paragraph 23 herein.

## ADMINISTRATION OF THE SETTLEMENT

14.     Any member of the Class who has not timely submitted a valid Proof of Claim as and when required by the Court, will be barred from receiving any distribution of the proceeds of this Settlement. Any member of the Settlement Class who does not submit a valid Request for Exclusion in connection with this Settlement will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order and Final Judgment to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Settling Defendants concerning the Released Claims, even if such member of the Settlement Class has not submitted a Proof of Claim.

15.     Lead Plaintiffs' Counsel shall be responsible for supervising the administration of the Settlement and allocation of the Net Settlement Fund by the Claims Administrator. Except for their obligation to pay the Cash Settlement Amount, the Settling Defendants shall have no liability, obligation or responsibility for any administration of the Settlement or allocation of the Net Settlement Fund. Lead Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim submitted in the interests of achieving substantial justice.

16.     For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an "Authorized Claimant," the following conditions shall apply.

(a)     Each Settlement Class Member will be required to submit a Proof of Claim supported by such documents as are designated therein, including proof of the Settlement Class Member's loss, or such other documents or proof as Lead Plaintiffs' Counsel, in their discretion, may deem acceptable;

(b)     All Proofs of Claim shall be submitted in a timely fashion pursuant to such schedule as may be set by Order of the Court.  Any Settlement Class Member who fails to submit a timely Proof of Claim, and who does not submit a valid Request for Exclusion in connection with this Settlement, shall be forever barred from receiving any payment pursuant to this Stipulation (unless, by Order of the Court, a later submitted Proof of Claim by such Settlement Class Member is approved), but shall in all other respects be bound by all of the terms of this Settlement including the terms of the Order of Final Judgment to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Settling Defendants concerning the Released Claims;

(c)     Each Proof of Claim will be submitted to and reviewed by a Claims Administrator, under the supervision of Lead Plaintiffs' Counsel, who shall determine the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below;

(d)     Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator will communicate with the Settlement Class Member in order to remedy curable deficiencies in the Proof of Claim

submitted. The Claims Administrator, under supervision of Lead Plaintiffs' Counsel, will notify, in a timely fashion and in writing, all Settlement Class Members whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons therefore, and shall indicate in such notice that the Settlement Class Member whose claim is to be rejected has the right to a review by the Court if the Settlement Class Member so desires and has complied with the relevant requirements;

       (e)    The administrative determinations of the Claims Administrator accepting and rejecting claims shall, at a time to be determined in the future, be presented to the Court for approval.

17.    The Proof of Claim shall include a provision that each Settlement Class Member shall be conclusively deemed to have submitted to the jurisdiction of the Court with respect to the Settlement Class Member's claim and the enforcement of the release provided for therein.

18.    Payment pursuant to this Stipulation and Court approval shall be deemed final and conclusive against all Settlement Class Members. All Settlement Class Members whose claims may not be approved by the Court and who do not submit a valid Request for Exclusion in connection with this Settlement shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Order of Final Judgment to be entered in the Class Action and the releases provided for herein, and will be barred from bringing any action against the Settling Defendants concerning the Released Claims.

19.    Except as set forth in the Supplemental Agreement described in paragraph 23 herein, all proceedings with respect to the administration, processing and determination of claims described by paragraph 16 of this Stipulation and the determination of all controversies relating

thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, and the Settling Defendants shall have no role with regard thereto.

20.     The Net Settlement Fund shall be distributed to Authorized Claimants, subject to Court Approval, by the Claims Administrator only after the Effective Date and at a time subject to the discretion of Lead Plaintiffs' Counsel, and after: (i) all Claims have been processed, and all Claimants whose Claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance; (ii) all objections with respect to all rejected or disallowed claims have been resolved by the Court; (iii) all matters with respect to attorneys' fees, costs, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time therefore has expired; and (iv) all costs of administration have been paid.  Any funds remaining which have not been claimed by Authorized Claimants shall, after a reasonable period of time, be donated to a charity of Lead Plaintiffs' Counsel's choice.

## PRELIMINARY APPROVAL ORDER

21.     Promptly after this Stipulation has been fully executed, Lead Plaintiffs' Counsel shall apply to the Court for entry of the Preliminary Approval Order.

