FILED

09 JUL 13 AM 8:25

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA



DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PEREGRINE SYSTEMS, INC. SECURITIES LITIGATION | Case No. 02-CV-0870-BEN (RBB) |
| | **ORDER PRELIMINARILY APPROVING SETTLEMENTS, PROVIDING FOR NOTICE, AND SETTING FINAL APPROVAL HEARING** |
| This Document Relates to: | |
| ALL ACTIONS. | |

WHEREAS certain parties hereto have entered into agreements to settle certain of the claims alleged herein, which agreements are specifically set forth in the Stipulation and Agreement of Settlement with Defendants John J. Moores, Charles E. Noell III, Norris van den Berg, Richard A. Hosley II, Christopher A. Cole, and Rodney T. Dammeyer, dated as of August 8, 2008 and the Stipulation and Agreement of Settlement with Defendants Stephen P. Gardner, Matthew C. Gless, Frederic B. Luddy and Richard T. Nelson, dated as of December 22, 2008 (the "Stipulation");[1] and

WHEREAS the Stipulations are subject to review under Rule 23 of the Rules of Civil Procedure; and

---

[1]  Unless otherwise indicated, all capitalized terms used herein shall have the same meaning as that used in the Stipulations.

1    WHEREAS Lead Plaintiffs filed and served on all parties hereto and others a motion for

2   preliminary approval of the settlements reflected in the Stipulations and the Court has considered

3   all written and any oral arguments submitted in connection therewith;

4    WHEREAS the Stipulations are not to be deemed and do not constitute an admission of,

5   or evidence of, liability on the part of Defendants John J. Moores, Charles E. Noell III, Norris

6   van den Berg, Richard A. Hosley II, Christopher A. Cole, and Rodney T. Dammeyer, Stephen P.

7   Gardner, Matthew C. Gless, Frederic B. Luddy, and Richard T. Nelson (collectively, the "Settling

8   Defendants").

9    **NOW, THEREFORE, IT IS HEREBY ORDERED**, this _10_ day of _July_ 2009,

10   that:

11    1.    Pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3), and for the purposes of the

12   settlement reflected in the Stipulation only, a Settlement Class is hereby certified as follows:

13       All persons who purchased Peregrine securities during the period
         from July 22, 1999 through May 3, 2002, inclusive and who
14       suffered damages thereby; (b) a subclass consisting of all persons
         who held shares of Harbinger stock and who acquired Peregrine
15       registered common stock in connection with Peregrine's
         acquisition of Harbinger on or about June 16, 2000, and who
16       suffered damages thereby; and (c) a subclass consisting of all
         persons who held shares of Remedy stock and who acquired
17       Peregrine registered common stock in connection with Peregrine's
         acquisition of Remedy on or about August 27, 2001, and who
18       suffered damages thereby.

19   Excluded from the Settlement Class and Subclasses are: (i) all defendants in the Class Action;

20   (ii) all members of the immediate families (parents, spouses, siblings and children) of such

21   defendants, (iii) any entity affiliated with any defendant in the Class Action or with any member

22   of the immediate family of such defendant, including without limitation any entity in which any

23   such defendant or any member of the immediate family of such defendant has a controlling

24   interest, (iv) the officers, directors, parents, subsidiaries and affiliates of Peregrine, (v) the legal

25   representatives, heirs, successors in interest and assigns of any of the foregoing, and (vi) with

26   respect to the Settling Defendants, any Person who has previously released them from claims

27   relating to Peregrine.

28    2.    The Court finds that the prerequisites for a Plaintiff Settlement Class and

1   Subclasses under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that: (a) the number of

2   Class and Subclass Members is so numerous that joinder of all members thereof is impracticable;

3   (b) there are questions of law and fact common to the Class and Subclasses; (c) the claims of the

4   Lead Plaintiffs are typical of the claims of the Class and Subclasses they represent; (d) the Lead

5   Plaintiffs have and will fairly and adequately represent the interests of the Class and Subclasses;

6   (e) the questions of law and fact common to the members of the Class and Subclasses

7   predominate over any questions affecting only individual members of the Class and Subclasses;

8   and (f) a class action is superior to other available methods for the fair and efficient adjudication

9   of the controversy.  A member of the Class or Subclasses shall hereinafter be referred to as a

10  "Settlement Class Member."

11      3.      Pursuant to Fed.R.Civ.P. 23, Lead Plaintiffs the Loran Group and Heywood Waga

12  are certified as Class Representative for the Class and Subclasses, respectively.  Their counsel,

13  Gold Bennett Cera & Sidener LLP, Stull Stull & Brody, and Abraham Fruchter & Twersky LLP

14  are hereby appointed as Lead Counsel for the Class and Subclasses, respectively.

15      4.      The Court hereby preliminary approves, as fair, reasonable, and adequate under

16  Fed.R.Civ.P. 23 the proposed settlements as reflected in the Stipulations.

17      5.      A hearing (the "Settlement Fairness Hearing") pursuant to Fed.R.Civ.P. 23(e) is

18  hereby scheduled to be held before the Court on *Oct. 16*, 2009, at *0:00* .m. for the

19  following purposes:

20          a.      to finally determine whether the Class and Subclasses satisfy the

21  applicable prerequisites for certification for settlement purposes under Fed.R.Civ.P. 23(a) and

22  (b);

23          b.      to determine whether the proposed settlements as reflected in the

24  Stipulations are fair, reasonable, and adequate, and should be finally approved by the Court;

25          c.      to determine whether the proposed Orders and Final Judgments as

26  provided under the Stipulations should be entered, and to determine whether the releases by the

27  Class and Subclasses, as set forth in the Stipulation, should be provided;

28          d.      to determine whether the requested bar orders should be entered;

1           e.     to consider Lead Counsels' application for an award of attorneys' fees and

2 reimbursement of expenses; and

3           f.     to rule upon such other matters as the Court may deem appropriate.

4      6.     The Court reserves the right to approve the Stipulations with or without

5 modification (if agreed to by the applicable settling parties) and with or without further notice of

6 any kind.  The Court further reserves the right to enter the requested Orders and Final Judgments

7 approving the Stipulations and dismissing the First Amended Consolidated Complaint on the

8 merits and with prejudice as against the Settling Defendants, regardless of whether it has

9 awarded attorneys' fees and expenses.

10     7.     The Court approves the form, substance and requirements of the Second Notice of

11 Pendency of Class Action and Hearing on Additional Proposed Partial Settlements (the

12 "Settlement Notice") and the Second Summary Notice of Pendency of Class Action and Hearing

13 on Additional Proposed Partial Settlement ("Publication Notice"), annexed hereto as Exhibits 1

14 and 2.

15     8.     Lead Counsel shall cause the Settlement Notice, substantially in the form annexed

16 hereto, to be sent by First Class mail, postage prepaid, on or before **[10 days after entry of**

17 **Preliminary Approval Order]**, to all Settlement Class Members who previously submitted

18 Proof of Claim and Release forms ("Proof of Claim") to the Claims Administrator, as well as any

19 additional Class members who can be identified with reasonable effort by Lead Counsel.  Lead

20 Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms

21 and others who purchased or acquired Peregrine securities during the Class Period as record

22 owners but not as beneficial owners.  Such nominee purchasers are directed to: (a) forward

23 copies of the Settlement Notice to the beneficial owners; or (b) provide the Claims Administrator

24 with lists of the names and addresses of the beneficial owners, if such list has not previously been

25 provided.  The Claims Administrator is ordered to send the Settlement Notice promptly to such

26 beneficial owners.  Additional copies of the Settlement Notice shall be made available to any

27 record holder requesting such for the purpose of distribution to beneficial owners, and such

28 record holders shall be reimbursed from the settlement funds, upon receipt by the Claims

1  Administrator of proper documentation, for the reasonable expense of sending the Settlement

2  Notice to beneficial owners.  Lead Counsel shall, at or before the Settlement Fairness Hearing,

3  file with the Court proof of mailing of the Settlement Notice.

