FILED
2009 NOV -3 PM 2:
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEP

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PEREGRINE SYSTEMS, INC. SECURITIES LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS. | Master File No. 02-CV-0870-BEN (RBB)<br><br><u>CLASS ACTION</u><br><br>**FINAL ORDER AND JUDGMENT DISMISSING ACTION AGAINST DEFENDANTS STEPHEN P. GARDNER, MATTHEW C. GLESS, FREDERIC B. LUDDY, AND RICHARD T. NELSON, CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS**<br><br>Judge: Honorable Roger T. Benitez |

By Stipulation and Agreement of Settlement dated as of December 22, 2008 (the "Stipulation"), Lead Plaintiffs and defendants Stephen P. Gardner, Matthew C. Gless, Frederic B. Luddy, and Richard T. Nelson (the "Settling Defendants") have entered into a settlement of this Class Action. By Order dated July 13, 2009 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified, for settlement purposes only, the Settlement Class identified in the Stipulation; and (c) provided for notice to be disseminated to the Settlement Class members. On October 16, 2009, this Court held a final hearing to consider whether to approve the Settlement under the provisions of Rule 23 of the Federal Rules of Civil Procedure. Due and adequate notice of the hearing was given to Settlement Class members and all parties in the Class Action. The Court has considered the Stipulation, all papers filed and proceedings had herein, and all oral and written comments received regarding the Settlement, and has reviewed the entire record in the Class Action.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. **Definitions.** For purposes of this Judgment, the Court adopts all defined terms set forth in the Stipulation.

2. **Jurisdiction.** The Court has jurisdiction over the subject matter of the Class Action, Lead Plaintiffs, and the Settling Defendants.

3. **Requirements of Class Action Satisfied.** With respect to the Settlement Class, the Court finds and concludes that: (a) the Settlement Class members are so numerous that joinder of all Settlement Class members in the Class Action is impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Plaintiffs' Counsel have, at all times, fairly and adequately represented and protected the interests of the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class

Case 3:02-cv-00870-BEN-RBB   Document 842   Filed 11/03/09   Page 3 of 10

members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Class Action.

4. **Adequacy of Notice.** The Court finds that the distribution of the Second Notice of Pendency of Class Action and Hearing on Additional Proposed Partial Settlements and the publication of the summary notice (as provided for in the Preliminary Approval Order) constituted the best notice practicable under the circumstances to apprise the Settlement Class members of the terms of the proposed Settlement and their rights. Settlement Class members were given an opportunity to present their objections, if any, to the Stipulation. The Court finds that the provision of notice to Settlement Class members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any other applicable law.

5. **Requests for Exclusion from Settlement.** The Court finds that all Settlement Class members have been provided with an adequate opportunity to exclude themselves from the Settlement Class by requesting exclusion though the procedures set forth in the Notice. The Court further finds that the persons identified in Exhibit 1 hereto ("Excluded Settlement Class Members"), and no other persons or entities, have submitted a valid Request for Exclusion as defined in the Stipulation.

6. **Approval of Settlement.** The Court approves the Settlement, including the releases, the amount of the settlement consideration, and all other Settlement terms as fair, just, reasonable, and adequate to all of the Settlement Class members within the meaning of Rule 23 of the Federal Rules of Civil Procedure. Lead Plaintiffs and the Settling Defendants are directed to exercise their best efforts to consummate the Settlement as set forth in the Stipulation.

7. **Dismissal of Class Action Against Certain Defendants and Injunction Against Further Prosecution of Released Claims.** The Class Action and all claims contained therein, and all other Released Claims are dismissed with prejudice in favor of the Settling Defendants and against Lead Plaintiffs and all other Settlement Class members, except Excluded Settlement Class Members. In accordance with Section 4(f) of the Private Securities Litigation Reform Act of

1995, 15 U.S.C. § 78u-4(f)(7)(A), all claims for contribution against the Settling Defendants are barred, extinguished, discharged and satisfied as a matter of law. All persons are permanently barred, enjoined, and restrained from commencing, prosecuting or asserting any claim against the Settling Defendants, however styled, whether legal or equitable, whether arising under state, federal or common law, whether for indemnification, contribution or otherwise denominated, where the claim is based upon, arises out of or relates to the facts underlying the claims in the Class Action including, without limitation, any claim in which a Non-Settling Defendant seeks to recover from the Settling Defendants (1) any amounts a Non-Settling Defendant has paid, becomes liable to pay or may become liable to pay (whether in cash or other form of consideration) in the Class Action, and (2) any costs, fees, expenses or attorneys' fees that a Non-Settling Defendant incurred or may incur in the Class Action. This bar extends to the Settling Defendants' attorneys, agents, insurers, trusts, trustees, estates, employers, employee benefit plans, representatives, heirs, marital community and assigns. Nothing in this paragraph shall be construed to divest any Non-Settling Defendant of the right to obtain an appropriate judgment reduction or settlement credit available to such Non-Settling Defendant under any applicable statutory or common law rule.

