FILED

2009 NOV -3 PM 2:09

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PEREGRINE SYSTEMS, INC. SECURITIES LITIGATION | Master File No. 02-CV-0870-BEN (RBB) |
| | CLASS ACTION |
| | **FINAL ORDER AND JUDGMENT DISMISSING ACTION AGAINST DEFENDANTS JOHN J. MOORES, CHARLES A. NOELL III, NORRIS VAN DEN BERG, RICHARD A. HOSLEY II, CHRISTOPHER A. COLE, AND RODNEY F. DAMMEYER, CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS** |
| This Document Relates to:   ALL ACTIONS. | Judge: Honorable Roger T. Benitez |

1        By Stipulation and Agreement of Settlement dated as of August 9, 2008 (the

2   "Stipulation"), Lead Plaintiffs and defendants John J. Moores, Charles E. Noell III, Norris van den

3   Berg, Richard A. Hosley II, Christopher A. Cole, and Rodney F. Dammeyer (the "Settling

4   Defendants") have entered into a settlement of this Class Action.  By Order dated July 13, 2009

5   (the "Preliminary Approval Order"), this Court:  (a) preliminarily approved the Settlement;

6   (b) certified, for settlement purposes only, the Settlement Class identified in the Stipulation; and

7   (c) provided for notice to be disseminated to the Settlement Class members.  On October 16, 2009,

8   this Court held a final hearing to consider whether to approve the Settlement under the provisions

9   of Rule 23 of the Federal Rules of Civil Procedure.  Due and adequate notice of the hearing was

10  given to Settlement Class members and all parties in the Class Action.  The Court has considered

11  the Stipulation, all papers filed and proceedings had herein, and all oral and written comments

12  received regarding the Settlement, and has reviewed the entire record in the Class Action.

13       NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED,

14  ADJUDGED AND DECREED that:

15       1.     **Definitions.**  For purposes of this Judgment, the Court adopts all defined terms set

16  forth in the Stipulation.

17       2.     **Jurisdiction.**  The Court has jurisdiction over the subject matter of the Class

18  Action, Lead Plaintiffs, and the Settling Defendants.

19       3.     **Requirements of Class Action Satisfied.**  With respect to the Settlement Class,

20  the Court finds and concludes that: (a) the Settlement Class members are so numerous that joinder

21  of all Settlement Class members in the Class Action is impracticable; (b) questions of law and fact

22  common to the Settlement Class predominate over any individual questions; (c) the claims of Lead

23  Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Plaintiffs'

24  Counsel have, at all times, fairly and adequately represented and protected the interests of the

25  Settlement Class members; and (e) a class action is superior to other available methods for the fair

26  and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class

27  members in individually controlling the prosecution of the separate actions; (ii) the extent and

28  nature of any litigation concerning the controversy already commenced by Settlement Class

FINAL ORDER AND JUDGMENT DISMISSING ACTION AGAINST DEFENDANTS MOORES, NOELL, VAN DEN BERG, HOSLEY, COLE, AND DAMMEYER CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS - Case No. 02-CV-0870-BEN(RBB)

-1-

1  members; (iii) the desirability or undesirability of continuing the litigation of these claims in this

2  particular forum; and (iv) the difficulties likely to be encountered in the management of the Class

3  Action.

4        4.    **Adequacy of Notice.**  The Court finds that the distribution of the Second Notice of

5  Pendency of Class Action and Hearing on Additional Proposed Partial Settlement and the

6  publication of the summary notice (as provided for in the Preliminary Approval Order) constituted

7  the best notice practicable under the circumstances to apprise the Settlement Class members of the

8  terms of the proposed Settlement and their rights.  Settlement Class members were given an

9  opportunity to present their objections, if any, to the Stipulation.  The Court finds that the

10  provision of notice to Settlement Class members fully met the requirements of Rule 23 of the

11  Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any

12  other applicable law.

13        5.    **Requests for Exclusion from Settlement.**  The Court finds that all Settlement

14  Class members have been provided with an adequate opportunity to exclude themselves from the

15  Settlement Class by requesting exclusion though the procedures set forth in the Notice.  The Court

16  further finds that the persons identified in Exhibit 1 hereto ("Excluded Settlement Class

17  Members"), and no other persons or entities, have submitted a valid Request for Exclusion as

18  defined in the Stipulation.