## ORDER AND FINAL JUDGMENT

22.     The parties shall jointly request that the Court enter an Order and Final Judgment, and this Stipulation and Agreement of Settlement shall not become effective until such time as an Order and Final Judgment substantially in such form (with only such changes as may be agreed to by Lead Plaintiffs and the Settling Defendants) is entered and becomes final, as provided in paragraph 26 hereof.  The parties hereto agree that they will seek entry of the Order and Final Judgment as soon as practicable.

## SUPPLEMENTAL AGREEMENT

23.     Substantially simultaneously herewith, Lead Plaintiffs and the Settling Defendants are executing a "Supplemental Agreement" setting forth, among other things, certain conditions under which this Stipulation may be withdrawn or terminated by the Settling Defendants if potential Settlement Class Members who purchased in excess of a certain number of shares of common stock traded during the Class Period exclude themselves from the Class. The Supplemental Agreement shall not be filed with the Court unless a dispute arises as to its terms or if the Settling Defendants exercise their rights thereunder. In the event of a withdrawal from this Stipulation pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect and the provisions of paragraph 28 shall apply. Notwithstanding the foregoing, the Stipulation shall not become null and void as a result of the election by the Settling Defendants to exercise their option to withdraw from the Stipulation pursuant to the Supplemental Agreement until the conditions for termination set forth in the Supplemental Agreement have been satisfied.

## OPTION TO TERMINATE

24.     Any or all Settling Defendants, in their sole discretion, shall have the option to terminate the Settlement in the event that, prior to the Effective Date, a court renders a decision in either the PLT Appeal as to the Settling Defendants or the Class Action Appeal. Each Settling Defendant shall be entitled to exercise the option to terminate described in this paragraph only if he provides Lead Plaintiffs' Counsel with written notice exercising that option and files that notice with the Court within thirty (30) days of entry of a decision in the PLT Appeal or Class Action Appeal. The Settling Defendants shall use reasonable efforts to obtain a stay of proceedings in the PLT Appeal after execution of this Stipulation and on the Settling Defendants' request Lead Plaintiffs will cooperate in such efforts. Failure to exercise the option set forth in this paragraph

following a decision in the PLT Appeal or a decision as to the Settling Defendants in the Class

Action Appeal does not waive the Settling Defendants' rights to exercise the option following a

subsequent decision of either appeal.  In the event of a withdrawal by a Settling Defendant from

this Stipulation pursuant to this paragraph, this Stipulation shall become null and void as to that

Settling Defendant and of no further force and effect and the provisions of paragraph 28 shall

apply.

**THE SUCCESSOR TRUSTEE ORDER**

25.     If the Order and Final Judgment is not entered substantially in the form agreed to

by the Parties, including without limitation if the Order and Final Judgment does not expressly

with respect to each and every Released Claim, release and forever discharge, and forever enjoin

Lead Plaintiffs, the Class on behalf of themselves, and their respective predecessors, successors,

affiliates, heirs, executors, administrators, successors and assigns, and any persons they represent

from prosecuting any Released Claims, including the PLT Action, against the Settling Defendants;

or, if any court should construe the release and injunction described herein to permit the continued

prosecution of the PLT Action against the Settling Defendants, Lead Plaintiffs and the Class agree

that they will (a) obtain an order from the Court declaring that the Peregrine Litigation Trustee is

currently Richard M. Kipperman, and (b) use best efforts to cooperate with the Settling

Defendants to obtain dismissal of any Released Claims brought by the PLT against the Settling

Defendants and to obtain an executed release from the then Trustee.  Nothing herein prevents any

of the Settling Parties from making such further motions as may be necessary.