4      9.    The Court approves the form of Publication Notice of the proposed settlement in

5  substantially the form and content annexed hereto as Exhibit 2 and directs that Lead Counsel

6  cause the Publication Notice to be published in <u>Investor's Business Daily</u> within ten days of the

7  mailing of the Settlement Notice.  Lead Counsel shall, at or before the Settlement Fairness

8  Hearing, file with the Court proof of publication of the Publication Notice.

9      10.   The form and method set forth herein of notifying the Settlement Class Members

10  of the settlement reflected in the Stipulation and their terms and conditions meet the

11  requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the

12  Securities Exchange Act of 1934, 15 U.S.C. 78u-4(1)(7) as amended by the Private Securities

13  Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the

14  circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15      11.   The previously-appointed Claims Administrator, Gilardi & Co. LLC, shall

16  supervise and administer the notice procedure under the direction of Lead Counsel.  The Claims

17  Administrator shall provide that a copy of the Settlement Notice be posted on its firm's website,

18  together with the original Proof of Claim form, through at least the date of the Settlement

19  Fairness Hearing.  The Claims Administrator shall further be responsible for timely paying all

20  taxes that may be due on the settlement funds, out of the escrow account in which such monies

21  are being held.  The fees of the Claims Administrator together with the costs of notice, up to the

22  amount of $100,000, shall be paid out of the settlement funds, subject to the approval of Lead

23  Counsel, and without further order of the Court.

24      12.   All settlement funds shall be deemed and considered to be in *custodia legis* of this

25  Court, and shall remain within the jurisdiction of this Court, until the funds are distributed

26  pursuant to the Stipulations, the Plan of Allocation previously approved by this Court, and/or

27  further orders of the Court.

28      13.   In connection with prior settlements in this Class Action, the Claims

1    Administrator received and processed Proof of Claim forms from Settlement Class Members.

2    Persons who previously submitted Proof of Claim forms are **not** required to do so again.  Any

3    additional persons who believe they are Settlement Class Members can obtain the Proof of Claim

4    and Release form from the Claims Administrator's website, www.gilardi.com.  If a properly

5    executed Proof of Claim has not previously been submitted, such forms must be submitted to the

6    Claims Administrator, at the Post Office Box indicated in the Settlement Notice, postmarked not

7    later than **[seven days before final approval hearing]**.  All newly submitted Proof of Claim

8    forms must include the information requested in, and otherwise satisfy the conditions set forth in,

9    the Settlement Notice.

10        14.    Settlement Class Members shall be bound by all determinations and judgments in

11    the Class Action with respect to the settlements reflected in the Stipulations, whether favorable

12    or unfavorable and whether or not they have submitted Proof of Claim forms, unless they request

13    exclusion from the Settlement Class or Subclasses in a timely and proper manner, as hereinafter

14    provided.

15        15.    A Settlement Class Member wishing to request exclusion shall make a written

16    request, sent by first class mail, postage prepaid, and postmarked no later than **[55 days after**

17    **date of Preliminary Approval Order]** to the address specified in the Settlement Notice.  The

18    request for exclusion shall clearly indicate the name and address of the Person seeking exclusion,

19    that the Person requests to be excluded from the Settlement Class in *In re Peregrine Systems*

20    *Securities Litigation*, and must be signed by such Person.  A request for exclusion must identify

21    the following information about transactions in Peregrine stock: (a) for every purchase or

22    acquisition of Peregrine stock during the Class Period, the date of the purchase or acquisition, the

23    purchase or acquisition price, and the number of shares purchased or acquired; and (b) for every

24    sale of Peregrine stock during the Class Period, the date of the sale, the sale price, and the

25    number of shares sold.  Any Person requesting exclusion is also requested to provide a telephone

26    number.  The request for exclusion shall not be effective unless it provides the required

27    information and is made within the time stated above, or the exclusion is otherwise accepted by

28    the Court.  Copies of all requests for exclusion received by the Claims Administrator shall be

1  delivered to Lead Counsel and counsel for the Settling Defendants within two (2) business days

2  of receipt thereof.

3      16.    Settlement Class Members requesting exclusion from the Settlement Class and/or

4  Subclasses shall not be entitled to receive any payment from the Settlement Fund, as defined in

5  the Settlement Notice.

6      17.    Neither the Settling Defendants nor their respective counsel shall have any

7  responsibility for, nor interest in, the investment or distribution of the Settlement Fund, the Plan

8  of Allocation, the determination, administration, or calculation of claims, any application of Lead

9  Counsel for attorneys' fees and reimbursement of expenses, or the payment, or withholding of

10  taxes, or any losses incurred therewith, and such matters will be considered separately from the

11  fairness, reasonableness and adequacy of the settlement reflected in the Stipulation.

12      18.    Settlement Class Members may enter an appearance in this litigation, at their own

13  expense, individually or through counsel of their choice.  If no appearance is made, they will be

14  represented by Lead Counsel.

15      19.    The Court will consider comments and/or objections to the settlements reflected

16  in the Stipulations, or the award of attorneys' fees and reimbursement of expenses only if such

17  comments and/or objections and any supporting papers are filed in writing with the Clerk of the

18  Court, United States District Court for the Southern District of California, 880 Front Street,

19  Room 4290, San Diego, California 92101, and copies of all such papers are served, on or before

20  **[55 days after date of Preliminary Approval Order]** on Solomon B. Cera, Esq., Gold Bennett

21  Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA 94105-2835, Howard T.

22  Longman, Esq., Stull Stull & Brody, 6 East 45th Street, New York, NY 10017, Lawrence D.

23  Levit, Esq., Abraham Fruchter & Twersky LLP, One Penn Plaza, Suite 2805, New York, NY

24  10119-0165, on behalf of Lead Plaintiffs; and Harry A. Olivar, Jr., Esq., Quinn Emanuel

25  Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California

26  90017, on behalf of defendant John J. Moores; Robin C. Gibbs, Esq., Gibbs & Burns LLP, 1100

27  Louisiana, Suite 5300, Houston, TX 77002, on behalf of defendants Charles E. Noell III, Richard

28  A. Hosley II, and Norris van den Berg; Leighton M. Anderson, Esq., Bewley, Lassleben Miller,

1  LLP, 13215 East Penn Street, Suite 510, Whittier, CA 90602-1797, on behalf of defendant

2  Christopher A. Cole; and Phillip L. Stern, Esq., Neil, Gerber & Eisenberg LLP, 2 North LaSalle

3  Street, 22nd Floor, Chicago, IL 60615, on behalf of defendant Rodney T. Dammeyer; Caroline

4  McIntyre, Bergeson LLP, 303 Almaden Blvd., Suite 500, San Jose, CA 95113-1611, on behalf of

5  Stephen P. Gardener; Thomas L. Vance, Esq., Vance & Blair, LLP, 853 Camino Del Mar, Suite

6  202, Del Mar, CA 92014, on behalf of Matthew C. Gless; Christopher H. McGrath, Esq., Paul

7  Hastings Janofsky & Walker, LLP, 4747 Executive Drive, 12th Floor, San Diego, CA 92121, on

8  behalf of Frederic B. Luddy; Christian Humphreys, Esq., McKenna Long & Aldridge, LLP,

9  Symphony Towers, 750 B Street, Suite 3300, San Diego, CA 92101, on behalf of Richard T.

10  Nelson.  Attendance at the Settlement Fairness Hearing is not necessary; however, Persons

11  wishing to be heard orally in opposition to the approval of the Stipulations, and/or the request for

12  attorneys' fees are required to indicate in their written objection their intention to appear at the

13  hearing.  Persons who intend to object to the Stipulations, and/or counsel's application for an

14  award of attorneys' fees and expenses and desire to present evidence at the hearing must include

15  in the written objection the identity of any witnesses that may called to testify and exhibits they

16  intend to introduce into evidence at said hearing.  Settlement Class Members do not need to

17  appear at the hearing or take any other action to indicate their approval.