        8.     **Release by Lead Plaintiffs and Settlement Class Members.** Upon the Effective Date, Lead Plaintiffs fully, finally, and forever release, relinquish and discharge, and each Settlement Class member (except Excluded Settlement Class Members) shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged, each of the Settling Defendants from any and all Released Claims.

        9.     **Further Releases by Recipients of Settlement Fund.** Only those Settlement Class members that file valid and timely Proofs of Claim and Release in the form prescribed by the Court shall be entitled to receive any distribution from the Settlement Fund, except as may be otherwise ordered by the Court. All Settlement Class members (except Excluded Settlement Class Members) shall, upon entry of this Judgment, be bound by the releases set forth in this Judgment whether or not they executed and submitted a valid and timely Proof of Claim and Release form or receive a distribution of the Settlement Fund.

10. **Release by the Settling Defendants.** Upon the Effective Date, the Settling Defendants fully, finally, and forever release, relinquish and discharge each of the Lead Plaintiffs and Settlement Class members from any and all claims that the Settling Defendants may have, or may have had, regarding the commencement, prosecution, assertion, or resolution of the Class Action or the Released Claims including, without limitation, any claims for violation of Rule 11 of the Federal Rules of Civil Procedure. Notwithstanding the foregoing, the Released Claims do not include any claims for violation of the Stipulation.

11. **Release Includes Unknown Claims.** Upon entry of this Judgment, the Released Claims include all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, fixed or contingent, foreseen or unforeseen, against the Settling Defendants, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively or representatively or in any other capacity, in connection with, based upon, arising out of, or relating to any claim that has been or could have been raised in the Class Action or the acts, facts or events alleged in the Class Action. Released Claims also specifically includes claims which the Plaintiffs do not know or suspect to exist in their favor at the time of the Stipulation which, if known by them, might affect the Settlement and the releases in the Stipulation, or might affect their decision not to object to, or opt out of, the Settlement. With respect to any and all claims released, the Parties agree that, upon the Effective Date, Plaintiffs expressly waive and relinquish, shall be deemed to have, and by operation of this Final Order and Judgment shall have, expressly waived and relinquished, and the Settling Defendants expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Additionally, the parties waive, upon the Effective Date and by operation of this Final Order and Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of the United States or of any state or territory of the United States or of any other country, whether statutory, code or common law, which are similar, comparable or equivalent to § 1542 of the California Civil Code. The Parties may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the claims released, but hereby stipulate and agree that they do settle and release, and shall be deemed to have, and upon the Effective Date and by operation of this Final Order and Judgment shall have, settled and released all claims described in the Stipulation, whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, without regard to the subsequent discovery or existence of such different or additional facts. The Parties acknowledge that the foregoing waiver was bargained for and is a material term and condition of the Settlement.

12. **Injunction Barring Claims by the Settling Defendants for Indemnification or Contribution.** Each of the Settling Defendants is permanently barred and enjoined from instituting or prosecuting against any person or entity in any court, state or federal, or any other tribunal, any claim, however styled, whether denominated as a claim for indemnification or contribution or otherwise denominated, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state law or federal law, by which said Settling Defendant seeks to recover from any other person or entity any portion of: (a) any amounts that said Settling Defendant has paid, or in the future pays, or has become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in connection with the Class Action; and/or (b) any costs, expenses, or attorneys' fees that the Settling Defendants has incurred or may incur in defending the Class Action. All such claims shall be extinguished, discharged, satisfied and unenforceable. Nothing in this paragraph shall bar or enjoin any of the Settling Defendants from pursuing claims against any insurance companies.

13. **Injunction Barring Claims Against the Settling Defendants for Indemnification or Contribution.** To the extent permitted by law, all persons or entities are permanently barred and enjoined from instituting or prosecuting against any Settling Defendant in any court, state or federal, or any other tribunal, any claim, however styled, whether denominated as a claim for indemnification or contribution or otherwise denominated, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state law or federal law, by which such person or entity seeks to recover from any Settling Defendant any portion of: (a) any amounts that such person or entity has paid, or in the future pays, or has become liable to pay, or may become liable to pay (whether in cash or any other form of consideration) in connection with the Class Action; and/or (b) any costs, expenses, or attorneys' fees that such person or entity has incurred or may incur in defending the Class Action. All such claims shall be extinguished, discharged, satisfied and unenforceable.