19        6.    **Approval of Settlement.**  The Court approves the Settlement, including the

20  releases, the amount of the settlement consideration, and all other Settlement terms as fair, just,

21  reasonable, and adequate to all of the Settlement Class members within the meaning of Rule 23 of

22  the Federal Rules of Civil Procedure.  Lead Plaintiffs and the Settling Defendants are directed to

23  exercise their best efforts to consummate the Settlement as set forth in the Stipulation.

24        7.    **Dismissal of Class Action Against Certain Defendants and Injunction Against**

25  **Further Prosecution of Settled Claims.**

26        (a).    The Class Action and all claims contained therein, and all other Settled

27  Claims are dismissed with prejudice in favor of the Settling Defendants and against Lead Plaintiffs

28  and all other Settlement Class members, except Excluded Settlement Class Members.  In

FINAL ORDER AND JUDGMENT DISMISSING ACTION AGAINST DEFENDANTS MOORES, NOELL, VAN DEN BERG, HOSLEY, COLE, AND DAMMEYER CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS - Case No. 02-CV-0870-BEN(RBB)

-2-

1 | accordance with Section 4(f) of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §

2 | 78u-4(f)(7)(A), all claims for contribution against the Settling Defendants are barred,

3 | extinguished, discharged and satisfied as a matter of law.  All persons are permanently barred,

4 | enjoined, and restrained from commencing, prosecuting or asserting any claim against the Settling

5 | Defendants, however styled, whether legal or equitable, whether arising under state, federal or

6 | common law, whether for indemnification, contribution or otherwise denominated, where the

7 | claim is based upon, arises out of or relates to the facts underlying the claims in the Class Action

8 | including, without limitation, any claim in which a Non-Settling Defendant seeks to recover from

9 | the Settling Defendants (1) any amounts a Non-Settling Defendant has paid, becomes liable to pay

10 | or may become liable to pay (whether in cash or other form of consideration) in the Class Action,

11 | and (2) any costs, fees, expenses or attorneys' fees that a Non-Settling Defendant incurred or may

12 | incur in the Class Action.  This bar extends to the Settling Defendants' and the Additional

13 | Released Parties' attorneys, agents, insurers, trusts, trustees, estates, employers, employee benefit

14 | plans, representatives, heirs, marital community and assigns.  Nothing in this paragraph shall be

15 | construed to divest any Non-Settling Defendant of the right to obtain an appropriate judgment

16 | reduction or settlement credit available to such Non-Settling Defendant under any applicable

17 | statutory or common law rule.

18 |       (b).   The release and injunction described in paragraph 7(a) above is intended to

19 | release all claims in, and stop further prosecution of the appeal in, the action encaptioned

20 | *Peregrine Litigation Trust v. Moores, et al.*, San Diego County Superior Court, Case No. GIC

21 | 788659 ("the PLT Action").   If any court should construe the release and injunction described in

22 | paragraph 7(a) to permit the continued prosecution of the PLT Action, Lead Plaintiffs and the

23 | Class must (a) move the Court for a declaration that the Peregrine Litigation Trustee is currently

24 | Richard M. Kipperman, and (b) use best efforts to obtain the Trustee's release and dismissal of any

25 | Settled Claims brought by the Peregrine Litigation Trust against the Settling Defendants.

26 |       8.   **Release by Lead Plaintiffs and Settlement Class Members.**  Upon the Effective

27 | Date, Lead Plaintiffs fully, finally, and forever release, relinquish and discharge, and each

28 | Settlement Class member (except Excluded Settlement Class Members) shall be deemed to have,

FINAL ORDER AND JUDGMENT DISMISSING ACTION AGAINST DEFENDANTS MOORES, NOELL, VAN DEN BERG, HOSLEY, COLE, AND DAMMEYER CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS - Case No. 02-CV-0870-BEN(RBB)

-3-

1  and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and

2  discharged, each of the Settling Defendants and Additional Released Parties from any and all

3  Settled Claims.

4          9.      **Further Releases by Recipients of Settlement Fund.**  Only those Settlement

5  Class members that file valid and timely Proofs of Claim and Release in the form prescribed by

6  the Court shall be entitled to receive any distribution from the Settlement Fund, except as may be

7  otherwise ordered by the Court.  All Settlement Class members (except Excluded Settlement Class

8  Members) shall, upon entry of this Judgment, be bound by the releases set forth in this Judgment

9  whether or not they executed and submitted a valid and timely Proof of Claim and Release form or

10  receive a distribution of the Settlement Fund.