**EFFECTIVE DATE OF SETTLEMENT, WAIVER OR TERMINATION**

26.     The Effective Date of Settlement as to any Settling Defendant shall be the date

when all of the following conditions have occurred:

(a)     the Court has entered the Preliminary Approval Order;

(b)     each Settling Defendant has timely deposited his portion of the Cash

Settlement Amount and/or with respect to Settling Defendants other than Dammeyer, paid the

January 2009 payment and given adequate security for the October 2009 payment pursuant to this

Stipulation;

(c)     the Court has approved the Settlement, following Notice to the Class and a

Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure and the

Preliminary Approval Order;

(d)     the Court has entered an Order and Final Judgment, in all material respects

in the form agreed to by the Parties (with only such changes in form as may be accepted by Lead

Plaintiffs and the Settling Defendants), and the expiration of any time for appeal or review of such

Order and Final Judgment, or, if any appeal is filed and not dismissed, after such Order and Final

Judgment is upheld on appeal in all material respects and is no longer subject to review upon

appeal or review by writ of *certiorari*;

(e)     dismissal with prejudice has been entered in the PLT Appeal as to all

Respondents therein and the expiration for any time for appeal or review of such order of final

judgment or dismissal, or, if any appeal therefrom is filed, such dismissal has been upheld on

appeal in all material respects and is no longer subject to review upon appeal or review by writ of

*certiorari*;

(f)     withdrawal or termination has not occurred pursuant to the Supplemental

Agreement or pursuant to paragraph 24 and any remaining rights of withdrawal or termination

under the Supplemental Agreement have been waived by the Settling Defendants; and

(g)     Lead Plaintiffs, as required by the Settling Defendants, and as a condition

precedent to the effectiveness of the Settlement, have entered into a settlement agreement or

agreements with defendants Frederic B. Luddy, Richard T. Nelson, Stephen P. Gardner, and
Matthew C. Gless, for the release by the Class of all Peregrine-related claims, to be finally
approved by the District Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

27.     The Settling Defendants and Lead Plaintiffs shall each have the right to terminate
the Settlement and this Stipulation by providing written notice of their election to do so
("Termination Notice") to the other party hereto within thirty (30) days of (a) the Court's
declining to enter the Preliminary Approval Order in any material respect; (b) the Court's refusal
to approve this Stipulation or any material part of it or to enter the Order and Final Judgment in
any material respect; or (c) the date upon which the Order and Final Judgment is modified or
reversed in any material respect.

28.     Except as otherwise provided herein, in the event the Settlement is terminated or
the Effective Date fails to occur for any reason, then all parties whose rights are affected by this
Stipulation shall be deemed to have reverted to their respective status in the Class Action as of
March 21, 2008 and, except as otherwise expressly provided, the parties shall proceed in all
respects as if this Stipulation and any related orders had not been entered, and any portion of the
Cash Settlement Amount previously paid by any terminating Settling Defendant(s), together with
any interest earned thereon, less any Taxes paid or due with respect to such income, and less the
Notice and Administrative Costs actually incurred and paid or payable from the Cash Settlement
Account (not to exceed $100,000 without the prior approval of the Settling Defendants and the
Court), shall be returned to the Settling Defendant(s) who paid such amounts, by wire transfer,
within ten (10) business days of the event causing termination or non-compliance with the
conditions to effectiveness of the Settlement.

## NO ADMISSION OF WRONGDOING

29.     This Stipulation, whether or not consummated, and any proceedings taken pursuant to it:

(a)     shall not be offered or received against the Settling Defendants or Additional Released Parties or against the Lead Plaintiffs or the Class as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Settling Defendants or the Additional Released Parties or by any of the Lead Plaintiffs or the Class with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Class Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Class Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendants or the Additional Released Parties or in support of a motion for class certification;

(b)     shall not be offered or received against the Settling Defendants or the Additional Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Settling Defendants, or the Additional Released Parties, or against the Lead Plaintiffs or the Class as evidence of any infirmity in the claims of Lead Plaintiffs or the Class;

(c)     shall not be offered or received against the Settling Defendants, or the Additional Released Parties, or against the Plaintiffs as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the

Court, the Settling Defendants and the Additional Released Parties may use its provisions to effectuate the liability protection granted them hereunder;

        (d)     shall not be construed against the Settling Defendants, or the Additional Released Parties, or the Lead Plaintiffs or the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

        (e)     shall not be construed as or received in evidence as an admission, concession or presumption against the Lead Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recoverable in the Class Action would not have exceeded the Cash Settlement Amount.