18        20.     All papers in support of final approval of the settlements reflected in the

19  Stipulations, and the application of Lead Counsel for an award of attorneys' fees and

20  reimbursement of expenses shall be filed and served on or before **[40 days after date of**

21  **Preliminary Approval Order]**.

22        21.     Pending final determination of whether the settlements reflected in the

23  Stipulations should be approved, the Lead Plaintiffs, the Settlement Class Members, and anyone

24  who acts or purports to act on their behalf shall not institute, commence or prosecute any action

25  or claim arising out of their purchase or acquisition of Peregrine securities against any of the

26  Settling Defendants.

27        22.     If: (a) the Stipulations are terminated by a Settling Defendant; or (b) any specified

28  condition to the settlements set forth in the Stipulations is not satisfied and the satisfaction of

1 | such condition is not waived by the parties thereto; or (c) the Court rejects, in any respect, the

2 | Orders and Final Judgments in substantially the form and content annexed to the Stipulations,

3 | and Lead Counsel and Counsel for the Settling Defendants do not consent to the entry of another

4 | form of order in lieu thereof; or (d) the Court rejects the Stipulations, including any amendment

5 | thereto approved by Lead Counsel and Counsel for the Settling Defendants; or (e) the Court

6 | approves the Stipulations, including any amendment thereto approved by Lead Counsel and

7 | Counsel for the Settling Defendants, but such approval is reversed on appeal and such reversal

8 | becomes final; or (f) the settlements reflected in the Stipulations are terminated or this Order

9 | does not become effective for any reason, then, in any such event, this Order Preliminarily

10 | Approving Settlements and Providing for Notice shall be null and void as to the applicable

11 | settling parties, of no further force or effect, and without prejudice to any party, and may not be

12 | introduced as evidence or referred to in any actions or proceedings by any person or entity.

13 |      23.      The Court retains exclusive jurisdiction over this class action to consider all

14 | further matters arising out of or connected with the settlements reflected in the Stipulations,

15 | including enforcement of the releases provided for in the Stipulations.

16 | **IT IS SO ORDERED.**

17 | Dated: _____, 2009

18 | Roger T. Benitez
United States District Judge

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS AND PROVIDING FOR NOTICE -
Case No. 02-CV-0870-BEN (RBB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE PEREGRINE SYSTEMS, INC.<br>SECURITIES LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Case No. 02-CV-0870-BEN (RBB) |

## SECOND NOTICE OF PENDENCY OF CLASS ACTION AND
## HEARING ON ADDITIONAL PROPOSED PARTIAL SETTLEMENTS

TO:    ALL PERSONS WHO PURCHASED OR ACQUIRED PEREGRINE SYSTEMS, INC. SECURITIES DURING THE PERIOD FROM JULY 22, 1999 THROUGH MAY 3, 2002, INCLUSIVE, INCLUDING ALL PERSONS WHO OWNED SHARES OF HARBINGER CORP. OR REMEDY CORP. STOCK AND EXCHANGED THOSE SHARES FOR PEREGRINE SHARES.

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  IF YOU ARE A SETTLEMENT CLASS MEMBER, AS DEFINED HEREIN, YOU MAY BE ENTITLED TO RECEIVE A CASH BENEFIT PURSUANT TO THE PROPOSED PARTIAL SETTLEMENTS DESCRIBED IN THIS NOTICE.

EXCLUSION DEADLINE: REQUESTS FOR EXCLUSION MUST BE SUBMITTED POSTMARKED ON OR BEFORE [55 DAYS AFTER DATE OF PRELIMINARY APPROVAL ORDER].

SECURITIES BROKERS AND OTHER NOMINEES: PLEASE SEE INSTRUCTIONS ON PAGE __ HEREIN.

#120595

## I.   SUMMARY OF SETTLEMENT AND RELATED MATTERS

1.     This Notice of Pendency of Class Action and Hearing on Proposed Partial

Settlements (the "Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure

and an Order of the United States District Court for the Southern District of California (the

"Court") dated July 10 , 2009.  The purpose of this Notice is to inform you of additional

proposed settlements (collectively referred to as the "Settlement") in the aggregate principal

amount of $56,075,000, which will affect your rights in this Class Action relating to Peregrine

Systems, Inc. ("Peregrine").  Final approval of the Settlement will be considered at a hearing to

be held by the Court to consider its fairness, reasonableness, and adequacy.  This Notice

describes your rights under the Settlement and what steps you may take in relation to this Class

Action.  Capitalized terms used in this Notice have the meanings given to them in the

"Definitions" section below unless otherwise defined.  The Settlement discussed herein relates to

claims against the following defendants, who were former outside directors of Peregrine: John J.

Moores, Charles E. Noell III, Norris van den Berg, Richard A. Hosley II, Christopher A. Cole,

and Rodney F. Dammeyer (at times collectively referred to as the "Outside Director Settling

Defendants"); and the following defendants who were former officers of Peregrine: Stephen P.

Gardner, Matthew C. Gless, Frederic B. Luddy, and Richard T. Nelson (at times collectively

referred to as the "Officer Settling Defendants").  The Outside Director Settling Defendants and

the Officer Settling Defendants are collectively referred to as the "Settling Defendants."  The

Class previously settled claims against Peregrine in connection with Peregrine's Bankruptcy

Court proceedings.  Prior settlements were also reached with defendants Arthur Andersen LLP,

Douglas S. Powanda, William D. Savoy and Thomas G. Watrous.  These prior settlements,

approved by the Court, were described in a previous notice dated July 31, 2006.  This Notice is

not an expression of any opinion by the Court as to the merits of any claims or any defenses

asserted by any party in this Class Action or as to the fairness or adequacy of the Settlement.

## II.      STATEMENT OF PLAINTIFFS' RECOVERY

2.      The Settlement, if finally approved, will consist of $56,075,000 plus

approximately $5,000,000 which is being held by the Peregrine Litigation Trust, resulting in a

Settlement Fund of approximately $61,075,000.  The Settlement Fund will be available for

distribution to Settlement Class Members, subject to deduction for costs of notice and

administration, and for attorneys' fees, costs and expenses as approved by the Court.  Attorneys'

fees equal to 20% of the Settlement Fund and expenses of up to $500,000 are being requested.

Your recovery from these funds will depend on a number of variables, including the number and

timing of Peregrine shares you purchased, whether they were acquired on the open market or

through an exchange of shares, and the number of claims submitted.  It is estimated that if all

eligible Peregrine securities purchasers or exchangers covered by this Settlement were to file

claims to share therein, then the average recovery per damaged share of common stock under the

Settlement would be $0.11 per share (before the deduction of any Court-awarded attorneys' fees

and expenses).

## III.      STATEMENT OF POTENTIAL OUTCOME OF CASE

3.       The Lead Plaintiffs (defined hereinafter) and the Settling Defendants disagree as

to both liability and damages and do not agree on the average amount of damages per share, if

any, that would be recoverable if Lead Plaintiffs were to prevail on the claims alleged against the

Settling Defendants.  In addition to the numerous risks of litigation and liability issues on which

the parties disagree, the damage-related issues on which the parties disagree include: (a) whether

any affirmative misstatements were made by any Settling Defendant; (b) whether the alleged

misstatements or omissions were made intentionally, recklessly, negligently, or innocently; (c)

the appropriate economic model for determining the amount by which Peregrine's securities

were allegedly artificially inflated (if at all) during the Class Period (defined below); (d) the

amount by which Peregrine's securities were allegedly artificially inflated (if at all) during the

Class Period; (e) the effect of various market forces influencing the trading price of Peregrine's

securities at various times during the Class Period; (f) the extent to which external factors, such

as general market and industry conditions, influenced the trading price of Peregrine's securities

at various times during the Class Period; (g) the extent to which the various matters that Lead

Plaintiffs allege were materially false or misleading influenced (if at all) the trading price of

Peregrine's securities at various times during the Class Period; (h) the extent to which the

various allegedly adverse material facts that Lead Plaintiffs allege were omitted influenced (if at

all) the trading price of Peregrine's securities at various times during the Class Period; and (i)

whether any statements made or facts allegedly omitted were material or otherwise actionable

under the federal securities laws.  Under the relevant securities laws, a claimant's recoverable

damages are limited to the losses attributable to the alleged fraud or material misrepresentations

or omissions.  Losses which resulted from factors other than the alleged fraud or material

misrepresentations or omissions are not compensable under the federal securities laws.