14. **Reduction of Judgments against Persons Whose Claims for Indemnification or Contribution against the Settling Defendants Are Barred.** In view of the settlement made by the Settling Defendants, all of whom are deemed to be covered persons who entered into a settlement with Lead Plaintiffs within the meaning of 15 U.S.C. § 78u-4(f)(7)(B), any person or entity against whom a final judgment is hereafter obtained, either in the Class Action or in any other action or proceeding by or on behalf of any Settlement Class member (except an Excluded Settlement Class Member) based upon any claim asserted in the Class Action, shall be entitled in said action or proceeding to a reduction in the amount of said judgment in accordance with, or to have the amount of damages in said judgment calculated by reference to, all applicable provisions of federal statutory and common law relating to the proper amounts of judgments or damages following a settlement between a plaintiff and less than all of the parties legally liable for plaintiff's injury, including without limitation the provisions of 15 U.S.C. § 78u-4(f)(7)(B).

15. **No Admission or Evidence.** Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to, or in connection with, the Stipulation or the Settlement: (a) is, or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any Settled Claim or of any wrongdoing or liability by the Settling Defendants; (b) is,

or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of the Settling Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) shall be offered in evidence by any person or entity for any purpose except to enforce the Stipulation. Any Settling Defendant may file the Stipulation and/or this Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, bar order, or judgment reduction or credit, or in support of any theory of claim preclusion or issue preclusion or similar defense or counterclaim. Lead Plaintiffs, other Settlement Class members, the Settling Defendants and their respective counsel, may file the Stipulation in any proceeding brought to enforce any of its terms or provisions.

16. **Pleadings in Good Faith.** The Court finds that all pleadings and other court papers filed by Lead Plaintiffs against the Settling Defendants, and all pleadings and other court papers filed by the Settling Defendants against Lead Plaintiffs, were filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure, Section 27(c) of the Securities Act, and Section 21D(c) of the Exchange Act.

17. **Bear Own Costs.** Lead Plaintiffs and the Settling Defendants are to bear their own costs, except as otherwise provided in the Stipulation.

18. **Effectiveness of Judgment Not Dependent on Certain Other Rulings.** The effectiveness of this Judgment shall not be affected, in any manner, by rulings that the Court may make concerning the Plan of Allocation of Settlement Proceeds and/or Plaintiffs' Counsel's application for an award of attorneys' fees or reimbursement of expenses.

19. **Reversal on Appeal.** In the event that this Judgment is subsequently vacated, modified, or reversed on appeal, or in the event the PLT Action is not dismissed pursuant to paragraph 7(b) above, this Judgment and any order entered by the Court in accordance with the terms of the Stipulation, including without limitation any order based upon the stipulated certification of the Settlement Class, shall be vacated, *nunc pro tunc*; Lead Plaintiffs and the Settling Defendants shall be restored to their respective positions in the Class Action as of December 22, 2008; the Settlement funds shall be returned to the Settling Defendants as provided

for in the Stipulation; and the Class Action shall proceed as though no class had ever been certified.

20.  **Entry of Separate Judgment.** The Court finds that this Judgment comes within the provisions of Rule 54(b) of the Federal Rules of Civil Procedure and finds that there is no just reason for delay in entering this Judgment. This Judgment disposes of all claims against the Settling Defendants, which claims are legally and factually severable from the claims remaining in the Class Action. Any appellate review of this Judgment will not require the appellate court to address issues similar to those contained in claims still pending before this Court. Pursuant to Rule 54(b), the Court directs that this Judgment be entered forthwith in the Class Action as a separate, final judgment in the Class Action.

21.  **Reservation of Jurisdiction.** The Court reserves exclusive and continuing jurisdiction over the Class Action, Lead Plaintiffs, and the Settlement Class members for purposes of supervising the administration and distribution of the Settlement Fund and any other related matters.

22.  **Captions.** The captions in the paragraphs of this Judgment are for convenience only and are not to be used for construction of the meaning of the respective paragraphs.

**IT IS SO ORDERED.**

Dated: Nov. 3, 2009

The Honorable Roger T. Benitez
United States District Judge

FINAL ORDER AND JUDGMENT DISMISSING DEFENDANTS GARDNER, GLESS, LUDDY, AND NELSON, CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS
Case No. 02-CV-0870-BEN (RBB)                                                                          -8-

# EXHIBIT 1

## EXCLUDED SETTLEMENT CLASS MEMBERS

David Hildes

David Hildes, Trustee of David & Kathleen Hildes 1999 Charitable Remainder Unitrust

Phyllis D. Paetzmann

Nicholas and Maddalena Guerrera

Peter Krämer

Gerard C. and Philomena M. Mehr

Stephen Knopp