11          10.     **Release by the Settling Defendants.**  Upon the Effective Date, the Settling

12  Defendants fully, finally, and forever release, relinquish and discharge each of the Lead Plaintiffs

13  and Settlement Class members from any and all claims that the Settling Defendants and/or the

14  Additional Released Parties may have, or may have had, regarding the commencement,

15  prosecution, assertion, or resolution of the Class Action or the Settled Claims including, without

16  limitation, any claims for violation of Rule 11 of the Federal Rules of Civil Procedure.

17  Notwithstanding the foregoing, the Settled Claims do not include any claims for violation of the

18  Stipulation.

19          11.     **Release Includes Unknown Claims.**  Upon entry of this Judgment, the Settled

20  Claims include all claims, rights, demands, suits, matters, issues or causes of action, whether

21  known or unknown, fixed or contingent, foreseen or unforeseen, against the Settling Defendants

22  and the Additional Released Parties, whether under state or federal law, including the federal

23  securities laws, and whether directly, indirectly, derivatively or representatively or in any other

24  capacity, in connection with, based upon, arising out of, or relating to any claim that has been or

25  could have been raised in the Class Action or the acts, facts or events alleged in the Class Action.

26  Settled Claims also specifically includes claims which the Plaintiffs do not know or suspect to

27  exist in their favor at the time of the Stipulation which, if known by them, might affect the

28  Settlement and the releases in the Stipulation, or might affect their decision not to object to, or opt

out of, the Settlement.  With respect to any and all claims released, the Parties agree that, upon the

Effective Date, Plaintiffs expressly waive and relinquish, shall be deemed to have, and by

operation of this Order and Final Judgment shall have, expressly waived and relinquished, and the

Settling Defendants expressly waive and relinquish, to the fullest extent permitted by law, the

provisions, rights, and benefits of § 1542 of the California Civil Code, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.**

Additionally, the parties waive, upon the Effective Date and by operation of this Order and Final

Judgment shall have waived, any and all provisions, rights and benefits conferred by any law of

the United States or of any state or territory of the United States or of any other country, whether

statutory, code or common law, which are similar, comparable or equivalent to § 1542 of the

California Civil Code.  The Parties may hereafter discover facts in addition to or different from

those which they now know or believe to be true with respect to the subject matter of the claims

released, but hereby stipulate and agree that they do settle and release, and shall be deemed to

have, and upon the Effective Date and by operation of this Final Order and Judgment shall have,

settled and released all claims described in the Stipulation, whether known or unknown, suspected

or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now

exist, or heretofore have existed, upon any theory of law or equity now existing or coming into

existence in the future, without regard to the subsequent discovery or existence of such different or

additional facts.  The Parties acknowledge that the foregoing waiver was bargained for and is a

material term and condition of the Settlement.

12.    **Injunction Barring Claims by the Settling Defendants for Indemnification or
Contribution.**  Each of the Settling Defendants is permanently barred and enjoined from

instituting or prosecuting against any person or entity in any court, state or federal, or any other

tribunal, any claim, however styled, whether denominated as a claim for indemnification or

contribution or otherwise denominated, whether legal or equitable, known or unknown, foreseen

1   or unforeseen, matured or unmatured, accrued or unaccrued, whether arising under state law or

2   federal law, by which said Settling Defendant seeks to recover from any other person or entity any

3   portion of: (a) any amounts that said Settling Defendant has paid, or in the future pays, or has

4   become liable to pay, or may become liable to pay (whether in cash or any other form of

5   consideration) in connection with the Class Action; and/or (b) any costs, expenses, or attorneys'

6   fees that the Additional Released Party has incurred or may incur in defending the Class Action.