## BAR ORDER

    30.    It is the intention of the parties to this Stipulation that the Settlement documented herein eliminate all further risk and liability of the Settling Defendants relating to the Released Claims.  Accordingly, the parties agree that as of the Effective Date:

        (a)     In accordance with paragraph 5 hereof, Plaintiffs and each person in the Settlement Class, whether or not that person is an Authorized Claimant and whether or not that person receives a distribution under the Plan of Allocation will release and be deemed to release the Settling Defendants from all Released Claims.

        (b)     In accordance with paragraph 22 hereof, the Order and Final Judgment shall provide for the dismissal of the Released Claims with prejudice as to the Settling Defendants pursuant to Fed. R. Civ. P. 54(b).

        (c)     The Order and Final Judgment shall, in accordance with Section 4(f) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(f)(7)(A), bar, extinguish, discharge and satisfy all claims for contribution against the Settling Defendants, which claims

shall be discharged as a matter of law thereunder.  Such bar order shall permanently bar, enjoin and restrain all persons from commencing, prosecuting or asserting any claim against the Settling Defendants, however styled, whether legal or equitable, whether arising under state, federal or common law, whether for indemnification, contribution or otherwise denominated, where the claim is based upon, arises out of or relates to the claims in the Class Action including, without limitation, any claim in which a Non-Settling Defendant seeks to recover from the Settling Defendants (1) any amounts a Non-Settling Defendant has paid, becomes liable to pay or may become liable to pay (whether in cash or other form of consideration) in the Class Action, and (2) any costs, fees, expenses or attorneys' fees that a Non-Settling Defendant incurred or may incur in the Class Action.  Nothing in this paragraph shall be construed to divest any Non-Settling Defendant of the right to obtain an appropriate judgment reduction or settlement credit available to such Non-Settling Defendant under any applicable statutory or common law rule.

## MISCELLANEOUS PROVISIONS

31.     All of the related agreements finalized by the Parties on or before August 8, 2008 are hereby incorporated by reference as though fully set forth herein.

32.     If there is a conflict between this Stipulation and any exhibit to this Stipulation, the language of this Stipulation shall be controlling.

33.     The parties to this Stipulation intend the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Lead Plaintiffs or the Class against the Settling Defendants with respect to the Released Claims.  Accordingly, Lead Plaintiffs and the Settling Defendants agree that the Class Action was brought by Lead Plaintiffs and defended by the Settling Defendants in compliance with the requirements of Fed. R. Civ. P. 11(b). The parties have no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Class Action by any of the Lead

Plaintiffs, the Class or the Settling Defendants or their counsel.  The parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's length in good faith by the parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

34.     This Stipulation may not be modified or amended, nor may any of its provisions be waived except by a writing signed by all parties hereto or their successors-in-interest.

35.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

36.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and expenses to Lead Plaintiffs' Counsel and enforcing the terms of this Stipulation.

37.     The waiver by any one party of any breach of this Stipulation by any other party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation or a waiver by any other party.

38.     This Stipulation and related documents, together with the Supplemental Agreement, constitute the entire agreement among the parties hereto concerning the Settlement of the Action as to the Settling Defendants, and no representations, warranties, or inducements have been made by any party hereto concerning this Stipulation and related documents finalized by the Parties and the Supplemental Agreement other than those contained and memorialized in such documents.

39.     This Stipulation may be executed in one or more facsimile counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument

provided that counsel for the parties to this Stipulation shall exchange among themselves original signed counterparts.

40.      This Stipulation shall be binding upon, and inure to the benefit of, the parties hereto, and the successors and assigns of the parties hereto.

41.      The construction, interpretation, operation, effect and validity of this Stipulation, and all documents necessary to effectuate it, shall be governed by the laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

42.      This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the parties, it being recognized that it is the result of arm's-length negotiations between the parties and all parties have contributed substantially and materially to the preparation of this Stipulation.

43.      All counsel and any other person executing this Stipulation and related documents finalized by the Parties, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

/

/

/

/

/

/

/

44.    Lead Plaintiffs' Counsel and the Settling Defendants' Counsel agree to cooperate

reasonably with one another in seeking Court approval of the Preliminary Approval Order, the

Stipulation and the Settlement, and to promptly agree upon and execute all such other

documentation as may be reasonably required to obtain final approval by the Court of the

Settlement.