    4.       Lead Counsel believe that there was a substantial risk that Lead Plaintiffs and the

Settlement Class might not have recovered anything from the Settling Defendants in light of the

status of the litigation, the absence of insurance to satisfy the claims asserted in the Class Action

not exhausted by defense costs, and the defenses asserted to the claims.  Absent the Settlement,

Lead Plaintiffs could have recovered nothing or substantially less than the settlement amount herein described.

5.      The Settling Defendants deny that they are liable to the Lead Plaintiffs or the Settlement Class and deny that Lead Plaintiffs or the Settlement Class have suffered any damages.

IV.    **STATEMENT OF ATTORNEYS' FEES AND  REIMBURSEMENT OF EXPENSES SOUGHT**

6.      Lead Counsel intend to apply for fees equal to 20% of the Settlement Fund (an average of $0.03 per damaged share).  This amount is based on the recommendation of the retired federal Magistrate Judge who served as a mediator for various settlement negotiations in this Action.  Lead Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, with the expectation that if they were successful in obtaining a recovery for the Settlement Class they would be compensated for their efforts from such recoveries.  In this type of litigation, it is customary for counsel to be awarded a percentage of the common fund they have created as their attorneys' fees.  Lead Counsel are not seeking a fee on the amounts distributed in connection with assets forfeited by Defendant Gardner to the United States government.

7.      Lead Counsel are also seeking reimbursement of expenses in an amount not to exceed $500,000 incurred in this litigation from April 30, 2006 through the date on which final approval of the Settlement is granted.

V.    **REASONS FOR THE SETTLEMENT**

8.      The principal reason for the Settlement is the immediate substantial cash benefit to be made available to Settlement Class Members if the Settlement is finally approved and

becomes effective. This benefit must be compared to the risk that no recovery might be achieved from the Settling Defendants in view of the current status of the litigation, the significant delay that may arise from continued litigation against these defendants, and the possibility that some or all of the Settling Defendants might ultimately be found not liable to Lead Plaintiffs and/or the Settlement Class.

## VI.     **BACKGROUND OF THE LITIGATION**

9.     Peregrine at all times during the Class Period was a publicly traded company headquartered in San Diego, California that developed and marketed software products, and whose stock was traded on NASDAQ.

10.     Beginning in May 2002, class action complaints alleging violations of the federal securities laws were filed in the Court against Peregrine and other defendants. The other defendants include former officers and directors of Peregrine, former strategic alliance partners of Peregrine, and Peregrine's former auditor. The class actions were consolidated pursuant to an Order of the Court entered on July 23, 2002. By Order dated January 30, 2003, the Court appointed the Loran Group as the Lead Plaintiff for securities fraud claims arising under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Heywood Waga as Lead Plaintiff for claims on behalf of persons who held shares of either Harbinger Corporation ("Harbinger") or Remedy Corporation ("Remedy") and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of these companies (the "Subclasses"). The claims on behalf of the members of the Subclasses are for violation of Sections 11 and 15 of the Securities Act of 1933 and Section 14(a) of the 1934 Act. The Court further appointed the law firm of Gold Bennett Cera & Sidener LLP as Lead Counsel for the Sections 10(b) and 20(a) claims and the law firms of Abraham Fruchter & Twersky LLP, and Stull, Stull & Brody as Lead

Counsel for the claims brought on behalf of the Harbinger and Remedy Subclasses (collectively referred to as "Lead Counsel").

11.     On March 18, 2003, Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). The Consolidated Complaint generally alleged that certain defendants disseminated a series of materially false and misleading statements in public filings, press releases, shareholder reports, audit opinions, and communications with securities analysts during the Class Period that caused Peregrine securities to trade at artificially inflated prices, thereby causing damage to purchasers of Peregrine securities. As to the Harbinger and Remedy Subclasses, the Consolidated Complaint alleged that certain defendants signed registration statements that contained false and misleading statements.

12.     The Court, in an Order dated November 21, 2003, granted in part and denied in part motions to dismiss filed by various defendants, including certain of the Settling Defendants. Specifically, the Court dismissed the Section 10(b), 12(a)(2), 14(a), 15 and 20(a) claims against certain of the Outside Director Settling Defendants without prejudice and with leave to amend, and refused to dismiss the Section 11 claims against certain of the Outside Director Settling Defendants. The motions to dismiss filed by Defendants Nelson and Luddy were granted in their entirety. The motions to dismiss filed by Defendants Gardner and Gless were granted with respect to the Section 12(a)(2) and 14 claims, but denied as to the Section 10(b), 11, 15 and 20(a) claims.

13.     On April 5, 2004, Lead Plaintiffs filed a First Amended Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint"). Because Peregrine had filed for bankruptcy in September 2002, it was no longer named as a defendant in the Complaint. The Complaint generally alleges that certain defendants disseminated a series of

materially false and misleading statements in public filings, press releases, shareholder reports, audit opinions, and communications with securities analysts during the Class Period which caused Peregrine securities to trade at artificially inflated prices, thereby causing damage to purchasers of Peregrine securities. As to the Harbinger and Remedy Subclasses, the Complaint alleges that certain defendants signed registration statements that contained false and misleading statements.

14.     The Complaint alleges that material overstatements of the Company's revenues and earnings disseminated during the Class Period resulted from the Company's failure to recognize revenue properly when it was earned under applicable accounting rules and to report Peregrine's true financial results accurately. Peregrine restated earnings for fiscal years 2000 and 2001. The primary reason for the restatements was the overstatement of revenue.

15.     The Complaint further alleges that Lead Plaintiffs and other Class Members purchased or otherwise acquired Peregrine securities during the Class Period at artificially inflated prices as a result of certain defendants' dissemination of false and misleading statements and suffered losses when the truth about Peregrine's financial condition became known and Peregrine's stock price declined.

16.     The Settling Defendants deny all allegations of wrongdoing or liability in the Class Action. The Settling Defendants (excluding Stephen P. Gardner, Matthew C. Gless, and Richard T. Nelson) also deny all other accusations of wrongdoing or violations of law, and have asserted numerous defenses to the claims were this litigation to proceed against them. Stephen P. Gardner, Matthew C. Gless, and Richard T. Nelson have pled guilty to criminal charges, but otherwise deny all allegations of wrongdoing or violations of law. The Settlement is not and shall not be construed or be deemed to be evidence or an admission or a concession on the part

of the Settling Defendants of any fault or liability or damages whatsoever, and they do not concede any infirmity in the defenses which they have asserted or intended to assert in the Class Action.