7   All such claims shall be extinguished, discharged, satisfied and unenforceable.  Nothing in this

8   paragraph shall bar or enjoin any of the Settling Defendants from pursuing claims against any

9   insurance companies.

10          13.     **Injunction Barring Claims Against the Settling Defendants for**

11   **Indemnification or Contribution.**  To the extent permitted by law, all persons or entities are

12   permanently barred and enjoined from instituting or prosecuting against any Settling Defendant or

13   Additional Released Parties in any court, state or federal, or any other tribunal, any claim,

14   however styled, whether denominated as a claim for indemnification or contribution or otherwise

15   denominated, whether legal or equitable, known or unknown, foreseen or unforeseen, matured or

16   unmatured, accrued or unaccrued, whether arising under state law or federal law, by which such

17   person or entity seeks to recover from any Settling Defendant or Additional Released Parties any

18   portion of:  (a) any amounts that such person or entity has paid, or in the future pays, or has

19   become liable to pay, or may become liable to pay (whether in cash or any other form of

20   consideration) in connection with the Class Action; and/or (b) any costs, expenses, or attorneys'

21   fees that such person or entity has incurred or may incur in defending the Class Action.  All such

22   claims shall be extinguished, discharged, satisfied and unenforceable.

23          14.     **Reduction of Judgments against Persons Whose Claims for Indemnification or**

24   **Contribution against the Settling Defendants Are Barred.**  In view of the Settlement Payment

25   made by the Settling Defendants on behalf of the Additional Released Parties, all of whom are

26   deemed to be covered persons who entered into a settlement with Lead Plaintiffs within the

27   meaning of 15 U.S.C. § 78u-4(f)(7)(B), any person or entity against whom a final judgment is

28   hereafter obtained, either in the Class Action or in any other action or proceeding by or on behalf

1  of any Settlement Class member (except an Excluded Settlement Class Member) based upon any

2  claim asserted in the Class Action, shall be entitled in said action or proceeding to a reduction in

3  the amount of said judgment in accordance with, or to have the amount of damages in said

4  judgment calculated by reference to, all applicable provisions of federal statutory and common law

5  relating to the proper amounts of judgments or damages following a settlement between a plaintiff

6  and less than all of the parties legally liable for plaintiff's injury, including without limitation the

7  provisions of 15 U.S.C. § 78u-4(f)(7)(B).

8        15.    **No Admission or Evidence.**  Neither the Stipulation nor the Settlement, nor any

9  act performed or document executed pursuant to, or in connection with, the Stipulation or the

10  Settlement:  (a) is, or may be deemed to be, or may be used as, an admission of, or evidence of, the

11  validity of any Settled Claim or of any wrongdoing or liability by the Settling Defendants; (b) is,

12  or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission

13  of the Settling Defendants in any civil, criminal or administrative proceeding in any court,

14  administrative agency or other tribunal; or (c) shall be offered in evidence by any person or entity

15  for any purpose except to enforce the Stipulation.  Any Settling Defendant and Additional

16  Released Parties may file the Stipulation and/or this Judgment in any other action that may be

17  brought against them in order to support a defense or counterclaim based on principles of res

18  judicata, collateral estoppel, release, good faith settlement, bar order, or judgment reduction or

19  credit, or in support of any theory of claim preclusion or issue preclusion or similar defense or

20  counterclaim.  Lead Plaintiffs, other Settlement Class members, the Settling Defendants, the

21  Additional Released Parties, and their respective counsel, may file the Stipulation in any

22  proceeding brought to enforce any of its terms or provisions.

23        16.    **Pleadings in Good Faith.**  The Court finds that all pleadings and other court

24  papers filed by Lead Plaintiffs against the Settling Defendants, and all pleadings and other court

25  papers filed by the Settling Defendants against Lead Plaintiffs, were filed on a good faith basis in

26  accordance with Rule 11 of the Federal Rules of Civil Procedure, Section 27(c) of the Securities

27  Act, and Section 21D(c) of the Exchange Act.

28

FINAL ORDER AND JUDGMENT DISMISSING ACTION AGAINST DEFENDANTS MOORES, NOELL, VAN DEN BERG, HOSLEY, COLE, AND DAMMEYER CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS - Case No. 02-CV-0870-BEN(RBB)

17. **Bear Own Costs.** Lead Plaintiffs and the Settling Defendants are to bear their own costs, except as otherwise provided in the Stipulation.