DATED: December 22, 2008

GOLD BENNETT CERA & SIDENER LLP

By: _____
       Solomon B. Cera

Attorneys for Section 10(b) Lead Plaintiff
The Loran Group

DATED: December__, 2008

ABRAHAM FRUCHTER & TWERSKY LLP

By: _____
       Lawrence D. Levit

DATED: December__, 2008

STULL, STULL & BRODY

By: _____
       Howard T. Longman

Attorneys for Section 11 Lead Plaintiff
Heywood Waga

DATED: December 22, 2008

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: _____
       John B. Quinn
       Harry A. Olivar, Jr.

Attorneys for John J. Moores
and JMI Services, Inc.

44.     Lead Plaintiffs' Counsel and the Settling Defendants' Counsel agree to cooperate reasonably with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED:  December ___, 2008            GOLD BENNETT CERA & SIDENER LLP

                                      By: _____
                                            Solomon B. Cera

                                      Attorneys for Section 10(b) Lead Plaintiff
                                      The Loran Group

DATED:  December 23, 2008             ABRAHAM FRUCHTER & TWERSKY LLP

                                      By: _____
                                            Lawrence D. Levit

DATED:  December___, 2008             STULL, STULL & BRODY

                                      By: _____
                                            Howard T. Longman

                                      Attorneys for Section 11 Lead Plaintiff
                                      Heywood Waga

DATED:  December 1, 2008              QUINN EMANUEL URQUHART
                                      OLIVER & HEDGES, LLP

                                      By: _____
                                            John B. Quinn
                                            Harry A. Olivar, Jr.

                                      Attorneys for John J. Moores
                                      and JMI Services, Inc.

44.   Lead Plaintiffs' Counsel and the Settling Defendants' Counsel agree to cooperate reasonably with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation and the Settlement, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

DATED: December ___, 2008

GOLD BENNETT CERA & SIDENER LLP

By: _____
    Solomon B. Cera

Attorneys for Section 10(b) Lead Plaintiff
The Loran Group

DATED: December___, 2008

ABRAHAM FRUCHTER & TWERSKY LLP

By: _____
    Lawrence D. Levit

DATED: December 23, 2008

STULL, STULL & BRODY

By: _____
    Howard T. Longman

Attorneys for Section 11 Lead Plaintiff
Heywood Waga

DATED: December 1, 2008

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: _____
    John B. Quinn
    Harry A. Olivar, Jr.

Attorneys for John J. Moores
and JMI Services, Inc.

02433/2736731.1

34

DATED: December ___, 2008

GIBBS & BRUNS LLP

By: _____
    Robin C. Gibbs
    J. Christopher Reynolds
    Jeffry J. Cotner

Attorneys for Charles E. Noell III,
Richard A. Hosley II, and Norris van den Berg

DATED: December ___, 2008

BEWLEY, LASSLEBEN & MILLER, LLP

By: _____
    Leighton M. Anderson

Attorneys for Christopher A. Cole

DATED: December ___, 2008

NEAL GERBER & EISENBERG LLP

By: _____
    Phillip L. Stern

Attorneys for Respondent Rodney F.
Dammeyer

02433/2740682.1

DATED:  December ___, 2008

GIBBS & BRUNS LLP

By: _____
    Robin C. Gibbs
    J. Christopher Reynolds
    Jeffry J. Cotner

Attorneys for Charles E. Noell III,
Richard A. Hosley II, and Norris van den Berg

DATED:  December ___, 2008

BEWLEY, LASSLEBEN & MILLER, LLP

By: _____
    Leighton M. Anderson

Attorneys for Christopher A. Cole

DATED:  December ___, 2008

NEAL GERBER & EISENBERG LLP

By: _____
    Phillip L. Stern

Attorneys for Respondent Rodney F.
Dammeyer

35

By: _____

    Leighton M. Anderson

Attorneys for Christopher A. Cole

DATED:  December ___, 2008

NEAL GERBER & EISENBERG LLP

By: _____

    Phillip L. Stern

Attorneys for Respondent Rodney F. Dammeyer