17.     The Court, in an Order dated March 30, 2005, granted in part and denied in part motions to dismiss filed by various defendants, including certain of the Settling Defendants. Specifically, the Court dismissed the Sections 10(b) and 20(a) claims against the Settling Defendants, and refused to dismiss the Sections 11 and 14(a) claims against certain of the Settling Defendants. Thereafter, the Court entered a Rule 54(b) judgment as to the Section 10(b) claims in favor of the Settling Defendants and stayed prosecution of the Section 11 claims until final resolution of an appeal as to the Section 10(b) claims. Lead Plaintiff the Loran Group appealed the dismissal of the Section 10(b) claims to the Ninth Circuit Court of Appeals. The appeal was argued on November 6, 2007. If this Settlement is finalized, the appeal will be withdrawn as to the Settling Defendants. On January 23, 2009, the Ninth Circuit affirmed the dismissal of the claims against defendants KPMG LLP, BearingPoint, Inc. and Larry Rodda.

## VII.    BACKGROUND TO THE SETTLEMENT

18.     Lead Counsel has conducted an investigation relating to the claims and the underlying events and transactions alleged in the Complaint. Lead Counsel has examined relevant filings by Peregrine with the United States Securities and Exchange Commission before, during and after the Class Period. Further, Lead Counsel was able to obtain access to Peregrine's business records during the relevant period as a result of Lead Counsel's negotiations with Peregrine during its Bankruptcy Court proceedings. Based on the foregoing, Lead Counsel believe that in light of the current status of the litigation against the Settling Defendants, the Settlement represents a significant and highly beneficial recovery for Settlement Class Members.

19.     Lead Counsel have analyzed the evidence adduced during their factual investigation and have researched the applicable law with respect to the claims of Lead Plaintiffs and the Settlement Class against the Settling Defendants and the potential defenses thereto.  Prior to entering into the Settlement described herein, Lead Counsel conducted an extensive investigation of the claims, including the analysis of hundreds of thousands of documents and e-mails produced by Peregrine.

20.     Lead Plaintiffs, through Lead Counsel, have conducted discussions and arms' length negotiations with counsel for the Settling Defendants regarding a compromise and settlement of the Class Action with a view to settling the issues in dispute and achieving the best relief possible consistent with the interests of the Settlement Class Members.  As to the Outside Director Settling Defendants, the parties were assisted in these efforts by a retired United States Magistrate Judge serving as a settlement mediator.

21.     Lead Plaintiffs and the Settling Defendants realize that the continued litigation of the claims would entail substantial effort and expense and involve considerable risk and uncertainty, and believe that the claims in the Class Action as against the Settling Defendants are best settled as set forth herein.

22.     No determination has been made by the Court as to liability or the amount, if any, of damages suffered by the Class, nor the proper measure of any such damages.  The Settlement will provide a substantial cash benefit for Settlement Class Members and avoid the risk that liability or damages might not be proven against the Settling Defendants, or that if liability and damages are proven against them, that any ensuing judgment might not be collectible from them.  Under relevant law, the ultimate liability of these Non-Settling Defendants, if any, may be reduced by the larger of the amount of the settlement payments or the proportionate

responsibility of the Settling Defendants for any damage ultimately proven to have been incurred by the Settlement Class.

23.     A FINAL DETERMINATION HAS NOT BEEN MADE ON THE MERITS OF THE LEAD PLAINTIFFS' CLAIMS AGAINST THE SETTLING DEFENDANTS OR THEIR DEFENSES THERETO.  ALTHOUGH THE COURT HAS MADE CERTAIN RULINGS ON LEAD PLAINTIFFS' CLAIMS, AS DESCRIBED IN PARAGRAPHS 12 AND 17 ABOVE, THIS NOTICE DOES NOT IMPLY THAT THERE HAS BEEN OR WOULD BE ANY FINDING OF VIOLATION OF THE LAW OR THAT RECOVERY COULD BE HAD IN ANY AMOUNT IF THE ACTION WERE NOT SETTLED.

## VIII.  **DEFINITIONS**

24.     "Actions" means the Class Action and the PLT Action collectively.

25.     "Additional Released Parties" means JMI Services, the Avery K. Moores 1994 Trust, Barry A. Moores 1993 Trust, Barry O. Moores 1991 Trust, Benjamin H. Moores 1996 Trust, Melissa K. Moores 1990 Trust, Jennifer Ann Moores Trust, John J. Moores, Jr. Trust, Anthony K. Moores 1991 Trust, Molly Moores Schulman 1991 Trust, Jason B. Schulman 1990 Trust, Rachel E. Schulman 1990 Trust, Michael & Debra Baas 1990 Trust, Rosanne E. Baas 1990 Trust, Christopher N. Baas 1990 Trust, Seth J. Baas 1990 Trust, Britton L. Baas 1990 Trust, Patrick & Rosario Baas Trust; Clare C. Toner 1992 Trust; David A. Toner 1992 Trust, and Toni L. Cruse 1994 Trust.

26.     "Authorized Claimant" means any Settlement Class member whose Claim for recovery is allowed by the Court.

27.   "Class Action" means the lawsuit captioned *In re Peregrine Systems, Inc.,*
*Securities Litigation*, United States District Court for the Southern District of California, Case
No. 02-CV-0870-BEN (RBB).

28.   "Class Period" means the period of time from July 22, 1999 through May 3, 2002,
inclusive.

29.   "Court" means the United States District Court for the Southern District of
California.

30.   "Excluded Settlement Class Members" means any Settlement Class member who
validly requests exclusion from the Settlement, as set forth in this Notice.

31.   "Lead Counsel" means the law firms appointed as lead counsel in the Court's
January 30, 2003 Order: Gold Bennett Cera & Sidener LLP as Lead Counsel for the Section
10(b) and 20(a) claims and Abraham Fruchter & Twersky LLP and Stull, Stull & Brody as Lead
Counsel for the claims brought on behalf of the Harbinger and Remedy Subclasses.

32.   "Lead Plaintiffs" means the group consisting of David Levy, Leighton Powell,
David Schenkel, John Virden, Conrad Willemse, Bill Holman, Bob Benesko, Michael Slavitch,
Richard Maheu, and Mark Rollins (hereinafter the "Loran Group") who were appointed as Lead
Plaintiffs for the claims arising under Section 10(b) of the 1934 Act, and Heywood Waga
(hereinafter "Waga"), who was appointed as Lead Plaintiff for the claims arising under Section
11 of the 1933 Act.

33.   "Person" means an individual or entity, including any corporation (including any
division or subsidiary), partnership, limited partnership, association, joint stock company, estate,
legal representative, trust, unincorporated association, or government or any political subdivision
or agency thereof.

34.     "Plan of Allocation" means the plan, previously approved by the Court on November 15, 2006, for the allocation and distribution of the Settlement proceeds to Authorized Claimants.

35.     "PLT Action" means the lawsuit captioned *Peregrine Litigation Trust v. Moores, et al.*, San Diego Superior Court, Case No. GIC 788659, which is currently on appeal to Division One of the Fourth Appellate Division of the State of California, Civil No. D051347.

36.     "Released Claims" means all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, fixed or contingent, foreseen or unforeseen, against the Settling Defendants and the Additional Released Parties, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, representatively, derivatively or in any other capacity, in connection with, based upon, arising out of, or relating to any claim that has been or could have been raised in the Actions or the acts, facts or events alleged in the Actions, including the claims against the Settling Defendants and the Additional Released Parties asserted in the PLT Action.  Released Claims also specifically include claims the Lead Plaintiffs and Settlement Class do not know or suspect to exist in their favor at the time of the Settlement which, if known by them, might affect the Settlement and the releases therein, or might affect their decision not to object to, or opt out of, the Settlement. With respect to any and all claims released herein, the Parties agree that, effective upon the Effective Date, Plaintiffs expressly waive and relinquish, shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived and relinquished, and the Settling Defendants expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH**

**IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED
HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Additionally, the Parties expressly waive, upon the Effective Date and by operation of the Order

and Final Judgment shall have waived, any and all provisions, rights and benefits conferred by

any law of the United States or of any state or territory of the United States or of any other

country, whether statutory, code, or common law, which is similar, comparable or equivalent to

§ 1542 of the California Civil Code.  The Parties may hereafter discover facts in addition to or

different from those which they now know or believe to be true with respect to the subject matter

of the claims released herein, but hereby stipulate and agree that they do settle and release, and

shall be deemed to have, and upon the Effective Date and by operation of the Order and Final

Judgment shall have, settled and released all claims described herein, whether known or

unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

hidden, which now exist, or heretofore have existed, upon any theory of law or equity now

existing or coming into existence in the future, without regard to the subsequent discovery or

existence of such different or additional facts.  The Parties acknowledge that the foregoing

waiver was bargained for and is a material term and condition of the Settlement.