18. **Effectiveness of Judgment Not Dependent on Certain Other Rulings.** The effectiveness of this Judgment shall not be affected, in any manner, by rulings that the Court may make concerning the Plan of Allocation of Settlement Proceeds and/or Plaintiffs' Counsel's application for an award of attorneys' fees or reimbursement of expenses.

19. **Reversal on Appeal.** In the event that this Judgment is subsequently vacated, modified, or reversed on appeal, or in the event the PLT Action is not dismissed pursuant to paragraph 7(b) above, this Judgment and any order entered by the Court in accordance with the terms of the Stipulation, including without limitation any order based upon the stipulated certification of the Settlement Class, shall be vacated, *nunc pro tunc*; Lead Plaintiffs and the Settling Defendants shall be restored to their respective positions in the Class Action as of March 21, 2008; the Settlement fund shall be returned to the Settling Defendants as provided for in the Stipulation; and the Class Action shall proceed as though no class had ever been certified.

20. **Entry of Separate Judgment.** The Court finds that this Judgment comes within the provisions of Rule 54(b) of the Federal Rules of Civil Procedure and finds that there is no just reason for delay in entering this Judgment. This Judgment disposes of all claims against the Settling Defendants, which claims are legally and factually severable from the claims remaining in the Class Action. Any appellate review of this Judgment will not require the appellate court to address issues similar to those contained in claims still pending before this Court. Pursuant to Rule 54(b), the Court directs that this Judgment be entered forthwith in the Class Action as a separate, final judgment in the Class Action.

21. **Reservation of Jurisdiction.** The Court reserves exclusive and continuing jurisdiction over the Class Action, Lead Plaintiffs, and the Settlement Class members for purposes of supervising the administration and distribution of the Settlement Fund and any other related matters.

22. **Captions.** The captions in the paragraphs of this Judgment are for convenience only and are not to be used for construction of the meaning of the respective paragraphs.

1          23.     **Claims Administration and Distribution of Net Settlement Funds.**  The Court

2    hereby approves the administrative determinations of the Claims Administrator, Gilardi & Co.

3    LLC, regarding the Proofs of Claim submitted by Settlement Class Members.  Any Proof of Claim

4    received on or before December 31, 2009 shall be deemed timely.  Proofs of Claim received after

5    December 31, 2009 shall not be accepted for any reason.  Lead Plaintiffs' Counsel are directed to

6    oversee the distribution of the Net Settlement Fund to Authorized Claimants as soon as practicable

7    after all settlements have become final, without further order of the Court.  The Claims

8    Administrator may destroy paper copies of the Proofs of Claim one (1) year after distribution of

9    the Net Settlement Fund and may destroy electronic copies of claim records three (3) years after

10   such distribution.  Upon finality of the settlements, Gilardi & Co. shall be paid the sum of

11   $616,341 from the escrowed settlement funds for its services in connection with administering the

12   settlements.  Gilardi shall seek further court approval for any additional fees and costs incurred to

13   complete the administration and distribution of the Settlement Funds.

14

15   **IT IS SO ORDERED.**

16   Dated: November 2, 2009

17                             The Honorable Roger T. Benitez
                               United States District Judge

18

19

20

21

22

23

24

25

26

27

28

FINAL ORDER AND JUDGMENT DISMISSING ACTION AGAINST DEFENDANTS MOORES, NOELL, VAN DEN BERG, HOSLEY, COLE, AND DAMMEYER CONFIRMING RELEASES, AND BARRING CERTAIN CLAIMS - Case No. 02-CV-0870-BEN(RBB)

1

2

3                                 EXHIBIT 1

4                   EXCLUDED SETTLEMENT CLASS MEMBERS

5   David Hildes

6   David Hildes, Trustee of David & Kathleen Hildes 1999 Charitable Remainder Unitrust

7   Phyllis D. Paetzmann

8   Nicholas and Maddalena Guerrera

9   Peter Krämer

10  Gerard C. and Philomena M. Mehr

11  Stephen Knopp

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28