   37. "Settlement" refers to the agreements to settle claims in the Class Action, which,

if approved, will result in dismissal of the claims in the PLT Action, as set forth in the

Stipulation and Agreement of Settlement with defendants John J. Moores, Charles E. Noell III,

Norris van den Berg, Richard A. Hosley II, Christopher A. Cole, and Rodney F. Dammeyer

dated as of August 8, 2008, and the Stipulation and Agreement of Settlement with Defendants

Stephen P. Gardner, Matthew C. Gless, Frederic B. Luddy, and Richard T. Nelson dated as of

December 22, 2008, both of which are on file with the Court.

   38. "Settlement Class" means:

> All Persons (including Lead Plaintiffs) who purchased or otherwise
> acquired Peregrine common stock during the Class Period and who
> were injured thereby, and two subclasses ("Subclasses") consisting
> of all Persons who held shares of Harbinger Corporation and who

#120595                                       13

acquired Peregrine registered common stock in connection with
Peregrine's acquisition of Harbinger Corporation, which was
consummated on or about June 16, 2000, and all Persons who held
shares of Remedy Corporation and who acquired Peregrine
registered common stock in connection with Peregrine's
acquisition of Remedy Corporation, which was consummated on
or about August 27, 2001.

Excluded from the Settlement Class are: defendants in the Actions, the Additional Released

Parties, members of the immediate families (parents, spouses, siblings and children) of each of

the individual defendants; any person, firm, trust, corporation, or entity in which any defendant

has a controlling interest; the officers, directors, parents, subsidiaries, and affiliates of Peregrine;

and the legal representatives, heirs, successors in interest or assigns of any such excluded party.

Also excluded from the Settlement Class are any putative class members who exclude

themselves by filing a Request for Exclusion in accordance with the requirements set forth in this

Notice, or putative class members who have previously released the Settling Defendants in

connection with Peregrine-related claims.

39.     "Settlement Fund" means all funds deposited in an escrow account by the Settling

Defendants, including accumulated interest or other earnings, less any costs, expenses, reserves,

taxes, or attorneys' fees paid therefrom (as authorized by the Stipulation or by Court Order) and

the balance of funds held by the Peregrine Litigation Trust, which totaled approximately

$5,000,000 as of January 31, 2009.  The funds from the PLT are being included in the Settlement

Fund in accordance with an Order of the Bankruptcy Court as conceived and structured by Lead

Counsel.

40.     "Settling Defendants" means, collectively, John J. Moores, Charles E. Noell III,

Norris van den Berg, Richard A. Hosley II, Christopher A. Cole, Rodney F. Dammeyer, Stephen

P. Gardner, Matthew C. Gless, Frederic B. Luddy, and Richard T. Nelson.

## IX.    TERMS OF THE PROPOSED SETTLEMENTS

41.    In full and complete resolution of the claims which have or could have been asserted against the Settling Defendants in the Class Action and of the additional claims described in paragraph 44 below, and subject to the terms and conditions of the Settlement, which is on file with the Court and available for inspection, the Settling Defendants have paid or will pay $56,075,000 in cash into an escrow account as follows:

(a)    Settling Defendant Dammeyer paid $950,000 into escrow on August 21, 2008.

(b)    Settling Defendants Moores, Noell, van den Berg, Hosley, and Cole paid $5,000,000 into escrow on October 10, 2008, paid $22,500,000 into escrow on January 5, 2009, and will pay $27,500,000 into escrow on or before October 31, 2009.  The October 31, 2009 payment obligation is reflected in a promissory note from defendant John J. Moores and Rebecca Ann Moores jointly as individuals and as Trustees of the John and Rebecca Ann Moores Family Trust, which may be prepaid at any time and will be secured by the security and agreements set forth in paragraph 7(a)(4)(D) of the Stipulation and Agreement of Settlement.  Simple interest shall accrue on the outstanding balance starting November 3, 2008.  From November 3, 2008 through March 31, 2009, the rate of interest shall be the six-month Treasury bill rate in effect on November 3, 2008; beginning March 31, 2009, the rate of interest shall be four percent (4%) per annum.

(c)    Settling Defendant Luddy will pay One Hundred Thousand Dollars ($100,000) into an agreed upon escrow account, half of such amount within ten (10) days of entry of an order granting preliminary approval of the Officer Settling Defendants' settlement and the other half five days before the final approval hearing.

(d)     Settling Defendant Nelson will pay Twenty-Five Thousand Dollars ($25,000) into an agreed upon escrow account within ten (10) days of entry of an order granting preliminary approval of the Officer Settling Defendants' settlement.

(e)     Settling Defendants Gardner and Gless will not be required to pay any cash in light of their current financial condition.  In January 2009, Gardner filed for bankruptcy protection.  Gardner previously forfeited to the United States government certain assets pursuant to his guilty plea in the criminal case captioned *United States v. Gardner, et al.*, Criminal Case No. 04CR2605W (S.D. Cal.).  These assets consist of approximately $1,354,684.44 in cash and three parcels of real property located in Maine.  It is anticipated that some amount of these previously-forfeited assets will be distributed to the Authorized Claimants in accordance with the Plan of Allocation.  Such distribution will need to be approved at a later date by the U.S. Department of Justice and the federal district court overseeing Gardner's criminal case.  No attorneys' fees will be claimed on any amounts so distributed.  As to Gless, he has provided Lead Counsel with a financial statement showing essentially no assets.  Settling Defendants Gardner and Gless will also be required, consistent with their rights in connection with the criminal cases pending against them and to the extent their respective criminal counsel indicates it is advisable, to cooperate with Lead Counsel in pursuing any remaining claims.  Such cooperation may include providing relevant documents in their possession, custody and control, as well as interviews and testimony upon request from Lead Counsel.

In addition to resolving the claims against the Settling Defendants in the Class Action, the Settlement will, if finally approved, also release the claims brought against the Settling Defendants and certain Additional Released Parties in the PLT Action.  Such actions would

resolve claims that Lead Plaintiffs asserted against Peregrine in Peregrine's bankruptcy case on behalf of the Settlement Class members.

42.     The Settling Defendants deny the wrongdoing alleged, or that could have been alleged in both the Class Action and the PLT Action.  The Settlement shall not be construed as evidence or an admission by the Settling Defendants regarding any claim, fault, liability, wrongdoing, or damage, or of any infirmity in the defenses that the Settling Defendants have asserted.

43.     If the Settlement is approved by the Court, all claims which have or could have been asserted in the Actions against the Settling Defendants or the Additional Released Parties will be released and dismissed on the merits, with prejudice, as to all Settlement Class members. All Persons, except Excluded Settlement Class Members, will be forever barred from prosecuting the Actions, or any other action raising any Settled Claims against the Settling Defendants or the Additional Released Parties.

44.     The Settlement will become effective once, among other things, a final judgment is entered in the Class Action approving the Settlement, the PLT Action is dismissed with prejudice, and neither order is subject to appeal and the entire settlement amount has been deposited into escrow account by the Settling Defendants.

X.     **NOTICE OF SETTLEMENT FAIRNESS HEARING**

45.     NOTICE IS HEREBY GIVEN, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court dated _July 10_ , 2009, that a hearing will be held before the Honorable Roger T. Benitez, in the United States Courthouse, 880 Front Street, Fourth Floor, Courtroom 3, San Diego, CA 92101-8900, at _10:00_ on _Oct 16_ , 2009 (the "Settlement Fairness Hearing") to determine whether the Settlement is fair, reasonable and

adequate, and to consider the application of Lead Counsel for an award of attorneys' fees and reimbursement of expenses.

46. The Court, by its Order Preliminarily Approving Settlements and Providing for Notice, dated _____, 2009, has, for settlement purposes, certified (a) a Settlement Class consisting of all persons who purchased Peregrine securities during the period from July 22, 1999 through May 3, 2002, inclusive; (b) a subclass consisting of all persons who held shares of Harbinger stock and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Harbinger on or about June 16, 2000; and (c) a subclass consisting of all persons who held shares of Remedy stock and who acquired Peregrine registered common stock in connection with Peregrine's acquisition of Remedy on or about August 27, 2001. Excluded from the Settlement Class are: (i) all defendants in the Class Action; (ii) all members of the immediate families (parents, spouses, siblings and children) of such defendants; (iii) the Additional Released Parties; (iv) any entity affiliated with any defendant in the Class Action or with any member of the immediate family of such defendant, including without limitation any entity in which any such defendant or any member of the immediate family of such defendant has a controlling interest; (v) the officers, directors, parents, subsidiaries and affiliates of Peregrine; (vi) the legal representatives, heirs, successors in interest and assigns of any of the foregoing; and (vii) with respect to the Settling Defendants, any Person who has previously released them from claims relating to Peregrine.

## XI.    DISTRIBUTION OF SETTLEMENT PROCEEDS

47. In addition to the $56,075,000 total settlement consideration, an additional amount of approximately $5,000,000, which is being held by the Peregrine Litigation Trust, together with the interest earned thereon, less all taxes, approved costs, fees and expenses shall

be distributed to members of the Settlement Class and Subclasses who previously filed acceptable Proofs of Claim ("Authorized Claimants") pursuant to the Notice dated July 31, 2006. The Proof of Claim forms previously submitted by Settlement Class Members have been processed by the Claims Administrator and will be used to determine the amount of each Authorized Claimant's recovery.  The Allowed Losses previously calculated by the Claims Administrator will be used to determine each Authorized Claimant's *pro rata* share of the money recovered.  If you did not previously file a Proof of Claim and wish to do so at this time, you may download the form at www.gilardi.com.  Any such newly filed Proofs of Claim must be submitted by no later than [55 days after date of Preliminary Approval Order].

48.     Each Authorized Claimant shall receive, on a pro rata basis, that share of the Settlement Fund that the Authorized Claimant's "Recognized Loss" bears to the total Recognized Losses of all Authorized Claimants as calculated pursuant to the Plan of Allocation of Settlement Proceeds previously approved by the Court on November 15, 2006.

49.     Checks will be issued to Authorized Claimants as soon as possible after the Court has finally approved the Settlement.  It is possible that there will be two separate distributions in light of the staggered dates of the Settlement payments.

## XII.   THE RIGHTS OF SETTLEMENT CLASS MEMBERS

50.     The Court has certified a Settlement Class allowing the Settlement to proceed for the benefit of the members of the Settlement Class.  If you purchased Peregrine securities and/or received them in an exchange for Harbinger or Remedy shares during the period from July 22, 1999 through May 3, 2002, inclusive, then you are a Settlement Class Member.  However, if you previously released claims against any of the Settling Defendants relating to Peregrine, you are

not entitled to any share of the settlement proceeds paid by them.  Settlement Class Members have the following options pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure:

(a)     If you wish to remain a member of the Settlement Class, you do not have to do anything at this time.  Settlement Class Members will be represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file an appearance on your behalf on or before [55 days after date of Preliminary Approval Order], and must serve copies of such appearance on the attorneys listed in paragraph 55 below.

(b)     If you do not wish to remain a member of the Settlement Class, you may exclude yourself from the Settlement Class by following the instructions in paragraph 53 below.  Persons who exclude themselves from the Settlement Class will NOT be entitled to receive any share of the Settlement proceeds and will not be bound by the Settlement.

(c)     If you object to the Settlement, or to Lead Counsel's application for fees or expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in paragraph 55 below.

51.     IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU DO NOT PROPERLY EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS, YOU WILL BE BOUND BY THE SETTLEMENT, INCLUDING RELEASES, AND THE FINAL JUDGMENT OF THE COURT DISMISSING THIS ACTION AGAINST THE SETTLING DEFENDANTS.  IF YOU EXCLUDE YOURSELF, YOU WILL NOT BE BOUND BY THE JUDGMENT BUT YOU WILL NOT BE ENTITLED TO ANY SHARE OF THE NET SETTLEMENT FUND.

## XIII.   **EXCLUSION FROM THE SETTLEMENT**

52.     Each Member of the Settlement Class shall be bound by all determinations and

judgments in this Class Action concerning the Settlement, whether favorable or unfavorable,

unless such Person shall mail, by first class mail, a written request for exclusion from the

Settlement Class, postmarked no later than [55 days after date of Preliminary Approval Order],

addressed to *In re Peregrine Systems, Inc. Securities Litigation Exclusions*, c/o Gilardi & Co.

LLC, Claims Administrator, Post Office Box 8040, San Rafael, CA 94912-8040.  No Person

may be excluded from the Settlement Class after that date.  In order to be valid, each such

request for exclusion must set forth the name and address of the Person requesting exclusion,

must state that such Person "requests exclusion from the Settlement Class in *In re Peregrine

Systems, Inc. Securities Litigation*," and must be signed by such Person.  Persons requesting

exclusion must also provide: (1) for every purchase or acquisition of Peregrine stock during the

Class Period, the date of the purchase or acquisition, the purchase or acquisition price, and the

number of shares purchased or acquired; and (2) for every sale of Peregrine stock during the

Class Period, the date of the sale, the sale price, and the number of shares sold.  Persons

requesting exclusion should indicate whether any or all of their Peregrine shares were acquired in

connection with the Harbinger or Remedy mergers.  Persons requesting exclusion are also

requested to provide a telephone number.  The request for exclusion shall not be effective unless

it provides the required information and is made within the time stated above, or the exclusion is

otherwise accepted by the Court.

## XIV.   **RIGHTS IN CONNECTION WITH SETTLEMENT FAIRNESS HEARING**

53.     At the Settlement Fairness Hearing, the Court will determine whether finally to

approve the Settlement and to dismiss the Class Action and the claims of the Settlement Class

Members as against the Settling Defendants only, including a release of all claims in the PLT

Action.  If the Settlement is approved, an additional hearing will be held to determine whether

the application of Lead Counsel for attorneys' fees and expenses shall be approved.  These

hearings may be adjourned from time to time by the Court without further written notice to the

Settlement Class Members.

54.     At the Settlement Fairness Hearing, any Settlement Class Member who has not

properly submitted a Request for Exclusion from the Settlement Class may appear in person or

by counsel and be heard to the extent allowed by the Court in opposition to the fairness,

reasonableness and adequacy of the Settlement or the application for attorneys' fees and

reimbursement of expenses; provided, however, that in no event shall any person be heard in

opposition thereto and in no event shall any paper or brief submitted by any such person be

accepted or considered by the Court, unless, on or before [55 days after date of Preliminary

Approval Order], such person (a) files with the Clerk of the Court notice of such person's

intention to appear, showing proof of such person's membership in the Settlement Class, and

providing a statement that indicates the basis for such opposition, along with any documentation

in support of such objection, and (b) simultaneously serves copies of such notice, proof,

statement and documentation, together with copies of any other papers or briefs such person files

with the Court, in person or by mail upon each of the following: Solomon B. Cera, Esq., Gold

Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA 94105-2835;
AND LEAD COUNSEL SHALL NOTIFY ALL OTHER INTERESTED COUNSEL.
Howard T. Longman, Esq., Stull Stull & Brody, 6 East 45th Street, New York, NY 10017, and
Lawrence D. Levit, Esq., Abraham Fruchter & Twersky LLP, One Penn Plaza, Suite 2805, New
York, NY 10119-0165, on behalf of Lead Plaintiffs; and Harry A. Olivar, Jr., Esq., Quinn
Emanuel Urquhart Oliver & Hedges, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles,

~~California 90017, on behalf of Defendants John J. Moores and JMI Services, Inc.; Robin C.~~ Gibbs, Esq., Gibbs & Bruns LLP, 1100 Louisiana, Suite 5300, Houston, TX 77002, on behalf of Defendants Charles E. Noell III, Richard A. Hosley II, and Norris van den Berg; Leighton M. Anderson, Esq., Bewley, Lassleben & Miller, LLP, 13215 East Penn Street, Suite 510, Whittier, CA 90602-1797, on behalf of Defendant Christopher A. Cole; Phillip L. Stern, Esq., Neil, Gerber & Eisenberg LLP, 2 North LaSalle Street, 22nd Floor, Chicago, IL 60602, on behalf of Defendant Rodney F. Dammeyer; Christopher H. McGrath, Esq., Paul Hastings Janofsky & Walker, LLP, 4747 Executive Drive, 12th Floor, San Diego, CA 92121, on behalf of Defendant Frederic B. Luddy; Christian D. Humphreys, Esq., McKenna Long & Aldridge, LLP, Symphony Towers, 750 B Street, Suite 3300, San Diego, CA 92101-8105, on behalf of Defendant Richard T. Nelson; Caroline McIntyre, Esq., Bergeson, LLP, 303 Almaden Blvd, Suite 500, San Jose, CA 95110-2712, on behalf of Defendant Stephen P. Gardner; and Thomas L. Vance, Esq., Vance & Blair, LLP, 853 Camino Del Mar, Suite 202, Del Mar, CA 92014, on behalf of Defendant ~~Matthew C. Gless.~~

## XV.    **FURTHER INFORMATION**

55.    For a more detailed statement of the matters involved in this Class Action, reference is made to the pleadings, to the Stipulations of Settlement, to the Orders entered by the Court and to the other papers filed in the Class Action, which may be inspected at the Office of the Clerk of the Court, United States District Court, Southern District of California, 880 Front Street, Suite 4290, San Diego, CA 92101-8900, during regular business hours.

56.    Further information regarding the Settlement referred to in this Notice may also be obtained by contacting Lead Counsel: Solomon B. Cera, Esq., Gold Bennett Cera & Sidener LLP, 595 Market Street, Suite 2300, San Francisco, CA 94105, (415) 777-2230; Howard T.

Longman, Esq., Stull Stull & Brody, 6 East 45th Street, New York, NY 10017, (212) 687-7230;

and Lawrence D. Levit, Esq., Abraham Fruchter & Twersky LLP, One Penn Plaza, Suite 2805,

New York, NY 10119-0165, (212) 279-5050.

## XVI.   SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

56.     If you purchased or acquired securities of Peregrine Systems, Inc. during the

period from July 22, 1999 through May 3, 2002, inclusive for the beneficial interest of a person

or organization other than yourself, the Court has directed that, within seven days of your receipt

of this Notice, you either (a) provide to the Claims Administrator the name and last known

address of each person or organization for whom or which you purchased or acquired such

Peregrine securities during such time period or (b) request additional copies of this Notice, which

will be provided to you free of charge, and within seven days mail the Notice directly to the

beneficial owners of Peregrine securities.  If you choose to follow alternative procedure (b), the

Court has directed that, upon such mailing, you send a statement to the Claims Administrator

confirming that the mailing was made as directed.  You are entitled to reimbursement from the

Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing,

including reimbursement of postage expense and the cost of ascertaining the names and

addresses of beneficial owners.  Those expenses will be paid upon request and submission of

appropriate supporting documentation.  All communications concerning the foregoing should be

addressed to the Claims Administrator:

> *In re Peregrine Systems, Inc. Securities Litigation*
> c/o Gilardi & Co. LLC
> P.O. Box 8040
> San Rafael, CA 94912-8040
> (800) 654-5763
> www.gilardi.com

DO NOT CONTACT THE COURT.

Dated: February __, 2009

<u>By Order of the Court</u>
Clerk of the Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

IN RE PEREGRINE SYSTEMS, INC.
SECURITIES LITIGATION

Case No. 02-CV-0870-BEN (RBB)

This Document Relates to:
ALL ACTIONS

**SECOND SUMMARY NOTICE OF PENDENCY OF**
**CLASS ACTION AND HEARING ON PROPOSED SETTLEMENTS**

TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED SECURITIES OF
       PEREGRINE SYSTEMS, INC. FROM JULY 22, 1999 THROUGH MAY 3, 2002,
       INCLUSIVE, INCLUDING ALL PERSONS WHO OWNED SHARES OF
       HARBINGER CORP. OR REMEDY CORP. STOCK AND EXCHANGED THOSE
       SHARES FOR PEREGRINE SHARES (THE "CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil

Procedure and an Order of the Court dated July 10, 2009, that the above-captioned action has

been certified as a class action for settlement purposes and that additional settlements of

$56,075,000 have been proposed with regard to defendants John J. Moores, Charles E. Noell III,

Norris van den Berg, Richard A. Hosley II, Christopher A. Cole, Rodney F. Dammeyer, Stephen

P. Gardner, Matthew C. Gless, Frederic B. Luddy, and Richard T. Nelson. A hearing will be held

before the Honorable Roger T. Benitez, in the United States District Court for the Southern

District of California, 880 Front Street, Courtroom 3, 4th Floor, San Diego, California 92101-

8900, at 11:00, on Oct 16, 2009 to determine whether the proposed settlements should be

approved by the Court as fair, reasonable, and adequate and to consider the application of

Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses. In addition to settling the

above-captioned action, the proposed Settlements will release all claims that have been, or could

have been, brought against the Settling Defendants and Additional Released Parties in *Peregrine*

*Litigation Trust v. Moores*, San Diego Superior Court, Case No. GIC 788659, which is currently

on appeal in the California Court of Appeal.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS

WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT

FUNDS.  If you have not yet received the full printed Second Notice of Pendency of Class

Action and Hearing on Additional Proposed Partial Settlements (the "Notice"), you may obtain a

copy by identifying yourself as a member of the Settlement Class and by calling or writing to:

> *In re Peregrine Systems, Inc. Securities Litigation*
> c/o Gilardi & Co. LLC
> Claims Administrator
> P.O. Box 8040
> San Rafael, California 94912-8040
> (800) 654-5763
> www.gilardi.com

Inquiries, other than requests for the Notice, may be made to Lead Plaintiff's Counsel:

> Solomon B. Cera, Esq.
> Gold Bennett Cera & Sidener LLP
> 595 Market Street, Suite 2300
> San Francisco, California 94105

> Howard T. Longman, Esq.
> Stull Stull & Brody
> 6 East 45th Street
> New York, New York 10017

> Lawrence D. Levit, Esq.
> Abraham Fruchter & Twersky LLP
> One Penn Plaza, Suite 2805
> New York, New York 10119-0165

The recovery of each Settlement Class member will be based on the Allowed Loss

determined from the Proof of Claim forms previously submitted to the Claims Administrator.  To

exclude yourself from the Settlement Class you must submit a request for exclusion, postmarked

#119554

-2-

no later than [55 dates after date of Preliminary Approval Order], setting forth certain

information ordered by the Court and described in the Notice.  If you are a Settlement Class

member and do not exclude yourself you will be bound by the final orders and judgments of the

Court.

PLEASE DO NOT CONTACT THE COURT.

By Order of The Court